RECEIVED
SDNY PRO SE OFFICE
2019 APR 17  PM 1:45

Esther Solomon, Ph.D.
140 West 62nd Street
New York, NY 10023

April 17, 2019

Hon. Edgardo Ramos
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square, Courtroom 619
New York, NY 10007

Solomon v. Fordham Case No. 18-cv-04615 (ER)

Dear Judge Ramos,

Plaintiff pro se respectfully submits this response to defendant Fordham's Wednesday, April 10, 2019 letter and motion for a stay of discovery pending the motion to dismiss. The Court requested this response on Friday, April 12, 2019.

Since last week, the situation has changed. My pro bono discovery attorneys, Cravath, Swaine & Moore, suddenly announced on Friday afternoon, April 12, 2019 that they were ending their representation, without my consent. This occurred in the midst of escalating issues with defendants regarding discovery and while the case is at a critical juncture.

As the Court is aware, I will have my hands full with responding pro se to defendant's scheduled motion to dismiss. Although the Court indicated at the April 5, 2019 Hearing that discovery should continue during the motion to dismiss, under the new circumstances, I will have no choice but to consent to a delay of discovery until after the decision on the motion to dismiss. Fordham has already been notified of my agreement to stay the depositions.

This is contrary to the initial plan to continue discovery and to oppose Fordham's motion to stay discovery, which Fordham presented in a letter rather a request for a pre-motion hearing. I hope the Court understands that I cannot do both things alone. This is not to say that I believe their motion will be successful, but to the contrary. As documented in my March 29, 2019 Letter to the Court (Dkt 38), I believe my claims are fully supported by the law.

Discovery Issues - Personnel Files Not Produced
During the April 5, 2019 Hearing, I raised with the Court the fact that there are serious ongoing discovery issues. If I am alone, I will try to work with Fordham to resolve them. However, it appears to me that one discovery matter will need the Court's intervention: issuing subpoenas to get my personnel files at the University and those of comparators, necessary in this discrimination case.

1

On Thursday, April 11, 2019 Fordham disclosed for the first time that they had <u>not provided</u> my complete personnel file, a discovery request pending since January 7, 2019. The April 11th admission regarding the withheld personnel files was contrary to their earlier assertions, and in response to the Wednesday, April 10, 2019 email by Cravath to Fordham:

> "We write to address discovery issues related to Dr. Solomon's personnel file, as well as redactions in certain documents produced to date. With regard to the personnel file, as discussed during the parties' March 21 meet and confer, please confirm that the three files produced to date — the HR, Provost and Gabelli files — comprise the entirety of Dr. Solomon's personnel file, and that there are no other components of that file.
> With regard to the redacted documents, you represented to us during the parties' March 15 meet and confer that you needed to confirm whether Fordham would agree to produce unredacted HR, Provost and Gabelli files. You reiterated this promise during our March 21 meet and confer, and again during the parties' April 1 meet and confer. We have now been awaiting a response from you for more than three weeks. Please confirm immediately whether Fordham will agree to produce these materials without redactions, as required by the Federal Rules.
> We look forward to your prompt response."

In their April 11, 2019 email response to Cravath, Fordham for the first time referred to the Fordham Statutes §4-07.42 and raised new objections to the production of the personnel files. That Statute states that a subpoena enables production of the personnel files. (Fordham's Statute §4-07.42, Exhibit [1]). This reference to the subpoena requirement in §4-07.42 did not appear in Fordham's February 13, 2019 Response to plaintiff's January 7, 2013 First Document Request (Exhibit [2]).

Some other serious discovery issues will also need to be addressed. Fordham has marked as "confidential" every single document they produced. Multiple pages are fully redacted or partially redacted without explanation. (Exhibit [3]) This includes my own personal emails to which they have access from my Fordham email account. All of these seem inconsistent with the Court's February 14, 2019 Stipulation and Protective Order (Dkt. 24).

Communications by Fordham's attorneys to my attorneys are disconcerting. Although Fordham is well aware that I have only been represented for discovery and not for motions or other fact issues, they use this reality against me. As a Fordham attorney wrote on February 9, 2019:

> "She's being represented by Cravath.
> She's not pro se.
> If she decides to represent herself again or your firm decides to withdraw at some point, then she's pro se. She can't use her initial status as a sword and a shield when it comes to standard confidentiality order.
> She can't have unfettered access to highly confidential information regarding other employees such as votes on promotions, tenure ......
> Let's talk tomorrow or Monday so as to work this out without bothering the court."

However, denial of access to tenure or promotion files, even with a confidentiality stipulation in place, is inconsistent with precedent, including the rationale for discrimination discovery. As the Supreme Court stated in <u>Univ. of Pa. v. EEOC</u>, 493 U.S. 182, 110 S. Ct. 577, 107 L. Ed. 2d 571:

> "There may be evidence of discriminatory intent and pretext in the confidential notes and memoranda which the [college] seeks to protect. Likewise, confidential material pertaining to

> other candidates for tenure in a similar time frame may demonstrate that persons with lesser qualifications were granted tenue or that some pattern of discrimination appears."

Up to this point, Fordham has been successful in obstructing essential discovery regarding the alleged discriminatory conduct. It seems impossible to respond to summary judgment and other fact laden motions without full access to appropriate documents.

Dr. Solomon's Status at Fordham

In their April 10, 2019 Letter to this Court, Fordham makes the following inaccurate statement.
> "More importantly, Dr. Solomon is a current tenured professor in Fordham's Gabelli School of Business and the status quo remains preserved."

Hardly. I was forced to request unpaid leave for Spring 2019, now ending, and there is no assurance whatsoever that even this unpaid leave will be extended in Fall, 2019. Seemingly inconsistent with the statement that "the status quo has been preserved" is the University's position in December 2018 expressed as follows:
> "... the Provost Office will not be willing to grant an unpaid leave of absence for the Spring, 2019 except if required by law."

Conclusion

The issues outlined above go to the heart of this litigation.

Respectfully submitted,

*[signature]*

Esther Solomon

1

About   Academics   Admissions and Aid   Rese

**Article Four: Policies and Procedures for Faculty**

Chapter 7: Academic Due Process

# Chapter Seven: Academic Due Process

### §4-07.01 - Procedure
The procedures for ensuring academic due process are divided as follows:

- Part I - Procedures Applicable to Grievances Relating to Denial of Reappointment or Tenure [§4-07.02 through .04].
- Part II - Procedures Applicable to Cases of Discipline, Suspension or Dismissal [§4-07.11 through .13].
- Part III - Formal Procedures of Faculty Hearing Committee [§4-07.21 through .23].
- Part IV - Procedures Applicable to Grievances Not Relating to Denial of Reappointment or Tenure, or to Discipline, Suspension or Dismissal [§4-07.31 through .33].
- Part V - Miscellaneous [§4-07.41 and .42].

## PART I

Procedures Applicable to Grievances Relating to Denial of Reappointment or Tenure

### §4-07.02 - Initiation of Grievance Relating to Denial of Reappointment or Tenure

a. Review by Tenure and Reappointment Appeals Committee
A member of the instructional staff with a grievance relating to denial of reappointment or tenure may petition the Tenure and Reappointment Appeals Committee [see §4-06.09(b)] only as provided in subdivision.
b. Scope of Review

    1. Reappointment - University Faculty. If a member of the University Faculty asserts a grievance relating to denial of reappointment, the Committee may consider only whether the matter received adequate consideration, whether it was handled according to University policies and procedures, and whether the denial violated academic freedom or involved unlawful discrimination. If the Committee finds a violation of academic freedom or unlawful discrimination, it may substitute its judgment on the merits for that of the appropriate faculty body or the Administration.

    2. Reappointment - Other Instructional Staff. If a member of the instructional staff who is not a member of the University Faculty asserts a grievance relating to denial of reappointment, the Committee may consider only whether the denial violated

1

b. The report of the Committee shall be sent promptly to the parties involved, to the Vice President for Academic Affairs and to the office of the Faculty Senate.

c. The decision of the Committee shall be ordinarily determinative.

# PART V

Miscellaneous

### §4-07.41 - Confidentiality

a. Except when otherwise directed by final order of or governmental tribunal of competent jurisdiction, faculty members and administrators engaged in procedures involving faculty personnel decisions shall treat as confidential all information disclosed during such procedures, as well as the fact of occurrence of the procedure and the result thereof except as otherwise provided in these statutes. Specifically, and without limiting the generality of the foregoing, this rule of confidentiality shall apply to all University Personnel serving on, testifying before, supplying information to and receiving information from the Tenure and Reappointment Appeals Committee, University Tenure Review Committee, Faculty Hearing Committee, and the Faculty Senate in executive session.

b. The result of such procedures, together with the appropriate meaningful reasons therefore, shall be communicated to those involved, and to the Faculty Senate Office, as specified in these statutes.

c. This rule of confidentiality shall also apply in other cases where these statutes so specify, and to prospective matters upon the request of the President or a Vice President of the University, or President of the Faculty Senate.

d. Faculty members serving as members of any of the Committees mentioned in subdivision (a) and members of the Faculty Senate while the Senate is sitting in executive session, shall have the right to review all relevant documents and to interview witnesses. All University personnel having relevant knowledge, information or documents shall disclose such, free of any restriction imposed by this section, upon competent request therefore by such bodies.

e. Failure to maintain the required confidentiality constitutes a breach of contract.

### §4-07.42 - Subpoenas

Personnel files are confidential (see §4-07.41). No document in such file will be released by the University to any person without the written consent of the Vice President for Academic Affairs except in response to a final order of a court of competent jurisdiction, or a lawful subpoena duces tecum. The faculty member whose file is the subject of a subpoena duces tecum shall be notified promptly upon receipt of the subpoena, normally on the same day, both by telephone and by certified mail directed to the residence address of the faculty member. The purpose of the prompt notification is to afford the faculty member and his counsel, if any, sufficient time to move to quash the subpoena. In no case will file material which is not specifically subpoenaed be released in response to a subpoena or otherwise. Nothing in this statement of policy shall bar the University, sua sponte, from moving to quash the subpoena.

2

2

13. **Plaintiff's personnel file and all other documents regarding Plaintiffs employment history with Defendant.**

**RESPONSE TO REQUEST NO. 13**

To the extent the request seeks documents relating to Plaintiff, Defendant objects to this request on the grounds that it seeks documents that are equally available to Plaintiff. Additionally, the request is not proportional to the needs of the case in that it could be construed to call for the production of every document Plaintiff ever received and/or sent during her 25-year employment with the Defendant. The demand is also not proportional to the amount in controversy, the resources of the parties and to whether time, burden and expense of the proposed discovery outweighs its likely benefit. Subject to those objections, please see response to Request No. 2 above and specifically Plaintiff's W-2 and tax forms (Bates stamped FORDHAM0000202 through FORDHAM0000217), and her Human Resources file (Bates stamped FORDHAM0000325 through FORDHAM0000497).

14. **To the extent not otherwise produced, all documents regarding the appointment of the Management Systems Area Chair in 2013.**

**RESPONSE TO REQUEST NO. 14**

Defendant objects to the request insofar as it seeks production of all documents on the grounds of overbreadth, overburden and expense. Subject to and without waiver of the General Objections, Defendant will produce reasonably available, relevant, non-privileged, responsive documents to the extent that any exist, that are in the possession, custody or control of Defendant which can be obtained by a reasonable search.

3



**MEMORANDUM**
THE JESUIT UNIVERSITY OF NEW YORK

5

May 17, 2011

**To:** ▮

**From:** ▮

**Re:** Stipends

Please process the following stipends for academic year 2010-2011 for course development and planning for Integrated Core phase 3. The budget to be charged is ▮

| Name | Amount |
|---|---|
| ▮ | $15,000 |
| | $ 5,000 |
| | $5,000 |
| | $3,000 |
| | $3,000 |
| Total | $31,000 |

For integrated core development and oversight. The budget to be charged is ▮

| | |
|---|---|
| ▮ | $10,000 |
| | $10,000 |
| Total | $20,000 |

Thank You.

cc: ▮

Note: Redactions in white boxes by plaintiff

CONFIDENTIAL

FORDHAM0008846



CONFIDENTIAL

FORDHAM0009520

Solomon, Esther



**CONFIDENTIAL**

**FORDHAM0009132**



CONFIDENTIAL

FORDHAM0009133