**Exhibit 1**

# TABLE 1

## PROCEDURAL HISTORY RELEVANT TO DISCOVERY

EEOC Filing January 11, 2018

EEOC Notice of Right to sue, February 28, 2018

Original Complaint, May 24, 2018 (Dkt #1)

Court Case Management Conference before Hon E. Ramos, December 13, 2018 (Dkt #20)

First Set of Document Requests exchanged between the parties, January 7, 2019

Stipulated Protective Order signed February 14, 2019 (Dkt #24)

Court Ordered Mediation, February 22, 2019

First Set of Interrogatories exchanged between the parties, March 26, 2019;

Amended Complaint, March 17, 2019 (Dkt# 37);

Defendant letter requesting leave for Motion to Dismiss

Plaintiff reply letter opposing Motion to Dismiss, March 29, 2019 (Dkt# 38);

Court Hearing Defend. Pre- Motion to Dismiss before Hon E. Ramos, April 5, 2019 (Dkt# 40)

Meet-and-Confers between Cravath, Swaine & Moore and Fordham attorneys, March-April, 2019

Defendant's letter to Court seeking Discovery stay, April 10, 2019  (Dkt# 39)

Plaintiff's Response to Defendant Discovery letter, April 17, 2019 (Dkt# 44)

Defendant Motion to Dismiss May 6, 2019 (Dkt# 49);

Plaintiff Opposition to Motion to Dismiss June 26, 2019 (Dkt#51,52 );

Defendant Reply for Motion to Dismiss July 22, 2019 (Dkt#55);

Plaintiff Surreply in Opposition September 25, 2019 (Dkt#61);

Exchange of Interrogatories Responses, August 2, 2019;

Subpoenas for Personnel Files to Fordham per §4-07.42 issued November 6, 2019 served November 8, 2019

Meet-and-Confers between Plaintiff and 2 Fordham attorneys on November 13/2019

Defendant Opposition/ to quash Subpoenas, November 20, 2019

Meet-and-Confer requested by Plaintiff with 3 Fordham attorneys December 5,2019;

Plaintiff's Request for Discovery Hearing with 10 Exhibits, December 17, 2019, (Dkt #62);

Fordham's reply re Discovery Hearing December 23, 2019 (Dkt #63).

Court Hearing on Plaint. Req.to compel subpoenas, discovery before Hon. Ramos, January 29, 2020 (Dkt# 68)

# Exhibit 2

# PART V

<u>Miscellaneous</u>

## §4-07.41 - Confidentiality

a. Except when otherwise directed by final order of or governmental tribunal of competent jurisdiction, faculty members and administrators engaged in procedures involving faculty personnel decisions shall treat as confidential all information disclosed during such procedures, as well as the fact of occurrence of the procedure and the result thereof except as otherwise provided in these statutes. Specifically, and without limiting the generality of the foregoing, this rule of confidentiality shall apply to all University Personnel serving on, testifying before, supplying information to and receiving information from the Tenure and Reappointment Appeals Committee, University Tenure Review Committee, Faculty Hearing Committee, and the Faculty Senate in executive session.

b. The result of such procedures, together with the appropriate meaningful reasons therefore, shall be communicated to those involved, and to the Faculty Senate Office, as specified in these statutes.

c. This rule of confidentiality shall also apply in other cases where these statutes so specify, and to prospective matters upon the request of the President or a Vice President of the University, or President of the Faculty Senate.

d. Faculty members serving as members of any of the Committees mentioned in subdivision (a) and members of the Faculty Senate while the Senate is sitting in executive session, shall have the right to review all relevant documents and to interview witnesses. All University personnel having relevant knowledge, information or documents shall disclose such, free of any restriction imposed by this section, upon competent request therefore by such bodies.

e. Failure to maintain the required confidentiality constitutes a breach of contract.

## §4-07.42 - Subpoenas

Personnel files are confidential [see §4-07.41]. No document in such file will be released by the University to any person without the written consent of the Vice President for Academic Affairs except in response to a final order of a court of competent jurisdiction, or a lawful subpoena duces tecum. The faculty member whose file is the subject of a subpoena duces tecum shall be notified promptly upon receipt of the subpoena, normally on the same day, both by telephone and by certified mail directed to the residence address of the faculty member. The purpose of the prompt notification is to afford the faculty member and his counsel, if any, sufficient time to move to quash the subpoena. In no case will file material which is not specifically subpoenaed be released in response to a subpoena or otherwise. Nothing in this statement of policy shall bar the University, sua sponte, from moving to quash the subpoena.

# ORDHAM UNIVERSITY

## Article Four: Policies and Procedures for Faculty

### Chapter 7: Academic Due Process

**Exhibit 3**

About   Mission   Academics   Admis

Policies

Home  /  Resources  /  Policies  /  Subpoena Policy and Service of Process

# Subpoena Policy and Service of Process

A subpoena duces tecum is an order under color of government or court authority directing the recipient to produce certain documents listed in the subpoena on a specific date, time, and place designated.

As the registered agent to receive service of process on behalf of Fordham University, the General Counsel is the designated Fordham official to accept service of process and a subpoena directed to Fordham University.

Any attempt on any campus, in person or by mail, to serve a lawsuit via a summons, complaint, or subpoena, should be directed to the Office of the General Counsel, Fordham University, Administration Building Room 111, 441 East Fordham Road, Bronx, New York 10458; 718-817-3111, 3110, or 3112.

If any Fordham University employee unknowingly or erroneously accepts service of legal documents, the employee should sign, date, and fax the document to 718-817-3115 and contact immediately the Office of Legal Counsel at the phone numbers listed above.

**Exhibit 4**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC # _____
DATE FILED:   2/14/2019

------------------------------------------------------------
ESTHER SOLOMON,                           :
                                          :
                          Plaintiff,      :        Case No.:  18-cv-04615 (ER)
                                          :
              -against-                   :
                                          :        STIPULATION AND ~~PROPOSED~~
FORDHAM UNIVERSITY,                       :        PROTECTIVE ORDER
                                          :
                          Defendant.      :
                                          :
------------------------------------------------------------

WHEREAS, Plaintiff Esther Solomon and Defendant Fordham University ("the Parties") having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the Parties in connection with the pre-trial phase of this action ("Discovery Material"):

1.    The producing party (either in the party's own capacity or through the party's undersigned counsel) may designate any Discovery Material, in whole or in part, as "confidential" if the producing party determines, in good faith, that such designation is necessary to protect its interests in information that is sensitive and non-public.  Such confidential information may include, but is not limited to:

      a.    financial, benefit and/or payroll information concerning the Parties or their current or former employees;

      b.    personnel files, evaluations and employment history of the Parties or their current or former employees;

      c.    sensitive personal information including medical information and/or information concerning physical, psychological, psychiatric and/or emotional history of the Parties or any of their current or former employees; and

      d.    documents reflecting social security numbers, tax returns and/or tax documents of the Parties or any of their current or former employees; and

    e.      such other documents that the Parties may in good faith designate.

2.    Discovery Material designated by a party as confidential will be stamped "CONFIDENTIAL" by the producing party ("Confidential Information").

3.    The following information shall not be stamped "CONFIDENTIAL" or otherwise be deemed to constitute Confidential Information under this Order:

    a.      information in the public domain;

    b.      information already known by the receiving party through proper means; and

    c.      information that is or becomes available to a party from a source other than the party asserting confidentiality and rightfully in possession of such information on a non-confidential basis.

4.    Confidential Information will be held and used by the person receiving such Confidential Information solely for use in connection with the above-referenced action.

5.    Confidential Information shall not be disclosed to any person, except:

    a.      The Plaintiff and counsel retained for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

    b.      As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy of the document;

    c.      Any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided that such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

    d.      Any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

    e.      Stenographers engaged to transcribe depositions conducted in this action;

    f.      Independent photocopying, graphic production services, or litigation support services employed by the parties or their counsel to assist in this action and computer service personnel performing duties in relation to a computerized litigation system;

g.     The Court, its support personnel and the mediator (or other person having access to any Confidential Information by virtue of his or her position with the Court); and

h.     Any person on such terms and conditions as the parties may mutually agree, or as the Court may hereafter direct by further order.

6.    Prior to disclosing or displaying Confidential Information to any person set forth in Paragraphs 5(c) or 5(d) above, the disclosing party must:

     a.     Inform the person of the confidential nature of the Discovery Material;

     b.     Inform the person that this Court has enjoined the use of the Discovery Material by him/her for any purpose other than this litigation and has enjoined the disclosure of the Discovery Material to any other person; and

     c.     Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A hereto.

7.    In the event a party challenges another party's designation of confidentiality, the Parties shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

8.    The disclosure of Discovery Material without designating it as "confidential" shall not constitute a waiver of the right to designate such Discovery Material as Confidential Information. If so designated, the Discovery Material shall thenceforth be treated as CONFIDENTIAL subject to all the terms of this Stipulation and Order.

9.    Each person who has access to Discovery Material that has been designated as "confidential" shall take all reasonable precautions to prevent the unauthorized or inadvertent disclosure of such material.

10.    Pursuant to Federal Rule of Evidence 502, the production of privileged or work- product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

11.    Notwithstanding the designation of Discovery Material as "confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal.

12.     Nothing in this Order shall (a) restrict either party's rights with respect to a party's own documents or information; (b) restrict either party's rights with regard to Discovery Material that has not been designated as "confidential"; (c) prejudice either party's rights to object to the production or disclosure of documents or other information that it considers not subject to discovery; or (d) prejudice either party's right to seek, either by agreement or by application to the Court, greater protection than that provided herein.

13.     At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

SO STIPULATED AND AGREED.

CRAVATH, SWAINE & MOORE LLP
Attorneys for Plaintiff

By: _____
     Jeffrey Then

Dated: 2 / 12 / 2019

CULLEN AND DYKMAN LLP
Attorneys for Defendant

By: _____
     James G. Ryan

Dated: 2 / 12 / 2019


So Ordered this  14th  day of  February , 2019:

_____
Hon. Edgardo Ramos,  U.S District Judge

**Exhibit 5**

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Southern District of New York

| | |
|---|---|
| Esther Solomon | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.   18-cv-4615-ER |
| Fordham University | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: _MARGARET T. BALL ESQ_     Fordham University,
Fordham University Office of the General Counsel, Administration Building Room 111, 441 East Fordham Road,
Bronx, New York 10458; 718-817-3111 (tel:718-817-3111), 3110, or 3112
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

The Personnel file of Dr. Esther Solomon and all other documents regarding her employment history with Fordham University.

| Place: Dr. E. Solomon, Fordham University Gabelli Business, 140 West 62nd street, Rm 400, New York 10023 212 636 618, email: etaki33@gmail.com | Date and Time: By December 8, 2019 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  11/6/19

CLERK OF COURT

_____          OR          _____
Signature of Clerk or Deputy Clerk                              Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiff _Pro Se_
_____, who issues or requests this subpoena, are:
Plaintiff Esther Solomon, Gabelli School of Business, 140 West 62nd Street, New York NY 10023, etaki33@gmail.com, 212 6366187

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. *18CV4615 ER PA*

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* M.Ball Fordham Counsel- re Dr. E. Solomon Personnel File

on *(date)* *11-7-2019*                                                      *441 E. Fordham Rd. 1H*

                                                                             *Bx NY 10458*

☑ I served the subpoena by delivering a copy to the named person as follows: *Caroline Garcia*

*Legal Department*

_____ on *(date)* *11-8-2019* ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____*Na*_____ .                                                                   *$507.00*

My fees are $ _____*Na*_____ for travel and $ _____*507.00*_____ for services, for a total of $ _____0.00_____

I declare under penalty of perjury that this information is true.

Date: *11-10-2019*                         _____
                                                      *Server's signature*

                                           *Process Server: Asher Rubin v*
                                                      *Printed name and title*
                                           *Lic #1350897*

                                           _____
                                                      *Server's address*
                                           551 W. 181st Street, #224
                                           New York, NY 10033

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit 6**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ESTHER SOLOMON,

                                Plaintiff,

                -against-

FORDHAM UNIVERSITY,

                            Defendant.

Case No.: 18-cv-04615 (ER)

---

## PLAINTIFF'S FIRST SET OF REQUESTS TO DEFENDANT FOR THE PRODUCTION OF DOCUMENTS

        Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the Southern District of New York, Plaintiff ESTHER SOLOMON ("Dr. Solomon" or "Plaintiff") requests that Defendant FORDHAM UNIVERSITY ("Fordham" or "Defendant") produce the following documents and tangible things in its possession, custody or control in accordance with the definitions and instructions contained herein to the undersigned attorneys at the offices of Cravath, Swaine & Moore LLP, Worldwide Plaza, 825 Eighth Avenue, New York, New York 10019, within 30 days of service of this request. Each of the document requests (the "Requests") is to be read in accordance with the definitions and respective instructions that follow.

### DEFINITIONS AND INSTRUCTIONS

        1.      Plaintiffs hereby incorporate by reference the instructions and definitions set forth in the Federal Rules of Civil Procedure and Local Rules 26.2 and 26.3. All terms used below have the broadest meaning accorded to them under Rule 26.3 of the Local Rules of the

(c)     the identity of the participants and witnesses; and

(d)     the substantive information communicated.

(v)     when used with respect to an action, lawsuit, arbitration, administrative proceeding or other adjudicatory proceeding, state:

(a)     the name of each party to the proceeding;

(b)     the court or agency in which the proceeding was instituted;

(c)     the identifying number of the proceeding;

(d)     the date the proceeding was commenced;

(e)     the date the proceeding was terminated;

(f)     whether the proceeding was a civil lawsuit, criminal proceeding, arbitration, administrative proceeding or other adjudicatory proceeding; and

(g)     the terms under which the proceeding was terminated.

l.      Once a person has been identified in accordance with paragraph "j", only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

m.      Number.  The term "number" is defined to be the singular form of any word that includes the plural and vice versa.

n.      Person.  The term "person" is defined as any natural person or any business, legal or governmental entity, or association.

o.      Parties.  The terms "Plaintiff" and "Defendant" as well as a party's full or abbreviated name or a pronoun referring to a party are defined as the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or

affiliates.  This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

        p.      Relevant Time Period.  The term "relevant time period" refers to the period from January 1, 2008 through the present.

        q.      Regarding.  The term "regarding" means relating to, referring to, with respect to, constituting, containing, embodying, reflecting, describing, analyzing, identifying, stating, discussing, addressing, or in any way pertaining to.

        3.      The use of any definition for the purposes of these Requests shall not be deemed to constitute an agreement or acknowledgment on the part of the Plaintiff that such definition is accurate, meaningful or appropriate for any other purposes in this litigation.

        4.      These Requests call for the production of responsive documents in your possession, custody or control, including documents in the possession, custody or control of any of your respective employees, agents, attorneys or other persons acting or purporting to act on your behalf.

        5.      If a responsive document was once, but is no longer, in your possession, custody or control, state its date, author(s), recipient(s), subject matter, when the document was most recently in your possession, custody or control, and the person, organization, or entity presently in possession, custody or control of such document.  If a responsive document has been destroyed, identify the date of destruction, the person who destroyed the document, the person who directed that the document be destroyed and the reason for its destruction.

        6.      Each requested document shall be produced in its entirety.  If a document responsive to these Requests cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Document Request 1:   All documents during the relevant time period concerning Defendant's policies, practices and procedures pertaining to employment discrimination, faculty compensation and benefits, promotions, administrative appointments, course assignments and course cancellations.

Document Request 2:   All documents regarding Plaintiff and Comparator Professors' compensation for the relevant time period, including but not limited to compensation for administrative or consulting assignments, scholarly research and professional activities.

Document Request 3:   All documents regarding Plaintiff and Comparator Professors' job responsibilities, course assignments, course cancellations, course releases, administrative appointments, consulting assignments, research funding and professional activities for the relevant time period.

Document Request 4:   All reports published by the Salary and Benefits Task Force on Indicators of Gender Salary Equity Among Faculty.

Document Request 5:   All documents regarding student evaluations of Plaintiff and Comparator Professors for courses taught at both the undergraduate and graduate level.

Document Request 6:   All documents demonstrating the enrollment in any courses taught by Plaintiff and Comparator Professors in the relevant time period including enrollment for sections of these courses taught by other professors.

Document Request 7:   All documents demonstrating Core Principles of Management undergraduate business course assignments over the relevant time period.

Document Request 8:   All documents regarding Dr. Rapaccioli's emails on December 18, 2017 and December 21, 2017 relating to adherence to the Code of Conduct and to claims that Dr. Solomon "engaged in a conversation that was viewed as lacking civility".

9

Document Request 9:   All minutes, transcripts or recordings of Faculty Senate, Joint Council and Departmental Meetings discussing or relating to Plaintiff over the relevant time period.

Document Request 10:   All organizational charts or documents demonstrating the structure of the Gabelli School of Business academic areas and faculty.

Document Request 11:   All documents concerning formal or informal claims or complaints made by Plaintiff against Defendant regarding discrimination and/or retaliation, including any documents reflecting Defendant's investigations of the same.

Document Request 12:   All documents concerning formal claims or complaints made in the relevant time period against Defendant by a current or former employee of Defendant (other than Plaintiff) regarding discrimination and/or retaliation and Defendant's investigations of the same.

Document Request 13:   Plaintiff's personnel file and all other documents regarding Plaintiff's employment history with Defendant.

Document Request 14:   To the extent not otherwise produced, all documents regarding the appointment of the Management Systems Area Chair in 2013.

Document Request 15:   To the extent not otherwise produced, all documents related to the cancellation of Plaintiff's Spring 2017 and Spring 2018 graduate courses.

Document Request 16:   To the extent not otherwise produced, all documents regarding Plaintiff's claims and/or Defendant's defenses raised in the pleadings of this action.

Document Request 17:   All documents Defendant plans to rely on at trial.

Dated: New York, New York
January 7, 2019

CRAVATH, SWAINE & MOORE LLP,

by

Lauren Roberta Kennedy
Jeffrey Then

Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000

*Attorneys for Plaintiff Esther Solomon*

11

**Exhibit 7**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X
ESTHER SOLOMON,

|  |  |
|---|---|
| Plaintiff, | Case No.:<br>1:18-cv-04615-ER |
| - against - | **DEFENDANT'S**<br>**RESPONSE TO** |
| FORDHAM UNIVERSITY, | **PLAINTIFF'S FIRST**<br>**SET OF DOCUMENT** |
| Defendant. | **REQUESTS** |

------------------------------------------------------------------------X

Defendant Fordham University ("Fordham" or "Defendant") by and through its attorneys Cullen and Dykman LLP, pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby serve the following responses and objections to Plaintiff Esther Solomon's ("Plaintiff") First Set of Document Requests ("Plaintiff's Demands") dated January 7, 2019.

## OBJECTIONS

1.      As discussed with Plaintiff's counsel, the following responses are based on information currently available to Defendant. The responses will be supplemented as necessary on a rolling basis until completion, which is expected to occur on or before March 4, 2019.  These responses are given without prejudice to Defendant's right to produce or rely on subsequently discovered information.

2.      Defendant objects to the definition of "Comparator Professors" on the grounds that the employees listed in Plaintiff's Demands: are not of comparable seniority, attended substantially different educational institutions, teach different courses, have different employment experience, provide wholly different levels of service to Defendant, have different supervisory responsibilities, and have published varying degrees of scholarly works in peer and non-peer reviewed publications.  As such, the referenced employees are not "comparable" to Plaintiff.

3.      Unless otherwise indicated, Defendant is producing information dated on or after January 1, 2008 to the extent same is reasonably available.

4.      As discussed with Plaintiff's counsel, Defendant conditions the production of documents that contain confidential or proprietary information or trade secrets on the execution of the Stipulation and Proposed Protective Order governing the disclosure of any such information.

5.      The production of any documents or information by Defendant is made without waiver and with preservation of any privilege or protection afforded to documents containing confidential, privileged or proprietary information or trade secrets.

6.      Defendant objects to the document requests that seek information concerning the "Comparator Professors" as defined in the Plaintiff's Demands to the extent that they require Defendant to produce information which violates the privacy interests of those employees. Notwithstanding the objection, the foregoing items regarding personal financial information, personal identifying information such as addresses, social security numbers, Fordham employee identification numbers, personal family issues, health conditions, and other private information will be redacted accordingly.

7.      Defendant objects to Plaintiff's Demands to the extent they seek the production of emails and other electronically stored information that are not proportional to the needs of the case given the issues in the action, the amount in controversy, the importance of the discovery in resolving the issues and whether the burden or the expense of the proposed discovery outweighs the likely benefit.

### RESPONSE TO SPECIFIC DEMANDS

**1.      All documents during the relevant time period concerning Defendant's policies, practices and procedures pertaining to employment discrimination, faculty compensation and benefits, promotions, administrative appointments, course assignments and course cancellations.**

2