

Cullen and Dykman LLP
Garden City Center
100 Quentin Roosevelt Boulevard
Garden City, NY 11530
T: 516.357.3700
F: 516.357.3792

**Hayley B. Dryer**
Partner
Direct Dial: (516) 357-3745
Facsimile: (516) 357-3792
hdryer@cullenllp.com

March 3, 2021

**VIA ECF**
Hon. Edgardo Ramos
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square, Courtroom 619
New York, NY 10007

      Re:    <u>**Esther Solomon v Fordham University (Case No. 1:18-cv-04615**</u>)

Dear Judge Ramos:

    As the Court is aware, this firm represents defendant Fordham University ("Fordham" or the "University"). We submit this letter in response to *pro se* Plaintiff Esther Solomon's ("Dr. Solomon") letter dated February 8, 2021 requesting leave to file a Third Amended Complaint. On December 29, 2020, this Court issued an Opinion and Order (the "Order") dismissing Dr. Solomon's Second Amended Complaint. (ECF 85). On February 8, 2021 Dr. Solomon filed a motion for leave to file a Third Amended Complaint and attached a draft of her proposed Third Amended Complaint ("TAC"). (ECF 88). Dr. Solomon simultaneously filed a letter to the Court to purportedly explain how she addressed the deficiencies in her Second Amended Complaint identified by the Court in its Order. (ECF 89). Despite adding 45 pages and numerous exhibits to her Third Amended Complaint, Dr. Solomon has entirely failed to address the defects identified by the Court in its Order and has instead merely repeated factual allegations this Court has already determined to be insufficient to state a claim. As such, Dr. Solomon's motion for leave to file a Third Amended Complaint must be denied.

    **I.**    <u>**Leave to Amend Standard**</u>

    While leave to amend is typically freely granted, it is well settled that "[l]eave may be denied 'for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.'" <u>TechnoMarine SA v. Giftports, Inc.</u>, 758 F.3d 493, 505 (2d Cir. 2014). "A plaintiff need not be given leave to amend if it fails to specify . . . how amendment would cure the pleading deficiencies in its complaint." <u>Id.</u> The Second Circuit has affirmed denial of leave to amend where a *pro se* plaintiff has previously been afforded an opportunity to amend and "identifies no new facts that would cure" the deficiencies in their complaint. <u>Jackson v. Wells Fargo Home Mortg.</u>, 811 F. App'x 27, 30 (2d Cir. 2020).



Here, Dr. Solomon has already been afforded two opportunities to amend her complaint. (ECF 37, 71). In dismissing Dr. Solomon's previous complaints, this Court clearly identified what types of factual allegations Dr. Solomon must plead to state a claim. As explained in detail below, despite this instruction from the Court, Dr. Solomon has still failed to identify any new facts that would cure the deficiencies in her pleadings.

## II. Plaintiff's Motion for Leave to File a Third Amended Complaint Should be Denied.

### a. Fall 2020 Semester

One of the few new allegations Dr. Solomon includes in her TAC relates to her Fall 2020 class schedule. Dr. Solomon claims that on April 16, 2020 she was presented with a teaching schedule for the Fall 2020 semester which she believed to be retaliatory because it contained undergraduate level classes. TAC at ¶¶ 504-510. Dr. Solomon further claims that despite offering her a course schedule to teach during the Fall 2020 semester, Fordham actually did not want her to teach and engaged in "workplace sabotage" to ensure that she did not. Id. Specifically, Dr. Solomon claims that access to her online course materials was cut off on August 3, 2020 and that she was not originally placed on Fordham's teaching schedule. Id.

Dr. Solomon's claim that her Fall 2020 teaching schedule was retaliatory is clearly refuted by the record. Dr. Solomon's only claim as to why the schedule itself was retaliatory is because it included undergraduate level courses which she subjectively believes to be a demotion. Id. at ¶ 505. However, Dr. Solomon admits in her TAC that at least five other male professors have previously taught the same undergraduate level course. Id. at ¶ 439. Further, the email correspondence attached by Dr. Solomon to her TAC explains that, due to the COVID-19 pandemic, graduate level student enrollment was down significantly, therefore necessitating more professors to teach undergraduate classes. TAC, Exhibit 32. These emails also show that Fordham attempted to work with Dr. Solomon to address issues with her Fall 2020 teaching schedule. Id. Fordham's Dean, Donna Rapaccioli, explained to Dr. Solomon that the issues she was experiencing were due to a University wide need to modify many professors' schedules due to Fordham's switch to a hybrid learning modality. Id. Dean Rapaccioli went on to state that Fordham tried to work with Dr. Solomon to resolve these issues but she instead chose to write to Fordham's President and Provost asking for an unpaid leave. Id. Thus, any issues Dr. Solomon experienced with her schedule were due to University wide issues that Fordham offered to help her correct.[1]

### b. Alleged Terminations

Dr. Solomon also alleges that since filing her Second Amended Complaint, Fordham has "secretly terminated her." TAC at ¶ 334. To support her claim, Dr. Solomon references three "secret reports" Fordham allegedly made regarding her COBRA benefits and alleged termination. Id. at ¶ 335. The first two reports dated April 12, 2019 and February 1, 2020, were previously addressed by the Court in its Order in which the Court held that the evidence provided by Dr. Solomon did not support an inference that Fordham's behavior in regard to Dr. Solomon's benefits was retaliatory or that Fordham disparately applied its policies to Dr. Solomon. Order at pp. 30-34. Dr. Solomon does not provide any new facts regarding these

---

[1] Dr. Solomon's reliance on Yoon v. Fordham Univ. Faculty & Administration Ret. Plan, No. 99 CIV.11042 RCC, 2004 WL 3019500, at *1 (S.D.N.Y. Dec. 29, 2004), is misplaced. In that matter, a former professor brought claims against Fordham under ERISA which this court ultimately dismissed and which are clearly distinguishable from Dr. Solomon's claims herein. As the Court previously noted, Dr. Solomon's references to the experiences of other professors are insufficient to support her claims as Dr. Solomon's allegations in this regard are entirely conclusory. Order at p. 27. Further, Dr. Solomon has failed to show that the professors she mentions were subjected to the same type of adverse treatment she alleges. Id.

events, and instead, merely repeats that, according to her subjective interpretation of the Fordham University Statutes, she should have been entitled to maintain her benefits while on unpaid leave despite this Court's prior holding to the contrary. TAC at ¶¶ 512-516, 529-531.

The only new allegations Dr. Solomon provides in this regard are related to discontinuance of her benefits in August 2020 after informing Fordham that she again wished to take an unpaid leave. Dr. Solomon states that upon informing Fordham of her decision to take unpaid leave, she was told that the leave would be without benefits. Id. at ¶ 510. Thus, there was nothing secretive about Fordham's actions in this regard. Moreover, Dr. Solomon's claim that unpaid leave is not a qualifying event under COBRA is incorrect. TAC at ¶ 526-528. The COBRA regulations state that "[a] reduction of hours . . . occurs whenever there is a decrease in the hours that a covered employee is required to work or actually works, but only if the decrease is not accompanied by an immediate termination of employment." 26 C.F.R. § 54.4980B-4. The regulations go on to state "[f]or example an absence from work due to disability . . . or any other reason (other than due to leave that is FMLA leave) . . . is a reduction of hours." Id. Clearly, Dr. Solomon's unpaid leaves of absence are qualifying events under COBRA. As such, the discontinuance of Dr. Solomon's benefits after taking yet another unpaid leave was not retaliatory.

### c. Comparator Professors

Despite claiming she broadened the facts regarding allegedly comparative professors, Dr. Solomon entirely failed to address the deficiencies identified by the Court regarding the comparator professors. In its Order, the Court held that Dr. Solomon failed to allege facts showing that any alleged comparator professors are similarly situated to her because the job descriptions cited to by Dr. Solomon in the University Statutes were too broad. Order at pp. 17-20. In her TAC, Dr. Solomon again states in conclusory fashion that "[t]he content of her job is equal to that of any of her comparators." TAC at ¶ 424. Dr. Solomon entirely fails to plead the specific job content of herself and the comparators aside from general statements that they are all "charged with teaching management students." Id. In fact, Dr. Solomon includes a number of statements as to how she differs from the comparators. Id. at ¶¶ 449-454. Thus, Dr. Solomon has failed to show that the comparators are similarly situated to her.

### d. Additional Repeated Arguments

Dr. Solomon likewise fails to address the deficiencies of her other claims. Dr. Solomon has not pleaded any new facts to show that Fordham was put on notice of a complaint that it failed to investigate, as discussed by the Court in its Order. Order at pp. 23-26. Dr. Solomon does not include any new information about her alleged December 2017 complaint except her statements that she believes Fordham's administration were somehow working in concert against her. TAC at ¶¶ 345-356. Dr. Solomon similarly fails to provide new facts to support her disparate treatment or hostile work environment claims, and instead, repeats facts regarding various claims this Court has already held are insufficient for her to state a claim.

### III. Conclusion

For the foregoing reasons, Dr. Solomon's motion for leave to amend should be denied. In the event the Court grants Dr. Solomon's motion, Fordham respectfully requests leave to file a motion to dismiss the Third Amended Complaint. Thank you.

Very truly yours,

*Hayley B. Dryer*

Hayley B. Dryer (HD5682)