UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ESTHER SOLOMON,

                Plaintiff,

– against –

FORDHAM UNIVERSITY,

                Defendant.

**OPINION & ORDER**

18-cv-4615 (ER)

RAMOS, D.J.:

On July 2, 2024, the Court denied Esther Solomon and Fordham's cross-motions to compel, but granted Fordham's motion for a protective order. Doc. 156. Solomon moved for reconsideration of that order. Doc. 157. The motion is DENIED.

## I. BACKGROUND

Esther Solomon, proceeding *pro se*, is an associate professor at Fordham University's Gabelli School of Business. She alleged that Fordham paid her less than her male colleagues for the same work, assigned her an overwhelming and retaliatory course load, discriminated against her because of her gender, age, and religion, defamed her, and breached a contract and other duties owed to her. Doc. 95. She also alleged that Fordham retaliated against her by refusing to pay for her health insurance. *Id.* She brought these claims under both federal and New York state law.[1]

---

[1] 1 Solomon brings claims under the following federal statutes:

- Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*
- Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.*
- The Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 to 634
- The Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601 to 2654
- The Equal Pay Act of 1963 ("EPA"), 29 U.S.C. § 206(d)

She also brings claims under the following New York statutes:

- The New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297
- The New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 8-131
- The Achieve Pay Equality Act of 2015, N.Y. Lab. Law § 194

The underlying facts and procedural history are set out in the Court's previous five opinions. The first granted Fordham's motion to dismiss the amended complaint in its entirety. Doc. 69. The second granted Fordham's motion to dismiss the second amended complaint in its entirety. Doc. 85. The third granted Solomon's motion to file a third amended complaint for the limited purpose of amending the retaliation claims based on Fordham's termination of Solomon's employee health benefits. Doc. 94. The fourth denied Solomon's motion for reconsideration of the previous opinion and granted Fordham's motion to dismiss the third amended complaint, and closed the case. Doc. 121. After Solomon successfully appealed the case to the Second Circuit,[2] the case was re-opened and discovery continued. Finally, the fifth opinion, published on July 2, 2024, is the subject of the instant motion. Doc 156. The relevant details are repeated below.

On February 14, 2019, the Court entered a protective order pursuant to Federal Rule of Civil Procedure 26(c). Doc. 24. Pursuant to this order, the parties agreed that either could: "designate any [d]iscovery [m]aterial, in whole or in part, as 'confidential' if the producing party determines, in good faith that such designation is necessary to protect its interests in information that is sensitive and non-public." *Id.* at 1.

A discovery conference was held on January 29, 2020, at which Solomon was granted leave to file a motion to compel. After the conclusion of the aforementioned motion practice and Second Circuit appeal, the Court entered a new discovery schedule on January 16, 2024. Doc. 130. The parties continued to have discovery disputes, three of which were the subject of the Court's July 2, 2024 opinion.

---

Finally, she alleges defamation, breach of contract, breach of fiduciary duty, and tortious interference with current and prospective business relations under New York common law. *See* Doc. 95 (third amended complaint).

[2] On September 5, 2023, the Second Circuit issued a summary order affirming the dismissal of the third amended complaint in part, vacating it in part, and remanding the case for further proceedings. Doc. 124. Specifically, the Second Circuit found that a subset of Solomon's claims—her disparate impact, retaliation, and unequal pay claims—should have survived the motion to dismiss. *Id*. at 8.

First, Solomon moved to compel Fordham to comply with certain document requests, subpoenas, and court orders. Doc. 132. As relevant here, Solomon requested the names of the peer reviewers for various promotions, as well as the names of alleged "comparator" professors for her employment discrimination claims. Solomon represented that Fordham had improperly redacted this information in its production of documents. Doc. 132 at 12–13.

The Court denied Solomon's motion.[3] Doc. 156 at 12. With regard to the names of peer reviewers, the Court found that Solomon did "not describe in any way" how the names were relevant to establishing her employment discrimination claims. *Id*. Moreover, the Court found that Fordham's redactions conformed to precedent from this Circuit and others that permitted university and other institutional defendants to redact the names and identifying information of peer reviewers when producing discovery. *Id*. at 11–12. The Court also found that Solomon did not establish the relevance of names of alleged comparator professors in light of other biographical information which Fordham had already provided to her in the form of a key which included the comparator professors' gender, year of birth, and title. *Id.* at 12–13.

Second, Fordham moved for a protective order to redact the names of Solomon's peer reviewers and alleged comparator professors.[4] Doc. 141. It argued that since the February 19, 2019 protective order did not include the possibility of redactions, a new protective order was required to protect its employees' privacy interests and the sensitive nature of the peer review process. Doc. 141 at 15. Finding that Fordham had established good cause to issue the protective order, as required pursuant to Federal Rule of Civil

---

[3] The Court denied the rest of Solomon's motion to compel subject to additional representations by Fordham. Doc. 156 at 9–16. Specifically, the Court directed Fordham to produce a privilege log listing any documents that were being withheld and the basis therefore, and listing any redactions (apart from the names or peer reviewers and alleged comparators) and the basis therefore. Doc. 156 at 19. It also directed Fordham to produce responsive documents in accordance with the discovery schedule.

[4] As described above, Fordham had already produced documents that redacted this information.

3

Procedure 26(f), the Court granted Fordham's request.  Doc. 156 at 17.  Moreover, the Court noted caselaw from this District supported Fordham's argument.  *See Black v. New York University Medical Center,* No. 94-cv-9074 (NRB) (SS), 1996 WL 294310, at *3 (S.D.N.Y. June 3, 1996).  In *Black*, the court granted a medical school's request for a protective order redacting the names of the plaintiff's evaluators and committee members for promotions because the plaintiff did not show that their disclosure was "necessary or important" or even "relevant."  *Id*. at *4.  In the instant case, the Court likewise found that Solomon had not "adequately shown why the *names* of peer reviewers and of alleged comparator professors [were] relevant to her discrimination claims."  Doc. 156 at 17 (emphasis in original).[5]

Third, Fordham moved to compel Solomon to undertake a "reasonable" search for documents, including searches of her email accounts.  Doc. 143 at 19.  The Court denied Fordham's motion because Solomon represented that the production of documents at issue in the motion to compel was still ongoing.  Doc. 156 at 18.

Solomon has now moved for reconsideration of the Court's decision with respect to the redaction of the names of alleged comparator professors and peer reviewers.  Doc. 157.  Fordham asserts that Solomon's motion fails to meet the standard for reconsideration and that the Court properly granted its motion for a protective order.  Doc. 160.

## II.  LEGAL STANDARDS

### A.  Motion for Reconsideration

Motions for reconsideration are governed by Local Civil Rule 6.3 and Rule 60(b) of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 60(b).  The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless

---

[5] In support of her argument, Solomon argued that the Second Circuit decision in this case issued a "mandate" regarding the redactions.  The Court found this argument to be without merit, noting that the Second Circuit only reviewed the Court's opinion dismissing the third amended complaint and did not "review or issue an order related to discovery issues."  Doc. 156 at 13.

the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted). "A motion for reconsideration should be granted only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks and citation omitted). It is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys*, 684 F.3d at 52 (internal quotation marks and citation omitted). The decision to grant or deny a motion for reconsideration is within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted).

### B. *Pro Se* Plaintiff

The Court holds submissions by *pro se* litigants to "less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *see also Young v. N.Y.C. Dep't of Educ.*, No. 09-cv-6621 (SAS), 2010 WL 2776835, at *5 (S.D.N.Y. July 13, 2010) (noting that the same principles apply to briefs and opposition papers filed by pro se litigants). Although "*pro se* status 'does not exempt a party from compliance with relevant rules of procedural and substantive law,'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)), courts read the pleadings and opposition papers submitted by *pro se* litigants "liberally and interpret them 'to raise the strongest arguments that they suggest,'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). The obligation to read a *pro se* litigant's pleadings leniently "applies with particular force when the plaintiff's civil rights are at issue." *Jackson v. NYS Dep't of*

*Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (citing *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)).

### III. DISCUSSION

#### A. Procedural Arguments

As a preliminary matter, Fordham argues that Solomon's motion is procedurally improper. Doc. 160 at 5. Solomon moved for reconsideration pursuant to Federal Rule of Civil Procedure 59(e), which governs motions to alter or amend a final judgment. Doc. 158 at 1. As there has been no trial in this action, the rule is inapplicable. Federal Rule of Civil Procedure 60(b) governs motions for reconsideration. Given the leniency afforded *pro se* litigants, the Court construes her motion according to Rule 60(b).[6]

#### B. Substantive Arguments

Solomon argues that the July 2, 2024 opinion improperly modified the existing February 19, 2019 protective order. Doc. 158 at 5–6. Solomon is incorrect. As the Court previously noted, the February 19, 2019 protective order did not address the issue of redactions. Doc. 156 at 17. Accordingly, Fordham was granted a new protective order to redact the names of Solomon's peer reviewers and alleged comparator professors. *Id.*

Solomon next argues that Fordham repeatedly violated the February 19, 2019 protective order, "sidestepped" the Court's question regarding what documents were redacted at conference held on January 29, 2020, and used some of the names of the alleged comparator professors in its briefing in the first motion to dismiss.[7] Doc. 158 at

---

[6] In her reply, Solomon alleges for the first time that Fordham did not seek leave to file its motion for a protective order, which she alleges was procedurally improper. Doc. 161 at 5. As a general rule, the Court does not consider arguments raised for the first time in a reply. *See Simpson v. City of New York*, 793 F.3d 259, 264 (2d Cir. 2015). Accordingly, it will not address this argument.

[7] Specifically, Solomon argues that Fordham relied on the names and schedules of "Comparator Professors Hurley, Hollwitz, Pirson, Stoner, and Wright in their first motion to dismiss." Doc. 158 at 7. However, Fordham never represented that these individuals are the comparator professors that are the subject of the protective order. Instead, it relied on these other professors to rebut Solomon's argument that Fordham forced her to teach a particular course as an adverse employment action by showing that these other professors also taught the course. *See* Doc. 56-1.

6–7. Solomon did not present these arguments in her original briefing, and the Court will not consider them for the first time in a motion for reconsideration. *Nat'l Union Fire Ins. Co. of Pittsburg, PA v. Las Vegas Pro. Football Ltd. Partnership*, 409 F. App'x 401, 403 (2d Cir. 2010) ("It is black letter law that a motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court[.]") (internal quotation marks and citation omitted).

Solomon continues to argue that Fordham should not have been granted a protective order to redact the names of her peer reviewers and alleged comparator professors. In particular, she argues that *Black* does not provide legal support for the redaction of comparator professors' names, as it only considered redactions of the names of outside evaluators. Doc. 158 at 8–9. However, this claim is without merit. The Court held that Solomon was required to meet a threshold burden of establishing the names of comparator professors were, as *Black* explained, even "relevant" to her claims— especially in light of the fact Fordham already produced a key establishing the gender, age, and title of the alleged comparator professors. Doc. 156 at 17. The Court found that Solomon failed to make this showing, while Fordham had established good cause for the protective order pursuant to Rule 26(f). *Id*.

Solomon retorts that she did establish the relevance of the names of her peer reviewers and alleged comparator professors. Doc. 158 at 9–10. She claims there are different "subtypes" of comparators, and each has multiple roles at Fordham. *Id*. at 9. "Tying all that information for the jury" without assigning names, Solomon argues, will be "impossible." *Id*. Likewise, the peer reviewers are tenured professors who have multiple roles at Fordham, and therefore also need to be named. *Id*. at 10. Solomon has not put forth any new evidence or controlling law to support her assertion that the names of the peer reviewers and alleged comparators are necessary for her to litigate her case; instead, she appears to relitigate their relevance. Accordingly, reconsideration of this argument is not warranted. *Analytical Surveys*, 684 F.3d at 52.

7

Solomon finally argues that the Second Circuit's summary order implicitly resolved the redactions issue. *See* Doc. 158 at 12. Solomon is correct that law of the case "prevents re-litigation in the district court not only of matters expressly decided by the appellate court, but also precludes re-litigation of issues *impliedly* resolved by the appellate court's mandate." *Brown v. City of Syracuse*, 673 F.3d 141, 147 (2d Cir. 2012) (internal quotation marks and citation omitted) (emphasis added). However, law of the case doctrine does not apply here. As support for her argument, Solomon references a footnote in the Second Circuit decision stating "Solomon alleges that Fordham redacted the comparators' names . . . which may explain why she does not allege the specific job duties of each professor" in her unequal pay claim. Doc. 125 at 7 n.1. She also references a question presented during oral argument, in which a member of the Second Circuit panel asked whether not providing the salaries "for specific professors for specific positions … [presented] a little bit of a hindrance to fully fleshing out the comparators?" Doc. 126 at 12 (Transcript of Oral Argument). Neither the footnote or the question in oral argument resolve, even "impliedly," whether Fordham's redaction of the names of peer reviewers and alleged comparator professors was proper. The Second Circuit did not provide any direction on this issue. Accordingly, law of the case doctrine does not apply, and the Court will not grant reconsideration on this basis.[8]

---

[8] Solomon raises, for the first time in her reply, an allegation that Fordham has not followed the directions contained in the Court's July 2, 2024 opinion to provide a privilege log and to provide the basis for any other redactions besides the names of peer reviewers and alleged comparator professors. Doc. 161 at 9–10. Solomon asserts that Fordham has produced a privilege log, but appears to raise various substantive challenges to that document. *Id.* As noted above, the Court does not consider new arguments in a reply. *See Simpson*, 793 F.3d at 264.

**IV.     CONCLUSION**

For the foregoing reasons, Solomon's motion for reconsideration is DENIED.

The Clerk of Court is respectfully directed to terminate the motion, Doc. 157.

It is SO ORDERED.

Dated:   October 2, 2024
         New York, New York

                                            _____
                                            EDGARDO RAMOS, U.S.D.J.