## INTEROFFICE MEMORANDUM

**TO:**        DAVID STUHR

**FROM:**      MAUREEN TIERNEY

**SUBJECT:**   TUTORIAL PAYMENTS

**DATE:**      9/28/04

As per your request we have saved the tutorial requests of the past several months until we could submit them in bulk. Please make the following tutorial payments charged to budget 246100-1110. Supporting documentation is attached.



|  |  |  | 1 tutorial | Fall 2003 |
|  |  |  | 1 tutorial | Spring 2004 |
|  |  |  | 3 tutorials | Summer 2004 |
|  |  |  | 3 tutorial | Spring 2004 |
|  |  |  | 1 tutorial | Summer 2004 |
|  |  |  | 1 tutorial | Summer 2004 |
|  |  |  | 2 tutorials | Spring 2004 |
| Professor 15 | 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 | $450 | 1 tutorial | Summer 2004 |

APPROVED

In addition please make the following payments:

▇▇▇▇▇▇ charged to ▇▇▇▇▇▇ work on two field studies (one in Spring 2004 and one in Summer 2004).

▇▇▇▇▇▇ work on two field studies in Summer 2004.

CONFIDENTIAL                                                      FORDHAM0016315

ACAF '06MAY19 PM3:21

To:      Dr. David Stuhr
         Associate Vice President for Academic Affairs

From:    Maureen Tierney
         Associate Dean – Schools of Business

Date:    May 18, 2006

Re:      PWC Foundation Grant

It is requested that payments be made to the following faculty for their participation in the PWC Foundation Curriculum Development:



Professor 15

$10,000  032-26-705
$ 9,000  047-18975
$14,000  01989 781
$ 8,000  02971749
$ 2,000  046 83199
$ 2,000  046 82 055
$ 2,000  04720587
$ 8,000  046 78987

Total:       $55,000

Please charge to FRS number 526697-1040

CONFIDENTIAL

FORDHAM0016311

**EXHIBIT 6**

Case 24-3056, 11/22/2024, DktEntry: 1.1, Page 593 of 621
Case 1:18-cv-04615-ER Document 65-4 Filed 06/20/2024 Page 4 of 122
Case 1:18-cv-04615-ER Document 67 Filed 03/03/20 Page 1 of 35    1

K1TESOLC - CORRECTED

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x

3  SOLOMON,

4              Plaintiff,

5      v.                              18 Cv. 04615 (ER)

6  FORDHAM UNIVERSITY,

7              Defendant              Conference

8  ------------------------------x
                                     New York, N.Y.
9                                    January 29, 2020
                                     10:30 a.m.
10
   Before:
11
                    HON. EDGARDO RAMOS,
12
                                     District Judge
13

14                  APPEARANCES

15  ESTHER SOLOMON, pro se

16
    CULLEN AND DYKMAN LLP
17       Attorneys for Plaintiff
    BY:  HAYLEY B. DRYER, ESQ.
18       RYAN SOEBKE, ESQ.

19

20

21

22

23

24

25

Case: 24-3056 11/22/2024, DktEntry: 11, Page 504 of 621
Case 1:18-cv-04615-ER Document 65-4 Filed 06/28/24 Page 5 of 122

1  produced.  There are one or two outstanding items.

2          THE COURT:  What items?

3          MS. DRYER:  Student evaluations are outstanding, and I

4  believe that emails might be outstanding.

5          THE COURT:  What is outstanding?

6          MS. DRYER:  Student evaluations are outstanding.

7          THE COURT:  And?

8          MS. DRYER:  And a few emails might be outstanding.

9  That I would have check.

10          THE COURT: OK, so turn those over.

11          MS. SOLOMON:  (Reading):  With regard to the

12  redaction of documents, you represented to us during the

13  parties' March 15th meet and confer that you needed to confirm

14  whether Fordham University would agree to produce unredacted

15  HR, provost, and Gabelli files.  You made this promise during

16  our March 21st meet and confer, and again during the parties'

17  April 1st meet and confer.  We have now been awaiting for a

18  response from you for more than three weeks.  Please confirm

19  immediately whether Fordham will agree to produce these

20  materials without redaction as required by the Federal Rules.

21          THE COURT:  What materials are these?

22          MS. SOLOMON:  The personnel files that I'm asking

23  about now, they told me that I have to put the subpoenas, and

24  now they say: Oops, you have them already.

25          THE COURT:  Ms. Dryer?

Case: 24-3056 11/22/2024, DktEntry: 11, Page 505 of 621
Case 1:18-cv-04615-ER Document 67 Filed 03/03/24 Page 6 of 30

| | |
|---|---|
| 1 | MS. DRYER: Your Honor, all of the information that |
| 2 | has been requested in the subpoenas have been produced.  The |
| 3 | comparator sheets -- Dr. Solomon requested the comparator files |
| 4 | be subpoenaed.  That has been produced.  She now contests that |
| 5 | we had not agreed to a period starting 2008.  That was |
| 6 | requested by Dr. Solomon in her document demands. |
| 7 | The purpose of the subpoenas though, your Honor, is to |
| 8 | harass Fordham. |
| 9 | THE COURT: I'm sorry. If she served you with a |
| 10 | subpoena, does that permit you to turn over the files in an |
| 11 | unredacted fashion of the comparators? |
| 12 | MS. DRYER: With a lawful subpoena.  It is Fordham's |
| 13 | position this is not a lawful and correct subpoena. |
| 14 | THE COURT: Why not? |
| 15 | MS. DRYER: Because we have turned over all the |
| 16 | information that's sought in the subpoena.  The purpose of this |
| 17 | subpoena is to harass Fordham. |
| 18 | Dr. Solomon has, on more than one occasion, asked if |
| 19 | the comparator professors have been informed of the subpoena. |
| 20 | She is trying to cause an uproar on the Fordham campus.  She |
| 21 | has -- the subpoenas asked for information before the 2008 |
| 22 | period.  We previously agreed with counsel that the discovery |
| 23 | would start at 2008.  Any information that is sought before |
| 24 | then is way outside the statute of limitations. |
| 25 | MS. SOLOMON: Two issues, your Honor. |

# EXHIBIT 11

Esther Solomon **MEMO ENDORSED**
140 West 62nd Street
New York, New York 10023
212 636-6187

June 6, 2024
Hon. Edgardo Ramos, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 619
New York, NY 10007

| Solomon's request to file a surreply is denied. SO ORDERED. |
| :--- |
| <br>Edgardo Ramos, U.S.D.J.<br>Dated:  6/11/24<br>New York, New York |

Re: *Solomon v. Fordham University* (Case 18-cv-04615)

Dear Judge Ramos:

This is to respectfully request the Court's leave to file a Surreply to address Defendant's May 7, 2024 Reply Memo and Declaration (Dkts. 152, 151). They are replete with untrue representations of their supposed compliance, while the opposite is true. Defendant does not consent to this application.

Most of my document requests remain without responsive production. Fordham has not satisfied a single interrogatory. As I indicated to the Court in my April 26 letter (Dkt.150), I am hampered by the lack of discovery, including ongoing violations of the Stipulated Protective Order, redactions of comparator names precluding depositions, and stonewalling. This also impedes uncovering evidence on the pattern against other professors of protected classes, discriminated with similar methods by the same group.

**Fordham's 2024 Production**

About four months into the six-month discovery ordered in January by the Court, Fordham's 2024 production has not changed anything. While asserting to have produced 1,900 pages on April 24, Defendants gave only *two pages* on my status changes #F-17200-17201, among 20 pages produced on my records. (Exhibit 1) I also tried obtaining my status change documents from Fordham's in-house counsel and trial attorneys but was left with a non-responsive round-robin of emails and no documents. In contrast, Declaration ¶8a (Dkt. 151) states that Fordham produced "All documents added to Plaintiff's Personnel File since Fordham's first production," referring to five years 2019-2024.

Defendant omits that 95% of their production is minimally responsive to discovery requests: of the 1,900 pages produced, 1,769 are redacted disorganized records for three professors, per Declaration ¶8c "Personnel Files for comparator professors 13-15," and 34 pages for three different redacted professors without numbers. A "key" was provided with 15 numbers, corresponding to 15 of 18 redacted Professors. (Exhibit 2). Similarly, having produced no data whatsoever for the pay claims requests (Exhibit 3), they write instead in ¶8d they supplied "Documents related to salary and benefits analysis undertaken by Fordham."

In another example, despite the specific request (Exhibit 4), they have not provided a single document supporting Fordham's defense against my secret retaliatory termination: that it is Fordham's "customary" practice to send tenured faculty on unpaid leave to COBRA by removing them from the IRS-mandated employer health plan. Fordham should be compelled to

1

provide the documents on faculty-transferred to COBRA or acknowledge they don't exist. Surprisingly, Fordham announces in Declaration ¶13 that they are nearing the end of their production, despite their failure to comply with their obligations.

## Compel Compliance with Subpoenas and Redaction Removal

Fordham should be compelled to provide complete personnel files honoring the 2019 Federal subpoenas, with consequences for non-compliance. They should be without any of the multiple levels of unauthorized redactions, none of which is supported by the law and which has been clarified by the mandate. (Exhibit 5, Examples of redactions). Fordham asserted to the Cravath firm in 2019 and admitted to the Court at the January 29, 2020 Hearing (Exhibit 6) that subpoenas enable the production of unredacted Personnel files. Defendant should finally produce those files, unredacted.

Fordham's extraordinary actions of secretly terminating a tenured professor without cause or due process, officially reporting it, and filing contradictory representations to different Federal authorities, including IRS follow-up, deserve discovery. They did not supplement for 2019-2024 and corrected none of the 2019 production deficiencies per my motion (Dkt 134), either about my file or the comparators' scattered redacted pages they produced.

## Second Circuit Mandate, the Law of the Case

The defendant disagrees with the mandate in this case and claims it is irrelevant to the discovery issues. They make no corrections to address the Second Circuit's explicit decision on issues including time scope, the impropriety of comparator name redactions, and the need for data for pay claims by both EPA and Title VII, instead, asked the Court to deviate from its directives. However, under the mandate rule, "[w]here a case has been decided by an appellate court and remanded, the court to which it is remanded must proceed in accordance with the mandate and such law of the case as was established by the appellate court." *Kerman v. City of New York*, 374 F.3d 93, 109 (2d Cir. 2004). The "mandate rule prevents re-litigation in the district court not only of matters expressly decided by the appellate court but also precludes re-litigation of issues impliedly resolved by the appellate court's mandate." *Brown v. City of Syracuse*, 673 F.3d 141, 147 (2d Cir. 2012).

## Improper Redactions Lack Support

Comparator Name redactions: There is no case providing legal support for redactions of comparator professor's names. These redactions of comparator names invalidate most of Defendant's production. To overcome the lack of legal support, Defendant misrepresents *Black v NYU* which did not involve comparator name redactions, contrary to their assertion (see specifics in Dkt. 147, pp. 16-17).

An essential requirement in Title VII cases is identifying comparators, which is impossible with concealed names. In this case, which involves a pattern, anonymity precludes connecting qualitative with quantitative data and other indicia of discriminatory intent.[1]

Peer Reviewer Name Redactions: Peer reviewer name redactions are also not supported by law in this Title VII case. To misportray them as legitimate, Defendant improperly relies on two cases that stand for disclosure of university peer review records: The Supreme Court case

---

[1] "A disparate treatment claim often includes a combination of strong statistical evidence of disparate impact coupled with anecdotal evidence of the employer's intent to treat the protected class unequally." Kassman v. KPMG LLP, 416 F. Supp. 3d 252, 284 (S.D.N.Y. 2018)

*University of Pennsylvania v. EEOC*, 493 U.S. 182 (1990) and *Weinstock v. Columbia Univ.*, 1995 U.S. Dist. LEXIS 14003 (S.D.N.Y. 1995). However, neither case addressed redactions. While the word "redactions" does not appear in *Weinstock*, Defendant cites it as supporting redaction of peer reviewer names (Dkt 152 p 8). In *Pennsylvania*, the Supreme Court specifically clarified that it did not consider redactions on peer review records in enforcing the subpoena. (footnote 9, p.589).

## Fordham's Unmet Burden Seeking Redactions

Defendant fails to meet the burden for the redactions they seek to legitimize, so they reverse the standard. As the party seeking discovery, I meet my burden of relevance for comparator names (see also Second Circuit Mandate). Fordham has the burden of proof for withholding discovery by redactions, but they do not meet it: "The party seeking discovery bears the initial burden of proving the discovery is relevant, and then the party withholding discovery … bears the burden of proving the discovery is, in fact, privileged or work product, unduly burdensome and/or expensive. *Citizens Union of City of New York v. Attorney Gen. of New York*, 269 F. Supp. 3d 124, 139 (S.D.N.Y. 2017). While referencing the case above, Defendant misrepresents its content by saying the unmet burden is mine rather than theirs.

## The Standard for Modification of a Protective Order Not Met

Five years ago, Fordham first negotiated, agreed to the terms and committed to complying with the terms of the Stipulated Protective Order. However, as the Cravath firm pointed out, they immediately violated its terms, including regarding the unauthorized redactions.[2] In the April 16, 2024 cross-motion, they omitted the existence of the valid Stipulated Protective Order.

Defendant now asks the Court to endorse their violations in a new modified Protective Order, despite the lack of legal support for comparator name redactions they seek. However, "In this Circuit, there is a strict standard for modification of a protective order entered by a district court. See *In re Teligent, Inc*., 640 F.3d 53, 59 (2d Cir. 2011). Under this strict standard, "it is 'presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied.'"… "Once a court enters a protective order and the parties rely on that order, it cannot be modified 'absent a showing of improvidence in the grant' of the order or 'some extraordinary circumstance or compelling need.'" *In re Hornbeam Corp.*, 2020 U.S. Dist. LEXIS 145996 (S.D.N.Y. 2020) (citations omitted). Defendant fails to meet the burden of "extraordinary circumstance or compelling need" to modify the Stipulated Protective Order and their request should be denied.

For the preceding reasons, I respectfully request that leave to file a Surreply be granted.

Sincerely,

/s/ Esther Solomon
Esther Solomon
Plaintiff Pro Se

---

[2] The April 10, 2019 email from Cravath to Fordham: "Please confirm immediately whether Fordham will agree to produce these materials without reductions, as required by the Federal Rules."

# EXHIBIT 12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ESTHER SOLOMON,

                    Plaintiff,

        – against –

FORDHAM UNIVERSITY,

                    Defendant.

**OPINION & ORDER**

18-cv-4615 (ER)

RAMOS, D.J.:

Esther Solomon, proceeding *pro se*, is an associate professor at Fordham
University's Gabelli School of Business. She alleges that Fordham has paid her less than
her male colleagues for the same work, assigned her an overwhelming and retaliatory
course load, discriminated against her because of her gender, age, and religion, defamed
her, and breached a contract and other duties owed to her. Doc. 95. She also alleges that
Fordham recently retaliated against her by refusing to pay for her health insurance. *Id.*
She brings these claims under both federal and New York state law.[1]

Before the Court is Solomon's motion to compel Fordham to comply with certain
document requests, subpoenas, and court orders. Doc. 132. Fordham filed a cross-

---

[1] Solomon brings claims under the following federal statutes:

- Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*
- Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.*
- The Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 to 634
- The Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601 to 2654
- The Equal Pay Act of 1963 ("EPA"), 29 U.S.C. § 206(d)

She also brings claims under the following New York statutes:

- The New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297
- The New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 8-131
- The Achieve Pay Equality Act of 2015, N.Y. Lab. Law § 194

Finally, she alleges defamation, breach of contract, breach of fiduciary duty, and tortious interference with
current and prospective business relations under New York common law. *See* Doc. 95 (Third Amended
Complaint).

motion for a protective order and to compel Solomon to produce additional document discovery. Doc. 141. For the reasons set forth below, Solomon's motion to compel is DENIED without prejudice and subject to additional representations by Fordham. Fordham's motion to compel is DENIED, and its motion for a protective order is GRANTED.

## I. BACKGROUND[2]

### A. Factual Background

Familiarity with the factual background of this case is assumed, and the facts are set forth in more detail in the Court's previous opinions. *See* Doc. 69 (March 17, 2020 Opinion and Order); Doc. 85 (December 29, 2020 Opinion and Order); Doc. 94 (June 4, 2021 Opinion and Order); Doc. 121 (March 29, 2022 Opinion and Order).

Solomon is currently a tenured associate professor at Fordham's Gabelli School of Business. ¶ 42. She was sixty-eight years old at the time her initial complaint was filed. ¶ 43. Solomon is the only woman on the tenured faculty in her area as well as the only Jewish full-time faculty member in the area.[3] *Id.*

Solomon claims that Fordham paid her less than similarly situated, younger, male, and non-Jewish members of the faculty. ¶¶ 2, 4, 49. She also claims that Fordham favored her younger, male, and non-Jewish colleagues for promotions. ¶¶ 11, 50, 107–109, 141, 238, 410. The University, Solomon alleges, created a hostile work environment by deliberately excluding her from events and subjecting her to verbal harassment. ¶¶ 95–98, 487–503. Finally, Solomon alleges that Fordham retaliated against her after she received an EEOC Right to Sue letter[4] and filed her federal complaint. ¶ 332. Specifically, she claims that Fordham forced her to take less desirable teaching

---

[2] Unless otherwise noted, citations to "¶_" refer to the Third Amended Complaint, Doc. 95.

[3] The Gabelli School is organized into a number of departments, called "areas." Solomon is currently a member of the Organizational Behavior/Leading People and Organizations Area. ¶ 3.

[4] The EEOC issued Solomon a Right to Sue letter on February 28, 2018. ¶ 27.

assignments and improperly terminated her healthcare and other benefits.  ¶¶ 335, 335, 377, 504–510.

### B. Procedural Background

Solomon filed her *pro se* complaint on May 24, 2018.  Doc. 1.  She initially issued her first set of document requests to Fordham on January 7, 2019.  Doc. 132 at 1.  Fordham issued its first set of document requests that same day.  Doc. 143 at 8.  On November 8, 2019, Solomon also served Fordham with subpoenas requesting her personnel file as well as the personnel files of 14 alleged comparator professors.  *Id.*

On February 14, 2019, the Court entered a protective order pursuant to Federal Rule of Civil Procedure 26(c).  Doc. 24.  Pursuant to this order, the parties agreed that either could:  "designate any [d]iscovery [m]aterial, in whole or in part, as 'confidential' if the producing party determines, in good faith that such designation is necessary to protect its interests in information that is sensitive and non-public."  *Id.* at 1.  The protective order noted that examples may include:  "personnel files, evaluation and employment history of the Parties or their current or former employees."  *Id.*  It further noted that any confidential material "will be held and used . . . solely in connection with" the instant litigation, and "shall not be disclosed to any other person," subject to limited exceptions.[5]  *Id.* at 2.

During a January 29, 2020 conference, the Court granted Solomon leave to file a motion to compel production of certain discovery, including documents she believed had not been turned over, inappropriately designated as confidential, or improperly redacted.  Jan. 29, 2020 Tr. at 32:8–12.  During that conference, Solomon also represented that she needed unredacted information about alleged comparators and the names of peer reviewers involved in her tenure and promotion decisions.  Doc. 67 at 20; Jan. 29, 2020

---

[5] These exceptions largely include individuals involved in the litigation, such as counsel, paralegals, witnesses who sign appropriate non-disclosure agreements, stenographers, *etc.*  Doc. 24 at 2–3.

Tr. at 20:23–24. Solomon filed the First Amended Complaint on March 13, 2019. Doc. 37. Fordham moved to dismiss the First Amended Complaint on May 6, 2019. Doc. 47.

Solomon filed the motion to compel on March 17, 2020. The Court issued an opinion granting Fordham's motion to dismiss the same day, which also granted Solomon leave to refile a Second Amended Complaint and stayed discovery. Doc. 69. Solomon filed the Second Amended Complaint on April 16, 2020, which Fordham moved to dismiss on May 29, 2020. Doc. 74. The Court granted Fordham's motion on December 29, 2020. Doc. 85. The Court noted that if Solomon chose to file a Third Amended Complaint, discovery would be stayed until Fordham answered this complaint or the Court denied a motion to dismiss it. *Id.* at 35.

On February 8, 2021, Solomon moved to file a proposed Third Amended Complaint. Doc. 88. On June 4, 2021, the Court granted her motion for the limited purpose of amending the retaliation claims based on Fordham's termination of Solomon's employee health benefits, but otherwise did not allow her to replead the balance of her claims. Doc. 94. Solomon filed the Third Amended Complaint, Doc. 95, on June 11, 2021, and then moved for reconsideration of the June 4, 2021 Opinion. Doc. 96. Fordham moved to dismiss the Third Amended Complaint on July 22, 2021. Doc. 99. In its March 29, 2022 Opinion, the Court denied reconsideration of the June 4, 2021 Opinion, dismissed the Third Amended Complaint, and closed the case. Doc. 121.

On April 22, 2022, Solomon filed a notice of appeal. On September 5, 2023, the Second Circuit issued a summary order affirming the March 29, 2022 in part, vacating it in part, and remanding the case for further proceedings. Doc. 124. Specifically, the Second Circuit found that a subset of Solomon's claims—her disparate impact, retaliation, and unequal pay claims—should have survived the motion to dismiss. *Id.* at 8.

Subsequently, the case was re-opened and the Court entered a case management order on January 16, 2024, with all discovery to be completed by July 12, 2024. Doc.

130. Solomon then re-filed her motion to compel on January 18, 2024. Doc. 132. Specifically, the motion requests that Fordham comply with: (1) her document requests issued on January 7, 2019 (as well as removing confidential designations from certain documents already produced); (2) the 15 subpoenas she served on November 8, 2019; (3) the Court's February 14, 2019 Protective Order; and (4) their representations to the Court that Solomon's status at Fordham remains unchanged, when in fact her health benefits have been terminated. Doc. 132 at 1.

On March 1, 2024, Fordham filed a cross-motion to compel Solomon to "conduct a reasonable search of all potentially relevant documents and communications in her possession" and for a protective order "permitting the redaction of the biographical information of comparator and peer review professors in its discovery responses." Doc. 141. Fordham represents that it has produced over 17,000 pages of documents through rolling productions to Solomon, including her personnel file and those of the 14 alleged comparator professors. Doc. 152 at 5. Fordham also represents that, as of March 1, 2024, Solomon had made a single and allegedly deficient document production.[6] Doc. 143 at 8. On May 30, 2024, the Court granted Fordham's request to extend the time to complete discovery in this case until October 10, 2024. Doc. 153.

### C. Discovery Dispute

The discovery dispute between the parties largely concerns Fordham's response to the November 8, 2019 subpoenas. These subpoenas sought the production of Solomon's own personnel file as well as the personnel files of other alleged comparator professors. Doc. 143 at 8. Personnel files at Fordham include three different files: (1) a Human Resources File, (2) a Provost File, and (3) a file maintained by the individual faculty member's school, which in this case is called a Gabelli File. Doc. 142 at ¶ 13. Fordham

---

[6] Fordham claims that Solomon has not produced electronic files, notes, or any documents from her personal Gmail account or other personal email accounts she may have used. Doc. 143 at 20–21.

produced Solomon's entire personnel file. *Id.* at ¶¶ 13–15. Fordham also produced the personnel files for 14 alleged comparator professors, as well as their faculty activity reports and W-2 records. *Id.* at ¶¶ 19–20; Doc. 152 at 5.

Within Solomon's personnel file, the names of the peer reviewers were redacted. *Id.* at ¶ 25. Fordham also redacted the biographical information and names of the 14 comparator professors, which Fordham claims is in accordance with certain university statutes relating to confidentiality.[7] *Id.* at ¶ 23. However, Fordham provided Solomon a key that allows her to determine the gender, year of birth, and title of each comparator professor, so that she could review all of the pertinent information relevant to her alleged causes of action. *Id.* at ¶ 24.

## II.   LEGAL STANDARDS

### A. Pro Se Plaintiff

The Court holds submissions by *pro se* litigants to "less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *see also Young v. N.Y.C. Dep't of Educ.*, No. 09-cv-6621 (SAS), 2010 WL 2776835, at *5 (S.D.N.Y. July 13, 2010) (noting that the same principles apply to briefs and opposition papers filed by pro se litigants). Although "*pro se* status 'does not exempt a party from compliance with relevant rules of

---

[7] Specifically, § 4-07.41 provides:

> "Except when otherwise directed by final order of or governmental tribunal of competent jurisdiction, faculty members and administrators engaged in procedures involving faculty personnel decisions shall treat as confidential all information disclosed during such procedures, as well as the fact of occurrence of the procedure and the result thereof except as otherwise provided in these statutes . . . ."

§ 4-07.42 provides:

> "Personnel files are confidential [see §4-07.41]. No document in such file will be released by the University to any person without the written consent of the Vice President for Academic Affairs except in response to a final order of a court of competent jurisdiction, or a lawful subpoena duces tecum . . . ."

Fordham U. Statutes, *Chapter Seven: Academic Due Process*, https://www.fordham.edu/about/leadership-and-administration/board-of-trustees/university-statutes/article-four-policies-and-procedures-for-faculty/chapter-seven-academic-due-process/.

procedural and substantive law,'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471,
477 (2d Cir. 2006) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)), courts read
the pleadings and opposition papers submitted by *pro se* litigants "liberally and interpret
them 'to raise the strongest arguments that they suggest,'" *McPherson v. Coombe*, 174
F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.
1994)). The obligation to read a *pro se* litigant's pleadings leniently "applies with
particular force when the plaintiff's civil rights are at issue." *Jackson v. NYS Dep't of
Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (citing *McEachin v. McGuinnis*, 357
F.3d 197, 200 (2d Cir. 2004)).

### B. Rule 26(b)(1)

Rule 26(b)(1) permits discovery of "any nonprivileged matter that is relevant to
any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P.
26(b)(1). When assessing proportionality, the court considers "the importance of the
issues at stake in the action, the amount in controversy, the parties' relative access to
relevant information, the parties' resources, the importance of the discovery in resolving
the issues, and whether the burden or expense of the proposed discovery outweighs its
likely benefit." *Id.* "Rule 26 limits discovery where requests are unreasonably
cumulative or duplicative [or]. . . . the discovery can be obtained from a more convenient,
less burdensome, or less expensive source." *Shiber v. Centerview Partners LLC*, No. 21-
cv-3649 (ER), 2023 WL 3071554, at *2 (S.D.N.Y. Apr. 25, 2023) (citing Fed. R. Civ. P.
26(b)(2)(C)). The scope of relevance under Rule 26 is broader than under the Federal
Rules of Evidence. "Relevance is. . . to be 'construed broadly to encompass any matter
that bears on, or that reasonably could lead to other matter that could bear on' any party's
claim or defense." *Mortg. Resolution Servicing, LLC v. JPMorgan Chase Bank, N.A.*,
No. 15-cv-293 (LTS) (JCF), 2016 WL 3906712, at *3 (S.D.N.Y. July 14, 2016) (quoting
*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)); *see also Sec. & Exch.*

*Comm'n v. Rayat*, No. 21-cv-4777 (LJL), 2022 WL 1423300, at *2 (S.D.N.Y. May 5, 2022).

Federal district courts have broad discretion in deciding motions to compel. *See Grand Central Partnership, Inc. v. Cuomo*, 166 F.3d 473, 488 (2d Cir. 1999). The burden of demonstrating relevance is on the party seeking discovery. *Go New York Tours, Inc. v. Aurora Tourism Services, LLC*, No. 22-cv-10633 (DEH) (JW), 2023 WL 9111158, at *1 (S.D.N.Y. Dec. 20, 2023) (citing *Trilegiant Corp. v. Sitel Corp.*, 272 F.R.D. 360, 363 (S.D.N.Y. 2010); *see also Republic of Turkey v. Christie's, Inc.*, 326 F.R.D. 394, 400 (S.D.N.Y. 2018) (citing *State Farm Mut. Auto. Ins. Co. v. Fayda*, No. 14-cv-9792 (WHP) (JCF), 2015 WL 7871037, at *2 (S.D.N.Y. Dec. 3, 2015), *aff'd*, 2016 WL 4530890 (S.D.N.Y. Mar. 24, 2016) (confirming that the burden of demonstrating relevance remains on the party seeking discovery even after 2015 amendments to Rule 26). If a party objects to discovery requests, that party bears the burden of showing why discovery should be denied. *Financial Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 314 F.R.D. 85, 87 (S.D.N.Y. 2016). "General and conclusory objections as to relevance, overbreadth, or burden are insufficient to exclude discovery of requested information." *Go New York Tours, Inc,* 2023 WL 9111158 at *1 (S.D.N.Y. Dec. 20, 2023) (quotations omitted). Rather, the resisting party has the burden of showing "how, despite the broad and liberal construction afforded the federal discovery rules, each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive." *Financial Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 314 F.R.D. at 88 (quoting *Sokol v. Wyeth, Inc.,* No. 7-cv-8442 (SHS) (KNF), 2008 WL 3166662, at *3 (S.D.N.Y. Aug. 4, 2008).

### C. Rule 26(c)

Rule 26(c)(1) provides that the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "This rule 'confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is

required.'" *U.S. Commodity Futures Trading Comm'n v. Parnon Energy, Inc.*, 593 Fed.
App'x. 32, 36 (2d Cir. 2014) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36
(1984)). "Rule 26(c) allows for the crafting of appropriate relief, including that the
disclosure or discovery may be had only on specified terms and conditions." *Ambac
Assur. Corp. v. Adelanto Public Utility Authority*, No. 09-cv-5087 (JFK), 2012 WL
1589597, at \*3 (S.D.N.Y. May 7, 2012) (internal quotations and citation omitted).

"The party seeking a protective order bears the burden of establishing that good
cause for the order exists." *Id.* at \*5 (citing *Gambale v. Deutsche Bank AG*, 377 F.3d 133,
142 (2d Cir. 2004)). It must demonstrate a "particular need for protection," showing
"specifically how, despite the broad and liberal construction afforded the federal
discovery rules, each [request] is not relevant or how each question is overly broad,
burdensome or oppressive by submitting affidavits or offering evidence revealing the
nature of the burden." *Id*. (citations omitted).

## III. DISCUSSION

### A. Solomon's Motion to Compel

#### *1. Documents Allegedly Missing From Solomon's Personnel File*

Solomon first contends that Fordham's production of her personnel file should
have included records related to her promotion reviews. Doc. 132 at 16–17. Fordham
responds that it does not include every document or communication related to a faculty
member in the personnel file, and that the items that can be included are limited pursuant
to various provisions of the University statutes. Doc. 143 at 10. To the extent Fordham
has relevant documents outside of the personnel file, it claims to have "produced the
documents it possesses related to the issues [Solomon] outlined in her complaint and in
her document requests." *Id*.

"A party seeking discovery may move for an order compelling an answer,
designation, production, or inspection" if "a party fails to produce documents . . . as
requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B). Generally, "a party's good faith

averment that the items sought simply do not exist, or are not in his possession, custody, or control, should resolve the issue of failure of production since one 'cannot be required to produce the impossible.'" *Menard v. Chrysler Grp. LLC*, No. 14-cv-325 (VB), 2015 WL 5472724, at *1 (S.D.N.Y. July 2, 2015) (quoting *Zervos v. S. S. Sam Houston*, 79 F.R.D. 593, 595 (S.D.N.Y. 1978)). Further, "[i]n the face of a denial by a party that it has possession, custody or control of documents, the discovering party must make an adequate showing to overcome this assertion." *Mason Tenders Dist. Council of Greater New York v. Phase Constr. Services, Inc.*, 318 F.R.D. 28, 42 (S.D.N.Y. 2016) (internal citations and quotations omitted). In other words, a plaintiff must cite to specific evidence to challenge a defendant's assertions that no additional responsive documents exist. *Id.*; *see, e.g.*, *Margel v. E.G.L. Gem Lab Ltd.*, No. 4-cv-1514 (PAC), 2008 WL 2224288, at *3 (S.D.N.Y. May 29, 2008) (noting that moving party did "not cite any specific evidence impugning [the non-movant's] assertions that their production [was] complete" and thus court could not find basis for misconduct).

Here, Fordham has not clearly stated that the documents Solomon seeks are outside their possession or control, or that they do not exist. *Menard*, 2015 WL 5472724 at *1. Instead, Fordham claims that some records cannot be produced because the University statutes limit the disclosure of certain documents. However, Solomon is entitled to discovery of all nonprivileged, relevant, and proportional matters. *See* Fed. R. Civ. P. 26(b)(1). To be clear, Fordham is not entitled to withhold documents on the basis of the University statutes themselves. Fordham does not cite, nor is the Court aware of, any authority establishing that proposition. Indeed, in *University of Pennsylvania v. EEOC*, 493 U.S. 182 (1990), the Supreme Court held that neither a common law privilege nor First Amendment right of academic freedom prevented the disclosure of confidential peer review materials in a Title VII enforcement action. *Id.* at 189, 201. Fordham has not adequately explained why University statues create a privilege or otherwise prevent the disclosure of relevant documents. Accordingly, the Court lacks

10

sufficient information to grant Solomon's motion to compel. To the extent Fordham is
withholding otherwise relevant documents due to an alleged legal privilege, it is directed
to produce a privilege log listing any documents that are being withheld and the basis of
the privilege. If no legal privilege exists, Fordham is directed to provide the additional
responsive documents within its custody and control.

### 2. Allegedly Improper Redactions in Personnel Files

Solomon argues that within her personnel file, the names of her peer reviewers for
various promotions are improperly redacted. Doc. 132 at 13; Doc. 146 at 6.
Additionally, she notes that the names of the alleged comparator professors are also
redacted, as well as other "substantive information." Doc. 132 at 12. Fordham responds
that the redaction of the names of peer reviewers and alleged comparator professors'
personnel files are consistent with the University statutes, which direct that personnel
files and the peer review process are confidential. Doc. 143 at 12. Moreover, they argue
that Solomon has failed to establish that identifying information about her comparators
and peer reviewers are relevant to her claims. *Id.* at 12–13. Fordham challenges the
allegation that it redacted substantive information. Each of the foregoing issues is
examined in turn.

### a. Names of Peer Reviewers

Fordham argues that the redaction of the names Solomon's peer reviewers is
warranted because she has not established this information is relevant to her employment
discrimination claims. Doc. 143 at 12–13. Solomon responds that redacting the names
of peer reviewers is improper, and that knowing this information would help her prove
her case by the "totality of the evidence." Doc. 132 at 15.

Courts in this Circuit and in others have permitted university and other
institutional defendants to redact the names and identifying information of peer reviewers
when producing peer review materials in litigation. *See, e.g.*, *Kaplan v. Blue Hill
Memorial Hosp.*, No.14-cv-00276 (DBH), 2015 U.S. Dist. LEXIS 123256, at *5 (D. Me.

Sep. 15, 2015); *Sabharwal v. Mount Sinai Medical Ctr.*, No. 09-cv-1950 (JBW), 2011 WL 477693, at *4 (E.D.N.Y. Feb. 4, 2011); *Black v. New York Univ. Med. Ctr.*, No. 94-cv-9074 (NRB) (SS), 1996 WL 294310, at *4 (S.D.N.Y. June 3, 1996); *Quinn v. Nat'l Basketball Ass'n*, No. 91-cv-8257 (MBM), 1992 WL 179781, at *3 (S.D.N.Y. July 23, 1992); *Schneider v. Northwestern Univ.*, 151 F.R.D. 319, 323 (N.D. Ill. 1993). The relevant inquiry was announced in *University of Pennsylvania v. EEOC*, 493 U.S. 182 (1990). In *University of Pennsylvania*, the Supreme Court recognized that universities and other academic institutions have an interest in the confidentiality of their peer review process, but held that educational institutions were not given special protections from disclosing peer review materials in a Title VII discrimination inquiry. *Id.* at 194. Instead, a plaintiff must show the "mere relevance" of materials to require their disclosure.[8] *Id.* at 188.

  As the party requesting discovery, it is Solomon's burden to establish relevance. *See Go New York Tours, Inc.*, 2023 WL 9111158, at *1. Solomon only states that the redactions of the names of the peer reviewers prevent her from presenting evidence that would allow her to prove her case, but does not describe in any way how the specific names of peer reviewers are relevant to establishing her case. Moreover, the Court finds that Fordham's redactions conform to precedent from this Circuit and others that permit the names of peer reviewers to be redacted. Accordingly, Solomon's motion to compel on this basis is denied.

  *b. Names of Alleged Comparator Professors*

  Solomon argues that the names of the alleged comparator professors are relevant to her claims. Specifically, she points out the unredacted information could help her "connect information from different sources" in discovery, assist her in "fleshing out" the comparators in terms of their specific job duties, and provide other factual information to

---

[8] The Supreme Court specifically left open whether the university could produce the documents in redacted form. *Univ. of Pennsylvania*, 493 U.S. 188 n.2.

establish their "comparator status." Doc. 146 at 12. Fordham responds that it has already provided her with a key that will allow her to determine comparator professors' gender, year of birth, and title, which is the information that is relevant to her claims. Doc. 143 at 12.

In order to state a *prima facie* case for discrimination, "a plaintiff must proffer some admissible evidence of circumstances that would be sufficient to permit an inference of discriminatory motive." *Bennett v. Watson Wyatt & Co.*, 136 F. Supp. 2d 236, 246 (S.D.N.Y. 2001), *aff'd*, 51 Fed. App'x 55 (2d Cir. 2002). A plaintiff alleging disparate treatment, as Solomon does here, can support her discrimination claims by showing that similarly situated employees outside of her protected class were treated more favorably. *Norville v. Staten Island Univ. Hospital*, 196 F.3d 89, 95 (2d Cir. 1999). Here, Solomon's complaint relies on the differences between her and younger, white, male, and non-Jewish professors. ¶¶ 2, 4, 11, 49–50, 107–109, 141, 238, 410. The documents provided by Fordham include information about the alleged comparators (such as age and gender) that allow her to determine whether they are outside of her protected class.

In light of the other biographical information provided by Fordham, Solomon must explain why the specific names of the comparator professors are relevant to her discrimination claims. *See Go New York Tours, Inc.*, 2023 WL 9111158, at *1. But she does not; instead, she argues that the Second Circuit decision issued a "mandate" regarding these redactions.[9] Doc. 146 at 11–12. Solomon's argument does not have merit. In the summary order, the Second Circuit only reviewed this Court's March 29, 2022 Opinion dismissing the Third Amended Complaint. It did not review or issue an

---

[9] The first page of the Second Circuit decision includes the word "mandate" in red text. Doc. 125 at 1. Solomon also references a footnote in the decision stating "Solomon alleges that Fordham redacted the comparators' names . . . which may explain why she does not allege the specific job duties of each professor" in her unequal pay claim. *Id.* at 7 n.1. The Second Circuit's reference to Solomon's allegations does not constitute a decision on whether the redactions were proper.

13

order related to discovery issues. Accordingly, Solomon's motion to compel on this basis is denied.

### c. Other Information About Alleged Comparator Professors

Finally, in an exhibit to her motion, Solomon attaches several pages of documents produced in discovery that redact more than just the names of individual alleged comparators. In some cases, entire pages are redacted. *See* Doc. 132 at 80–86. Fordham represents that it only "redacted the names of the peer reviewers and comparator professors from its production" and "did not redact any substantive information" related to Solomon's claims. Doc. 143 at 11.

It is unclear to the Court what these redactions concern. Accordingly, the Court lacks sufficient information to grant Solomon's motion to compel. Fordham is therefore directed to produce a log listing any documents that are being redacted and the basis for the redaction.

### 3. Dispute about Solomon's Document Requests

Solomon claims that Fordham has not produced documents in response to several requests—and has not produced a privilege log detailing why any documents were withheld.[10] Doc. 132 at 19. Fordham responds that it is in the process of reviewing its files for additional responsive documents and will produce them in accordance with the current discovery schedule. Doc. 143 at 18.

Since Defendants are still searching for documents responsive documents, a motion to compel document production is not yet ripe. *See Menard*, 2015 WL 5472724 at *1. The Court directs Fordham to respond to the requests in accordance with the current discovery schedule. *See U.S. for Use and Benefit of M. Frank Higgins & Co., Inc. v. Dobco Inc.*, No. 22-cv-9599 (CS) (VR), 2023 WL 5302371, at *4 (S.D.N.Y. Aug.

---

[10] Specifically, Solomon refers to requests number 3, 5, 6,7, 9, 11, 12, 16, and 17. Doc. 132 at 19.

17, 2023) (noting that Rules 26 and 34 "obligate a party to produce information that is relevant and responsive."). The motion to compel on this basis is therefore denied.[11]

### 4. Dispute over Designation of Documents as Confidential

Solomon next argues that Fordham has marked every document produced in discovery as confidential, which she claims violates the February 14, 2019 protective order. Doc. 132 at 21. Fordham represents that its designation of documents as confidential was proper and in accordance with the protective order. Doc. 143 at 17–18.

As noted above, the February 14, 2019 protective order allows either party to designate any discovery material as confidential if the producing party "determines, in good faith, that such a designation is necessary to protect its interests in information that is sensitive and non-public." Doc. 24 at 1.

Here, Fordham claims it has an interest in protecting "potentially sensitive information, including peer review information as well as the salary and biographical information of comparator professors." Doc. 143 at 17. The Court notes that this information is contained in personnel files, which the protective order expressly contemplated as potentially confidential information. Doc. 24 at 1. Moreover, Solomon has not presented any evidence that Fordham's designations were not made in good faith. While she alleges that she is prejudiced by the confidential designations due to the imposition of "additional burdens," Solomon does not explain what the prejudice or additional burdens are. *See* Doc. 147 at 16. Accordingly, the Court denies her motion to compel Fordham to remove the confidential designations in its production.

---

[11] In her reply, Solomon raises additional disputes about other discovery requests, including interrogatories served on March 25, 2019, and a second set of document requests served on February 16, 2024. Doc. 146 at 9–10. "'Arguments may not be made for the first time in a reply brief.'" *Simpson v. City of New York*, 793 F.3d 259, 264 (2d Cir. 2015) (quoting *Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir.1993). Courts are not required to consider newly raised arguments as it denies the opposing party the opportunity to respond. *Marcoux v. Farm Serv. and Supplies, Inc.*, 290 F. Supp. 2d 457, 484 n.28 (S.D.N.Y. 2003) (citing *United States v. Yousef*, 327 F.3d 56, 115, 171 (2d Cir.2003), *cert. denied*, 540 U.S. 933, 124 S. Ct. 353, 157 L.Ed.2d 241, 2003 WL 22005941 (Oct. 6, 2003). The Court thus limits its consideration to arguments about Solomon's first document request, although it notes that since Fordham's production of discovery is still ongoing, the other document requests are similarly unripe for judicial review.

15

### 5. *Fordham's Alleged Misrepresentations to the Court*

Finally, Solomon requests that Fordham comply with their representations to the Court. Doc. 132 at 23. Specifically, she contests Fordham's representation that her status at Fordham remains unchanged, which "omit[s] a new adverse action in retaliation [taken on February 1, 2020]," namely the denial of her health benefits. *Id.* Fordham responds that this issue is not properly set forth in a motion to compel. Doc. 143 at 21.

The Court agrees with Fordham. Solomon further describes these issues in her Third Amended Complaint, *see* ¶¶ 374–278. Accordingly, this claim is not properly raised in a motion to compel discovery, but instead will be addressed during the adjudication of Solomon's claims on the merits. The motion to compel on this basis is also denied.

### B. **Fordham's Motion for a Protective Order**

Fordham requests a protective order to allow it to redact the names of peer reviewers and alleged comparator professors in the documents it produces in this action. Doc. 143 at 13. As discussed above, it largely rests its argument on the alleged privacy interests of its employees and the sensitive nature of the University's peer review process for faculty promotions. *Id.* at 13–17. Solomon opposes this request, and argues that February 19, 2019 protective order sufficiently addresses Fordham's concerns about employee privacy and sensitive information. Doc. 147 at 10.

As stated above, a court may issue a protective order on a finding of "good cause" based on the need to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). However, "[t]o establish good cause under Rule 26(c)," Fordham is required to make a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Republic of Turkey v. Christie's, Inc.*, 312 F. Supp. 3d 385, 388 (S.D.N.Y. 2018).

16

Here, Fordham states that it has compelling need to redact the identities of the peer reviewers to "ensure that the peer review process is not disrupted by disclosure," Doc. 157 at 9, and has a similar need to redact comparator professors to "maintain the privacy of its employees," Doc. 143 at 15. Furthermore, it argues that the February 14, 2019 protective order does not sufficiently mitigate these concerns because it does not include the possibility of redactions.

The Court agrees with Fordham. As discussed above, courts have recognized that academic institutions have an interest in the confidentiality of the peer review process through allowing redactions. *See, e.g.*, *Kaplan*, 2015 U.S. Dist. LEXIS 123256, at *5; *Sabharwal*, 2011 WL 477693, at *4; *Schneider*, 151 F.R.D. at 323. Moreover, prior caselaw from this District supports Fordham's argument that a protective order is warranted. In *Black v. New York University Medical Center*, a medical school professor brought gender discrimination claims pursuant to state and federal laws. Black moved to compel disclosure of documents, including letters of outside evaluators submitted in the promotion review process and materials concerning deliberations on her candidacy for promotion. No. 94-cv-9074 (NRB) (SS), 1996 WL 294310, at *3 (S.D.N.Y. June 3, 1996). In granting the medical school's request for a protective order redacting the names of evaluators and committee members, the court noted that the "plaintiff has made no showing that disclosure of these persons are necessary or important (or even relevant)[.]" *Id.* at *4.

As in *Black*, and as explained above, Solomon has also not adequately shown why the *names* of peer reviewers and of alleged comparator professors are relevant to her discrimination claims. This is especially true in the light of the fact Fordham has already produced a key establishing the gender, age, and title of the alleged comparator professors. Because the Court finds that Fordham has demonstrated good cause exists to issue a protective order allowing it to redact the names of peer reviewers and alleged comparator professors, its motion for a protective order is granted.

17

### C. Fordham's Motion to Compel

Fordham moves to compel Solomon to undertake a "reasonable" search for responsive documents, "including but not limited to searches of her personal and Fordham issued email accounts, and to produce any additional responsive documents" in her custody or control. Doc. 143 at 19. In response, Solomon states that she is "producing from her Fordham and Gmail accounts and will continue to search and produce additional responsive emails and documents." Doc. 147 at 5. She also states that Fordham is already in possession of the documents it seeks to compel because it has access to her Fordham email account. Doc. 147 at 7–8.

Parties have a duty to "conduct reasonable searches for documents responsive to discovery requests." *Urban Outfitters, Inc. v. Hype Outfitters, Inc.*, No. 05-cv-6791 (HBP), 2006 WL 8461853, at *1 (S.D.N.Y. Oct. 30, 2006). While Fordham confirms that it is in possession of documents contained in Solomon's Fordham email account, Doc. 152 at 7, this does not relieve Solomon of her duty to conduct a reasonable search of her personal Gmail account or her personal files. Since Solomon represents that production from her Gmail account and personal files is ongoing, the Court finds that the motion to compel document production is not yet ripe. *See Menard*, 2015 WL 5472724 at *1.[12]

Accordingly, the Court directs Solomon to complete her production of documents according to the discovery schedule set forth by the parties, and reminds her of her discovery obligations to conduct a reasonable search for responsive documents. The motion to compel on this basis is therefore denied.

### IV. CONCLUSION

For the foregoing reasons, Solomon's motion to compel is DENIED and Fordham's motion to compel is DENIED. Fordham's motion for a protective order is

---

[12] Indeed, in its reply, Fordham represents that this is the first time in the litigation that Solomon has stated she will conduct a review and production of the documents contained in her Gmail account. Doc. 152 at 7.

GRANTED. The parties are directed to submit a proposed protective order by July 16, 2024.

The Court also directs:

(1) Fordham to produce a privilege log by August 2, 2024 listing: (a) any documents that are being withheld and the basis therefore; and (b) listing any redactions, apart from the names of peer reviewers and alleged comparators, as well as the basis therefore.

(2) Fordham to produce the documents in response to Solomon's First Document Request in accordance with the current discovery schedule; and

(3) Solomon to undertake a reasonable search for responsive documents in her possession and control, which should be produced in accordance with the current discovery schedule.

The Clerk of Court is respectfully directed to terminate the motions, Docs. 132 and 141.

It is SO ORDERED.

Dated: July 2, 2024
       New York, New York

_____
EDGARDO RAMOS, U.S.D.J.

# EXHIBIT 13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ESTHER SOLOMON,                                              18-CV-4615 (ER)

Plaintiff,

                                    NOTICE OF MOTION FOR
         - against -               RECONSIDERATION

FORDHAM UNIVERSITY,

Defendant.
-------------------------------------------------------------X

NOTICE OF MOTION FOR RECONSIDERATION
OF THE PART OF THE JULY 2, 2024 ORDER  GRANTING THE DEFENDANT'S MOTION TO
MODIFY 2019 STIPULATED PROTECTIVE ORDER THEY VIOLATED TO ALLOW
NAME REDACTIONS

PLEASE TAKE NOTICE that Plaintiff Pro Se Esther Solomon shall move this Court for

Reconsideration of the Portion of the July 2, 2024 Order, granting Defendant's Motion to replace

the 2019 protective order they violated, to allow comparator name redactions,

and for such other, further and different relief as the Court deems just and proper.

PLEASE TAKE FURTHER NOTICE that in support of the Motion, Plaintiff shall rely upon the

accompanying Memorandum of Law, and all prior pleadings, submissions and proceedings.

Dated: July 16, 2024                                        Respectfully submitted

                                                /s/ *Esther Solomon*
                                                Esther Solomon
                                                Plaintiff Pro Se

# EXHIBIT 14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ESTHER SOLOMON,

Plaintiff,

                    - against -                    18-CV-4615 (ER)

FORDHAM UNIVERSITY,

Defendant.
-------------------------------------------------------------X


MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION
OF THE PART OF THE JULY 2, 2024 ORDER  GRANTING THE DEFENDANT'S MOTION TO
MODIFY 2019 STIPULATED PROTECTIVE ORDER THEY VIOLATED TO ALLOW
NAME REDACTIONS


                                        Esther Solomon
                                        Plaintiff Pro Se


i

# Table of Contents

PRELIMINARY STATEMENT ........................................................................................... 1

THE STANDARD FOR MODIFYING THE PROTECTIVE ORDER IS NOT MET ................. 2

    Defendant Asks for Forgiveness, Not Permission. .................................................................. 2

    Cravath Correspondence: No improvidence in the granting of the initial Protective Order ....... 3

    Shifting Representations to the Court Regarding Redactions ..................................................... 4

    Double Standard- Defendant Used Comparator Names to Support their Defense Against
    Discrimination ............................................................................................................................ 4

MISPLACED RELIANCE ON THE *BLACK* CASE ...................................................................... 5

PLAINTIFF MEETS THE BURDEN OF RELEVANCE- DEFENDANT DOES NOT ............... 6

    Comparator Name Redactions and the Pattern ........................................................................... 6

    Peer Reviewer Name Redactions ................................................................................................ 7

    Second Circuit Decision: Discovery Implications ..................................................................... 8

CONCLUSION ...................................................................................................................... 9

# Table of Authorities

**Cases**

*Black v. New York Univ. Medical Ctr.,* 1996 U.S. Dist. LEXIS 7632 (S.D.N.Y. 1996)................5

*Brown v. City of Syracuse,* 673 F.3d 141 (2d Cir. 2012) .............................................................9

*Citizens Union of City of New York v. Attorney Gen. of New York*, 269 F. Supp. 3d 124

    (S.D.N.Y. 2017)......................................................................................................................6

*In re Beacon Associates Litig.*, 818 F. Supp. 2d 697 (S.D.N.Y. 2011) ...........................................1

*In re Hornbeam Corp.,* 2020 U.S. Dist. LEXIS 145996 (S.D.N.Y. 2020)................................2

*Martindell  v. Int'l Tel Tel.*, 594 F.2d 291 (2d. Cir. 1979) ............................................................2

*Moll v. Telesector Res. Grp., Inc.*, 760 F.3d 198 (2d Cir. 2014)....................................................8

*SEC v. The Street. Com*, 273 F.3d 222 (2d Cir. 2001) ...................................................................2

*Solomon v. Fordham Univ.* Admin. 2023 U.S. App. LEXIS 23494 (2d Cir. 2023)....................9

*University of Pennsylvania v. EEOC*, 493 U.S. 182 (1990)............................................................7

*Vengalattore v. Cornell Univ.*, 36 F.4th 87 (2d Cir. 2022). ...........................................................8

*Weinstock v. Columbia Univ.*, 1995 U.S. Dist. LEXIS 14003 (S.D.N.Y. 1995).............................7

## PRELIMINARY STATEMENT

Plaintiff Pro Se Esther Solomon respectfully submits this Memorandum of Law in support of her Motion for Reconsideration. Plaintiff moves the Court to reconsider the portion of its Order that granted Defendant a new modified Protective Order replacing the valid 2019 Stipulated Protective Order Dkt 24, allowing name redactions that endorse Defendant violations. Plaintiff meets the standard for reconsideration under Fed. R. Civ. P. 59(e) and Local Rule 6.3, which may be granted where (1) the moving party can show an intervening change in the controlling law; (2) upon discovery of new evidence not previously available; or (3) on a showing of the need to correct a clear error of law or prevent manifest injustice. *In re Beacon Associates Litig.*, 818 F. Supp. 2d 697, 701-02 (S.D.N.Y. 2011).

Defendant has not met the Second Circuit standard for modifying a protective order, denying the requested redactions will prevent manifest injustice, and that facts involving Defendant's correspondence with Cravath where Defendant's acknowledge redactions are not proper under this case, may have been overlooked. The modified Protective Order would implement redactions that are inconsistent with a Title VII Discrimination case in university professors' context- with an alleged pattern of systemic discrimination involving multiple victims of protected classes.

The Defendant's redaction request seeks to preclude the Plaintiff from access but not the Public, which is already protected by the confidentiality provisions in the 2019 Stipulated Protective Order.

As of the time this document was submitted, Defendant had not contacted me or supplied any proposed draft of a new protective order.

1

THE STANDARD FOR MODIFYING THE PROTECTIVE ORDER IS NOT MET

The law is clear that "In this Circuit, there is a strict standard for modification of a protective order entered by a district court. See *In re Teligent, Inc.*, 640 F.3d 53, 59 (2d Cir. 2011). Under this strict standard, "it is 'presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied.'" "Once a court enters a protective order and the parties rely on that order, it cannot be modified 'absent a showing of improvidence in the grant' of the order or 'some extraordinary circumstance or compelling need.'" *In re Hornbeam Corp.*, 2020 U.S. Dist. LEXIS 145996 (S.D.N.Y. 2020) (citations omitted).

The Defendant negotiated and knowingly and willingly entered the Stipulation with its sophisticated law firm and knew that no redactions were appropriate (see Cravath section below). See also *Martindell v. Int'l Tel Tel.*, 594 F.2d 291, 296 (2d. Cir. 1979)) and *SEC v. The Street. Com*, 273 F.3d 222 (2d Cir. 2001),

The Order applies the standard of a new Protective Order and not the appropriate standard for modification of a protective order. The defendant does not meet the standard of showing "improvidence in the grant" of the order or "some extraordinary circumstance or compelling need and their request should have been denied.

Defendant Asks for Forgiveness, Not Permission.

Additionally, consideration should have been given to the fact that the defendant knowingly and repeatedly violated the Protective Order by the improper redactions obstructing discovery over years; this should not have been rewarded by endorsing the violations. While arguing that the names of comparators are superfluous, they endorse a double standard by using the names themselves. Defendant knowingly signed the original stipulated protective order without any duress. Now, they ask for a Mulligan or a do-over—but this is not golf or a kids' game.

2

Cravath Correspondence: No improvidence in the granting of the initial Protective Order

Five years ago, Fordham first negotiated, agreed to the terms and committed to

complying with the terms of the Stipulated Protective Order. However, as the Cravath

Swaine and Moore law firm pointed out, they immediately violated its terms, including

regarding the unauthorized redactions.

The state of mind right after the stipulated protective Order is expressed in the

correspondence between the parties and the mutual understanding that there would be no

redactions consistent with the Protective Order. But Fordham broke the rules.

On April 10, 2019, the Cravath firm, my attorneys at the time, wrote Fordham on

Defendant's ongoing violations and deceit:

"We write to address discovery issues related to Dr. Solomon's personnel file, as well as
redactions in certain documents produced to date.
With regard to the personnel file, as discussed during the parties' March 21 meet and confer,
please confirm that the three files produced to date — the HR, Provost and Gabelli files —
comprise the entirety of Dr. Solomon's personnel file, and that there are no other components of
that file.
With regard to the redacted documents, you represented to us during the parties' March 15 meet
and confer that you needed to confirm whether Fordham would agree to produce unredacted HR,
Provost and Gabelli files. You reiterated this promise during our March 21 meet and confer, and
again during the parties' April 1 meet and confer. We have now been awaiting a response from
you for more than three weeks. Please confirm immediately whether Fordham will agree to
produce these materials *without redactions, as required by the Federal Rules*."[emphasis added]
On April 11, 2019, Defendant had written to Cravath that only Subpoenas per the

Fordham Statutes allow unredacted files:

"As you have seen in the Faculty Statutes and as Dr. Solomon fully understands, there is a multi-
step process that must be followed if the confidential records are to be produced without
redaction, which would significantly delay the production. See §4-07.41. Moreover, the Faculty
Statutes effectively give the affected faculty member standing to object to the production of their
unredacted records. See §4-07.42
Fordham responded that they had yet to produce complete Personnel files and indicated, for the

first time in their new position, that subpoenas would be required to produce unredacted

personnel files. When the Plaintiff served subpoenas for her Personnel file and those of the

comparators in November 2019, they never produced unredacted files.

Shifting Representations to the Court Regarding Redactions

Later in the January 29, 2020 Discovery Hearing, Fordham sidestepped the Court's

subpoena redaction question, admitting that Fordham's Statutes do not require any redactions but

allow unredacted comparator personnel files.

> THE COURT: I'm sorry. If she served you with a subpoena, does that permit you to turn over the
> files in an unredacted fashion of the comparators?
> MS. DRYER: With a lawful subpoena. It is Fordham's position this is not a lawful and correct
> subpoena.
> THE COURT: Why not?
> MS. DRYER: Because we have turned over all the information that's sought in the subpoena. See
> Transcript, Dkt. 67, p. 24
> However, Fordham never produced complete files, unredacted files, or an update for

2019-2024 for the Plaintiff or any of the comparator professors.

Double Standard- Defendant Used Comparator Names to Support their Defense Against
Discrimination

Here, Defendant used the names of comparators in their defense, documenting relevance

of comparator names. They are essential to claims and defenses in this case. Fordham presented

the names and schedules of Comparator Professors Hurley, Hollwitz, Pirson, Stoner, and Wright

in their first motion to dismiss. It presented Fordham's defense that there was no discrimination

(supposedly) because these male Professors had, at some point, taught the undergraduate

Introductory Management course.

These unredacted comparator schedules are exhibited in VP Crooker's Affidavit (Dkt

56), submitted with Fordham Reply to support their Motion to Dismiss the Complaint in 2019.

Fordham used the Comparator names to its advantage, relying on the Order they try to set aside

now to disadvantage Plaintiff, depriving her of access to Comparator names

Now, seven years later, they continue to violate the Protective Order with unauthorized

redactions in all their document productions, including the ones in 2024. It does not appear

appropriate that there be a double standard, one to enable the defendant to assert its defenses and

4

a different for the Plaintiff, denying her access to the names and blocking her ability to prove her claims and prosecute her case.

## MISPLACED RELIANCE ON THE *BLACK* CASE

There is no case providing support for redacting comparator professors' names in a Title VII University context. To argue otherwise, Fordham misstated the law, improperly citing *Black v. New York Univ. Medical Ctr.*, 1996 U.S. Dist. LEXIS 7632 (S.D.N.Y. 1996). *Black* did not address comparator name redactions, despite Defendant's distortions. Comparator name redactions in documents produced by Fordham undermine my ability to prove my case.

### *Black* Does Not Support the Redaction of Comparator Names

*Black* is distinguishable in many ways: It did not order comparator name redactions nor consider any. Unlike here, there was no pre-existing Protective Order that Defendant violated and then asked the Court to modify. *Black* conducted an in-camera review of records before to establish relevance, and the order required review by the Court in-camera again of redacted records before being produced.

In *Black*, Plaintiff had not identified any comparators. The only ruling was to redact the names of external authors of letters and peer reviewers tentatively "for now." Also, in *Black*, there was a personal review in-camera for relevance before and after redactions prior to production. This Court's Order below, Dkt. 156, quoted *Black,* which stated:

> "plaintiff has made no showing that disclosure of these persons are necessary or important (or even relevant)[.]" 1996 U.S. Dist. LEXIS 7632.

However, the reference by *Black* was only to *outside evaluators/peer reviewers* that the Court explicitly qualifies/specified were not decision-makers. The *Black* quote regarding "these persons" is as follows:

> FN. 9-From the Court's in-camera review, it is clear that the outside evaluators, who *are not decision-makers* with respect to the plaintiff's status at the Medical Center, deal primarily with these two issues in their letters. ....Therefore, at this stage of discovery, the identities of the evaluators is of far less significance than whether the substance of the letters supports the defendant's proffered explanation for not promoting plaintiff. [emphasis added]

5

However, the comparator Professors, who are all tenured, are decision-makers and were not

addressed by *Black*. Reliance on *Black* does not support the conclusion that comparator

redactions are warranted.

## PLAINTIFF MEETS THE BURDEN OF RELEVANCE- DEFENDANT DOES NOT
Comparator Name Redactions and the Pattern
Plaintiff met the burden in showing the relevance of comparator names and peer reviewers. But

Defendant does not meet the burden for redactions in a modification of the Protective Order. As

detailed below, Plaintiff shows the significance of comparator names and peer reviewer names.

> "The party seeking discovery bears the initial burden of proving the discovery is relevant, and
> then the party withholding discovery … bears the burden of proving the discovery is, in fact,
> privileged or work product, unduly burdensome and/or expensive. *Citizens Union of City of New
> York v. Attorney Gen. of New York*, 269 F. Supp. 3d 124, 139 (S.D.N.Y. 2017).
> An essential requirement in Title VII cases is identifying comparators, which is

impossible with concealed names. In this case involving a pattern, anonymity precludes

connecting qualitative with quantitative data and other indicia of discriminatory intent.[1]

A key element in discrimination cases is proving discriminatory intent using comparators,

derogatory statements, and failures to investigate. It requires combining disparate data sets in "a

mosaic" of discrimination as retaliation as alleged here. It also requires exploring the question of

"fleshing out" and presenting the data to the jury for decision. Here, the names are particularly

important because the list of comparators includes subtypes: perpetrator professor comparators,

protected-class victim comparators, and other comparators. Each has multiple roles with

disparate information to tie together: some are administrators, with different classes, perquisites,

and salaries. Tying all that information for the jury without being able to assign the facts to

particular names will make fleshing out the comparators near impossible. Anonymity and

---

[1] "A disparate treatment claim often includes a combination of strong statistical evidence of disparate impact coupled with
anecdotal evidence of the employer's intent to treat the protected class unequally." *Kassman v. KPMG LLP*, 416 F. Supp. 3d 252,
284 (S.D.N.Y. 2018)

secrecy by their name redactions ensure failure to distinguish between the two types of comparators and account for their actions regarding each other, in peer reviews, promotions, false charges.

Peer Reviewer Name Redactions

Peer reviewer name redactions should not be supported in this Title VII university case. To misportray them as legitimate, Defendant improperly relies on two cases that stand for disclosure of university peer review records: The Supreme Court case *University of Pennsylvania v. EEOC*, 493 U.S. 182 (1990) and *Weinstock v. Columbia Univ.*, 1995 U.S. Dist. LEXIS 14003 (S.D.N.Y. 1995). However, neither case addressed redactions. While the word "redactions" does not appear in *Weinstock*, Defendant cites it as supporting redaction of peer reviewer names (Dkt 152 p 8). In *Pennsylvania*, the Supreme Court specifically clarified that it did not consider redactions on peer review records in enforcing the subpoena. (footnote 9, p.589.

All comparator professors are tenured professors, and as such, they play both roles in different circumstances in the self-governance system of the University: The tenured Comparator professors are decision makers regarding their colleagues as members of the peer review Personnel committee, deciding on their colleagues' reappointment, tenure, promotion, emeritus status, and in disciplinary processes and decisions through Hearings and committees, permanent or ad hoc, depending on the circumstances. The tenured Comparator professors are also subjects of evaluation in these same peer-reviewed University processes, defined in the University Statutes. They have complex roles that need the names to flesh out.

In this case, certain comparators act as comparator-competitors in a pattern of removing their colleagues from positions of authority and replacing them. Defendant asked and was granted to redact the names of the Comparator Professors, which results in two sets of redactions of the same peer review records, rendering them useless.

Take the Defendant's stance. When Defendant defended against their discriminatory conduct in their Motions, they inevitably used the comparator names. While Defendant used comparator names, referenced in the Court's decisions, they want to deprive Plaintiff of the same utility. After opening the door, they want to slam it shut on the Plaintiff. However, the cat is now out of the bag.

This is a case alleging a pattern of discrimination against protected-class Professors. Plaintiff is prejudiced without the identities of the comparators because she needs to be able to establish and argue why they are appropriate comparators. Defendant preserved a pattern of discrimination, including forcing out other professors in protected classes. The Court in *Malzberg v. New York Univ*. 2020 U.S. Dist. LEXIS 116678 (S.D.N.Y. 2020) noted that "Evidence relating to company-wide practices may reveal patterns of discrimination against a group of employees, increasing the likelihood that an employer's offered explanation for an employment decision regarding a particular individual masks a discriminatory motive." [citing]*Moll v. Telesector Res. Grp., Inc.*, 760 F.3d 198, 204 (2d Cir. 2014*)*;

This evidence with the names is necessary for my case. There is a need for comparator identities regarding their involvement in failures to investigate Plaintiff's complaints, and the secret detenuring and termination with its lack of due process. The significance regarding due process, tenure, and university professors is illustrated in V*engalattore v. Cornell Univ.*, 36 F.4th 87 (2d Cir. 2022).

Second Circuit Decision: Discovery Implications
Unlike the statement that the 2003 Second Circuit decision "did not review or issue an order related to discovery issues," I believe several aspects of the order have direct discovery implications and issues were reviewed. They include time scope for discovery beyond the statute of limitations, multiple references by the judges and the Order regarding

8

comparator professors, and the duty of Plaintiff to establish if they are valid comparators, emphasizing Plaintiff's obligation to marshal comparator evidence for the jury.

The Court is correct that the Second Circuit Decision/Mandate did not directly order the removal of comparator name redactions, nor did the Circuit overtly decide "on whether the redactions were proper." Doc. 156, p13, fn. 9. With all due respect, Plaintiff believes another Second Circuit standard may apply here, which "precludes re-litigation of issues impliedly resolved by the appellate court's mandate." *Brown v. City of Syracuse,* 673 F.3d 141, 147 (2d Cir. 2012). The excerpts below imply, as per *Brown,* that the comparator name redactions are improper in this case.

- "Solomon alleges that Fordham redacted the comparators' names . . . which may explain why she does not allege the specific job duties of each professor" in her unequal pay claim." *Solomon v. Fordham Univ.* Admin. 2023 U.S. App. LEXIS 23494 (2d Cir. 2023) p. 6, fn. 1
- "Wasn't there an issue with regard to the information that was provided, it didn't fully [00:31:30] disclose the salaries for specific professors for specific positions. I mean, isn't that a little bit of a hindrance to fully fleshing out the comparators?" Dkt. 126, p. 5

Defendant's requests are inconsistent with the implications of the Second Circuit's comments regarding name redactions.

## CONCLUSION

Plaintiff respectfully requests that her Motion for Reconsideration be granted and the replacement of the 2019 Stipulated Protective Order be denied.

Dated: July 16, 2024                                        Respectfully submitted,

                                                           /s/ *Esther Solomon*
                                                           Esther Solomon
                                                           Plaintiff Pro Se

# EXHIBIT 15

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------------X
ESTHER SOLOMON,

                               Plaintiff,

    - against -

FORDHAM UNIVERSITY,

                             Defendant.
--------------------------------------------------------------------------X

Case No.:
1:18-cv-04615-ER

 

## DEFENDANT FORDHAM UNIVERSITY'S MEMORANDUM OF LAW
## IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION



333 Earle Ovington Boulevard, 2nd Floor
Uniondale, New York 11553
(516) 357-3700

**TABLE OF CONTENTS**

Page(s)

PRELIMINARY STATEMENT ............................................................................................... 1

LEGAL STANDARD .......................................................................................................... 1

ARGUMENT ...................................................................................................................... 3

POINT I

PLAINTIFF FAILS TO MEET THE STANDARD FOR A MOTION FOR
RECONSIDERATION UNDER FRCP 60(b) AND LOCAL RULE 6.3 ...................................... 3

POINT II

THE COURT PROPERLY GRANTED FORDHAM'S MOTION FOR A PROTECTIVE
ORDER ............................................................................................................................ 5

CONCLUSION .................................................................................................................. 7

**TABLE OF AUTHORITIES**

Page(s)

Cases

*Aczel v. Labonia*,
584 F.3d 52 (2d Cir. 2009) .......................................................................................................... 3

*Black v. New York Univ. Medical Ctr.*,
94 Civ. 9074 (SS) (NRB), 1996 U.S. Dist. LEXIS 7632, at *4 (S.D.N.Y. June 3, 1996)………...4

*Blundon v. Goodyear Dunlop Tires N. Am. LTD.*,
U.S. Dist. LEXIS 161236 (W.D.N.Y. Nov. 9, 2012) ................................................................. 5

*Citizens Union of City of New York v. Attorney Gen. of New York*,
269 F. Supp. 3d 124 (S.D.N.Y. 2017) ....................................................................................... 5

*Corrales-Patino v. Procida Constr. Corp.*,
2022 U.S. Dist. LEXIS 143853 (S.D.N.Y. Aug. 11, 2022) ........................................................ 1

Court. *Paul v. Furstenberg Fin. SAS (In re Furstenberg Fin. SAS)*,
785 F. App'x 882 (2d Cir. 2019) ................................................................................................ 3

*Dietrich v. Bauer*,
198 F.R.D. 397 (S.D.N.Y. 2001) ............................................................................................... 2

*Go New York Tours, Inc.*,
2023 WL 9111158 ....................................................................................................................... 3

*Hines v. BMG Rights Mgmt. United States LLC*,
No. 20-CV-3535 (JPO), 2024 U.S. Dist. LEXIS 5260 (S.D.N.Y. Jan. 10, 2024) ..................... 2

*Kaplan v. Blue Hill Mem'l Hosp.*,
No. 1:14-cv-00276-DBH, 2015 U.S. Dist. LEXIS 123256 (D. Me. Sep. 15, 2015) .................. 6

*Naor World Media Films, Inc. v. JC Prod.*,
2024 U.S. Dist. LEXIS 110548 (S.D.N.Y. June 24, 2024) .................................................. 2, 3

*Paul v. Furstenberg Fin. SAS (In re Furstenberg Fin. SAS)*,
785 F. App'x 882, 886 (2d Cir. 2019)…………………………………………………………..3

*Quinn v. Nat'l Basketball Ass'n,*,
91 Civ. 8257 (MBM), 1992 U.S. Dist. LEXIS 10822, at *7 (S.D.N.Y. July 23, 1992)…………..6

71163.29 21142050v1

*Republic of Turkey v. Christie's, Inc.*,
   312 F. Supp. 3d 385 (S.D.N.Y. 2018) ........................................................................................ 5

*Sabharwal v. Mount Sinai Med. Ctr.*,
   No. 09 CV 1950 (JBW), 2011 U.S. Dist. LEXIS 11023, at *13 (E.D.N.Y. Feb. 4, 2011)...........6

*United States v. Meiri*,
   2024 U.S. Dist. LEXIS 10903 (S.D.N.Y. Jan. 22, 2024) ............................................................ 2


Rules

Fed. R. Civ. P. 59(e) ........................................................................................................................ 1

71163.29 21142050v1

## PRELIMINARY STATEMENT

Defendant Fordham University ("Fordham" or the "University") by its attorneys Cullen and Dykman LLP, respectfully submits this memorandum of law in opposition to Plaintiff's motion for reconsideration. In its July 2, 2024 Opinion and Order (the "Order"), this Court correctly granted Fordham's motion for a protective order to allow for the redaction of the names of comparator professors and peer reviewers in Fordham's production of those professors' personnel files. Plaintiff now seeks to relitigate those issues through her instant motion for reconsideration. As discussed below, Plaintiff fails to meet the stringent standard required for granting a motion for reconsideration. Rather, Plaintiff continues to put forth the same deficient arguments that have already been addressed by the Court.

In support of her instant motion Plaintiff fails to identify any intervening change of controlling law, new evidence or any clear error that would need to be corrected to prevent manifest injustice. Instead, Plaintiff continues to make vague and conclusory statements as to why the names of individual comparator professors should not be redacted, an issue which was already thoroughly addressed by the Court in its July 2, 2024 Order. In sum, Fordham has demonstrated a need to protect the privacy of comparators and peer-reviewers, especially since Plaintiff is a current Fordham faculty member. Accordingly, the Court should adhere to its original decision granting Fordham's protective order and deny Plaintiff's motion for reconsideration.

## LEGAL STANDARD

Plaintiff incorrectly brings her motion for reconsideration under Federal Rule of Procedure 59(e) ("FRCP"), which governs a motion to alter or amend a final judgment. Fed. R. Civ. P. 59(e). However, where there has been no trial and final judgment, as is the case here, FRCP 59(e) is inappropriate. *See Corrales-Patino v. Procida Constr. Corp.*, 2022 U.S. Dist. LEXIS 143853, at

*5 (S.D.N.Y. Aug. 11, 2022). ("As there has been no trial in this action, Rule 59(e) is clearly inapplicable. The Court will assume that [Plaintiff] intended to refer to Federal Rule 60(b), which governs motions for reconsideration . . ."). Accordingly, Plaintiff's motion for reconsideration is procedurally improper.

Although not mentioned in her motion, it is assumed that Plaintiff intended to file the instant motion under FRCP 60(b). Motions for reconsideration are governed by Local Civil Rule 6.3 and Rule 60(b). *See Corrales-Patino*, 2022 U.S. Dist. LEXIS 143853, at *5. The standard for granting a motion to reconsideration is strict, and such motions are generally denied unless the moving party can point to controlling decisions or data that the court overlooked. *Id*.

Motions to reconsider are generally not favored by this Court, as Rule 60(b) is "a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances." *United States v. Meiri*, 2024 U.S. Dist. LEXIS 10903, at *5 (S.D.N.Y. Jan. 22, 2024) (citations omitted). A motion for reconsideration under Rule 60(b) must be denied where it is used as a substitute for appeal or an attempt to relitigate issues that have already been decided. *Id*. Indeed, the relief available under a 60(b) motion is limited such as "(1) mistake, inadvertence, surprise, or excusable neglect . . . or (6) any other reason that justifies relief." *Hines v. BMG Rights Mgmt. United States LLC*, No. 20-CV-3535 (JPO), 2024 U.S. Dist. LEXIS 5260, at *12 (S.D.N.Y. Jan. 10, 2024). Relief is not available based on legal error alone. *Id*.

Under Local Rule 6.3, any notice of motion must be served within fourteen days of the determination of the original motion, and the memorandum must "se[t] forth concisely the matters or controlling decisions which counsel believes the court has overlooked." S.D.N.Y Local Rule 6.3.As with Rule 60(b), Rule 6.3 is "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully be the Court." *Naor World Media Films, Inc. v. JC Prod.*, 2024 U.S. Dist. LEXIS 110548, at *1 (S.D.N.Y. June 24, 2024) (citing

*Dietrich v. Bauer*, 198 F.R.D. 397, 399 (S.D.N.Y. 2001)). A party may not advance new arguments or requests for relief in a motion for reconsideration that were not previously presented to the Court. *Paul v. Furstenberg Fin. SAS (In re Furstenberg Fin. SAS)*, 785 F. App'x 882, 886 (2d Cir. 2019). Finally, the decision to grant or deny a motion for reconsideration rests in the sound discretion of the court. *See Corrales-Patino*, 2022 U.S. Dist. LEXIS 143853, at *5 (citing *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009).

## ARGUMENT

### POINT I

#### PLAINTIFF FAILS TO MEET THE STANDARD FOR A MOTION FOR RECONSIDERATION UNDER FRCP 60(b) AND LOCAL RULE 6.3

Even if Plaintiff brought her motion under the correct Rule, Plaintiff fails to meet the standard under FRCP 60(b) and S.D.N.Y. Local Rule 6.3, and as such, her motion must be denied. Plaintiff fails to point to any controlling decisions or information that the court overlooked in its Order and, instead uses her motion for reconsideration merely as an attempt to relitigate issues that this Court has already ruled on. *See Ware*, 2021 U.S. Dist. LEXIS 162765, at *2; *Naor World Media Films*, 2024 U.S. Dist. LEXIS 110548, at *1 (citation omitted). For example, Plaintiff continues to argue that Fordham improperly redacted names in her personnel file during discovery. However, the Court thoroughly addressed this in the Order. There, the Court considered Plaintiff's argument that Fordham was improperly redacting the names of comparators and peer reviewers from her file. The Court correctly noted that, as the party requesting discovery, it is Plaintiff's burden to establish the relevance of these alleged improper redactions. Doc. 156 at 12 (citing *Go New York Tours, Inc*., 2023 WL 9111158, at *1). Plaintiff previously failed to meet this burden in her motion to compel, arguing only that she needed the names of peer reviewers to present evidence that would allow her to prove her case, and that she needed the names of the comparators

to "connect information from different sources." Doc. 156 at 12. The Court correctly found that such vague and conclusory assertions failed to satisfy Plaintiff's burden of proving the relevance of this information. Plaintiff's claim that Fordham "misplaced reliance" on *Black v. New York Univ. Medical Ctr.*, 94 Civ. 9074 (SS) (NRB), 1996 U.S. Dist. LEXIS 7632, at *4 (S.D.N.Y. June 3, 1996) regarding redaction of comparator names is without merit. The Court did not rely on *Black* in granting Fordham's motion for a protective order regarding the redaction of the names of comparator professors. Instead, as stated above, the Court held that Plaintiff failed to meet the threshold burden of establishing that the names of the comparator professors are relevant to her claims. Doc. 156 at 13.

In her instant motion for reconsideration, Plaintiff again fails to argue with any specificity the necessity of the names of the comparators and peer reviewers. She writes, without any support, that "Plaintiff met the burden in showing the relevance of comparator names and peer reviewers." Doc. 158 at 6. She claims that there are different "subtypes" of comparators, and that each has "multiple roles with disparate information to tie together: some are administrators, with different classes, perquisites, and salaries. Tying all that information for the jury without being able to assign the facts to particular names will make fleshing out the comparators near impossible." Doc. 158 at 6. Plaintiff completely ignores the fact that all the relevant information, including salaries, has been disclosed to Plaintiff by Fordham with a key to protect the comparators' and peer reviewers' privacy. Plaintiff has not put forth any new evidence or controlling law to support her assertions that the *names* of the comparators and peer reviewers are necessary for her case. The key provided by Fordham allows Plaintiff to determine the comparator professors' gender, year of birth, and title, and Plaintiff has failed to show why anything beyond that is relevant to her claims.

Plaintiff also argues that by granting Fordham's motion for a protective order, the Court improperly modified the February 2019 protective order. Despite Plaintiff's assertions, the

4

February 2019 protective order is entirely irrelevant to the July 2024 protective order. As the Court recognized, the 2019 order did not sufficiently address Fordham's concerns about the privacy of its peer reviewers and employees. Doc. 156 at 17. Thus, the relevant standard was not that of a modification of a protective order as Plaintiff claims, but rather whether Fordham established good cause under Rule 26(c) by making a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." Doc. 156 at 16 (citing *Republic of Turkey v. Christie's, Inc.*, 312 F. Supp. 3d 385, 388 (S.D.N.Y. 2018). The Court correctly held that Fordham met this standard. Moreover, Plaintiff does not identify any authority to support her claim that the Court could not issue a second protective order in this matter. Courts in this Circuit routinely issue multiple protective orders in the same matter where the circumstances require it. *See Blundon v. Goodyear Dunlop Tires N. Am. LTD.*, U.S. Dist. LEXIS 161236, at \*20 (W.D.N.Y. Nov. 9, 2012) (granting multiple requests for protective orders related to disclosure).

Accordingly, Plaintiff, at most, brings this motion for consideration based on legal error alone (*Hines*, 2024 U.S. Dist. LEXIS 5260, at \*12) and has failed to meet the strict standard required for a Court to grant a motion for reconsideration.

**POINT II**

**THE COURT PROPERLY GRANTED FORDHAM'S MOTION FOR A PROTECTIVE ORDER**

Even if the Court were to grant Plaintiff's motion for reconsideration, Plaintiff's argument fails on the merits. Plaintiff's claims that she has met her burden in showing the relevance of the names of the comparators and peer reviewers, but Fordham has not met its burden to establish why such names should be redacted, is wholly without merit. Plaintiff failed to establish that the names of the alleged comparator professors are material and necessary to her argument. *Citizens Union of City of New York v. Attorney Gen. of New York*, 269 F. Supp. 3d 124, 139 (S.D.N.Y. 2017). Her

vague and conclusory statement that "anonymity precludes connecting qualitative with quantitative data and other indicia of discriminatory intent," is yet another attempt to mask such deficiencies. Doc. 158 at 6. By contrast, Fordham has a legitimate interest in protecting the names of its comparators and peer-reviewers, as those are the names of Plaintiff's coworkers and Plaintiff is a current Fordham faculty member. Fordham established this with particularity and specificity and the Court correctly granted its protective order.

Additionally, as noted by the Court, courts in other Circuits have recognized the importance of preserving confidentiality in the peer review process and have permitted redactions of the names and identifying information of peer reviewers during discovery. *See e.g.*, *Quinn v. Nat'l Basketball Ass'n*, 91 Civ. 8257 (MBM), 1992 U.S. Dist. LEXIS 10822, at *7 (S.D.N.Y. July 23, 1992) (holding that defendant could submit redacted documents which omitted the names of peer evaluators); *Sabharwal v. Mount Sinai Med. Ctr.*, No. 09 CV 1950 (JBW), 2011 U.S. Dist. LEXIS 11023, at *13 (E.D.N.Y. Feb. 4, 2011) (permitting defendant to redact the names, signatures and job titles of peer reviewers in document production); *Kaplan v. Blue Hill Mem'l Hosp.*, No. 1:14-cv-00276-DBH, 2015 U.S. Dist. LEXIS 123256, at *5 (D. Me. Sep. 15, 2015) (permitting the redaction of personally identifiable information of physicians subject to peer review in discovery documents). Plaintiff's claims that the Supreme Court in *University of Pennsylvania* "specifically clarified that it did not consider redactions on peer review records in enforcing the subpoena" is a complete misstatement of the law. Doc. 158 at 10. Rather, because the issue in that case revolved around whether the peer-review materials were discoverable at all, the Court specifically left open the issue of redactions. This is clearly not the case here, as Fordham has not refused, like the University of Pennsylvania, to produce documents in response to a subpoena -- it is merely enforcing its right to preserve the privacy of Plaintiff's coworkers in doing so. Plaintiff's additional argument that *Weinstock v. Columbia University* is inapplicable because the word "redaction,"

6

does not appear in the decision is similarly meritless. The Court there recognized the need to protect the privacy interests of faculty members, and emphasized that plaintiff's discovery requests for peer-review materials must be examined under a relevance standard. 95 Civ. 0569 (JFK)(RLE), 1995 U.S. Dist. LEXIS 14003, at *15 (S.D.N.Y. Sep. 25, 1995). As explained, Plaintiff has failed to meet that standard.

Finally, Plaintiff's claim that the Second Circuit issued a "mandate" regarding the redaction of alleged comparator professors' names is entirely meritless. The Court considered Plaintiff's argument on this and firmly held that the Second Circuit "only reviewed this Court's March 29, 2022 Opinion dismissing the Third Amended Complaint. It did not review or issue an order related to discovery issues." Doc.156 at 13-14. Plaintiff's "beliefs" that the order has discovery implications and that "another Second Circuit standard may apply here," (Doc. 158 at 8-9) do not alter the reality that the Second Circuit's order had nothing to do with redactions.

## CONCLUSION

For the foregoing reasons, Fordham respectfully requests that the Court deny Plaintiff's motion for reconsideration.

Dated: Uniondale, New York
        August 9, 2024

Respectfully submitted,

CULLEN AND DYKMAN LLP

By:     /s/ Ryan Soebke
        Ryan Soebke
        Jennifer A. McLaughlin
        *Attorneys for Defendant Fordham University*
        333 Earle Ovington Blvd., 2nd Floor
        Uniondale, New York 11553
        (516) 357-3700

71163.29 21142050v1

# EXHIBIT 16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

ESTHER SOLOMON,

Plaintiff,

                - against -               18-CV-4615 (ER)

FORDHAM UNIVERSITY,

Defendant.

-------------------------------------------------------------X


REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
MOTION FOR RECONSIDERATION
OF THE PART OF THE JULY 2, 2024 ORDER GRANTING THE DEFENDANT'S MOTION TO
MODIFY THE 2019 STIPULATED PROTECTIVE ORDER THEY VIOLATED TO ALLOW
NAME REDACTIONS


                                                     Esther Solomon
                                                     Plaintiff Pro Se

# Table of Contents

PRELIMINARY STATEMENT ................................................................................................... 1

PROCEDURAL ISSUES ......................................................................................................... 1

    Plaintiff's Motion for Reconsideration is Timely and Meets the Standards............................... 1

    Defendant's Procedural Violations in Seeking to Replace the Protective Order Warrant
    Dismissal ....................................................................................................................................... 2

ARGUMENT ............................................................................................................................ 2

    Defendant Does Not Meet the Standard for Modifying the Stipulated Protective Order .......... 2

    Defendant Reverses The Burden which is on the Party Seeking the Protective Order ............. 3

    Asymmetries Inconsistent with Proportionality ..................................................................... 4

    Ongoing Violations of the Protective Order ........................................................................... 5

DEFENDANT CONTINUES TO DEFY THIS COURT'S ORDERS ......................................... 6

CONCLUSION ......................................................................................................................... 7

# Table of Authorities

**Cases**

*AT & T Corp. v. Sprint Corp.*, 407 F.3d 560 (2d Cir. 2005) .......................................................... 2

*Austin v. Fordham Univ.*, 2024 U.S. Dist. LEXIS 62049 (S.D.N.Y. 2024) ................................... 4

*Blundon v. Goodyear Dunlop Tires N. Am.* LTD., U.S. Dist. LEXIS 161236 (W.D.N.Y. 2012).. 3

*Corrales-Patino v Procida Constr. Corp.,* 2022 U.S.Dist. LEXIS 143853 (S.D.N.Y. 2022)........ 1

*FDIC v. Ernst & Ernst*, 677 F.2d 230 (2d Cir. 1982)...................................................................... 2

*Go New York Tours, Inc. v. Aurora,* 2023 U.S. Dist. LEXIS 226607 (S.D.N.Y. 2023).......... 4

*In re Bofi Holding, Inc. Secs. Litig.* 2021 U.S. Dist. LEXIS 187305 (S.D.N.Y. 2021).................. 4

*In re Hornbeam*, 2020 U.S. Dist. LEXIS 145996 (S.D.N.Y. 2020)........................................... 2

*In re Teligent, Inc.*, 640 F.3d 53 (2d Cir. 2011)................................................................................ 2

*Kaplan v. Blue Hill Mem'l Hosp*., 2015 U.S. Dist. LEXIS 123256 (D. Me. 2015)........................ 5

*Lipian v. Univ. of Mich.,* 2020 U.S. Dist. LEXIS 85631, (E.D. Mich. 2020)................................ 4

*Martindell v. Int'l Tel. & Tel. Corp*., 594 F.2d 291, 296 (2d Cir. 1979)........................................ 2

*Quinn v. Nat'l Basketball Ass'n.,* 1992 U.S. Dist. LEXIS 10822 (S.D.N.Y. 1992)........................ 5

*S.E.C. v. TheStreet.com*, 273 F.3d 222 (2d Cir. 2001).................................................................... 2

*Sabharwal v. Mount Sinai Med*. 2011 U.S. Dist. LEXIS 11023, (E.D.N.Y. 2011)........................ 5

*Schneider v. Northwestern Univ.*, 151 F.R.D. 319 (N.D. Ill. 1993) ................................................ 5

*University of Pennsylvania v. EEOC*, 493 U.S. 182 (1990) ............................................................ 5

## PRELIMINARY STATEMENT

Plaintiff Pro Se respectfully submits this Memorandum of Law in further support of her

Motion for Reconsideration of the portion of the July 2, 2024 Order that granted Defendant a

new modified Protective Order replacing the valid 2019 Stipulated Protective Order Dkt 24,

allowing name redactions that endorse Defendant violations. This incorporates the previous

submissions.[1]

Defendant has not met the Second Circuit standard for modifying a protective order. The

Replacement of the Stipulated Protective Order ("SPO"), Dkt. 24, would implement name

redactions inconsistent with a Title VII Discrimination case in a complex university context

where there is a pattern and where comparators are decision-makers and witnesses.

## PROCEDURAL ISSUES

Plaintiff's Motion for Reconsideration is Timely and Meets the Standards
        Consistent with Local Civil Rule 6.3 of SDNY,[2] Plaintiff filed timely her motion for

reconsideration on July 16, 2024 within 14 days after the July 2, 2024 Order. On that day, July

16, Plaintiff also served the motion to Defendant by email (Exhibit [1]). But Defendant falsely

accuses Plaintiff of supposedly "procedurally improper" filing. Defendant incorrectly interpreted

*Corrales-Patino v Procida Constr. Corp.,* 2022 U.S.Dist. LEXIS 143853 (S.D.N.Y. 2022),

where, under similar circumstances, it was deemed procedurally proper.[3]

---

[1] Plaintiff's previous submissions include the motion to Compel discovery Dkt. 132, Reply to Motion to compel Dkt.146,  opposition to Defendant's two cross-motions in Dkt. 147, request for a Surreply, Dkt. 154, and the Motion for Reconsideration Dkt.158.

[2] SDNY "Local Civil Rule 6.3. Motions for Reconsideration - Unless otherwise provided by the court or by statute or rule (such as Fed. R. Civ. P. 50, 52, and 59), a notice of motion for reconsideration must be served within 14 days after the entry of the court's order being challenged."

[3] *Corrales-Patino* mentioned rule 59(e) as Plaintiff did, and "the Court assumes that Corrales intended to refer to rule 60(b)", and it ruled that "the motion is procedurally proper" since it was filed timely. In contrast, Defendant mischaracterized Plaintiff's motion as "procedurally improper" (Dkt. 160 pp. 5-6), supposedly relying on Judge Ramos's *Corrales-Patino* case.

<u>Defendant's Procedural Violations in Seeking to Replace the Protective Order Warrant Dismissal</u>

Fordham never requested or received Court authorization to file their motion for a new

Protective Order, nor did they hold the required Meet and Confer. Fordham violated this Court's

Individual Practices requirement 2.A.(i): "Strict adherence to Fed. R. Civ. P. 37(a)(1), the "meet

and confer" rule, is required."

Defendant violated due process rules, relevant FRCP rules, local SDNY Rules, and this

Court's rules. For example, their January 30, 2024 Court letter did request a cross-motion to

compel discovery. The Court authorized *only* that motion, not one for a new protective order,

Dkt. 135. Defendant does not deny their procedural violations. See also Plaintiff Memorandum,

Dkt. 147, p. 6, 10-11.

## ARGUMENT

<u>Defendant Does Not Meet the Standard for Modifying the Stipulated Protective Order</u>

The Second Circuit has different standards for Initial Protective Orders than for

Modification of Protective Orders, which has a higher standard. Defendant does not

address, contest the cases, or explain why this Court should deviate from the Second

Circuit's strict standard for modifying a protective order.[4]  Defendant did not demonstrate

'improvidence in the grant' of the order nor 'some extraordinary circumstance or compelling

need, but to the contrary.

The extant valid Stipulated Protective Order gives strict confidentiality. Section 6(b)
states:

---

[4] "In this Circuit, there is a strict standard for modification of a protective order entered by a district court. See *In re Teligent, Inc.*, 640 F.3d 53, 59 (2d Cir. 2011). Under this strict standard, "it is 'presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied.'" *AT & T Corp. v. Sprint Corp.*, 407 F.3d 560, 562 (2d Cir. 2005) (*quoting S.E.C. v. TheStreet.com*, 273 F.3d 222, 230 (2d Cir. 2001)). "Once a court enters a protective order and the parties rely on that order, it cannot be modified 'absent a showing of improvidence in the grant' of the order or 'some extraordinary circumstance or compelling need.'" Id. (quoting *Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 296 (2d Cir. 1979)); see also *FDIC v. Ernst & Ernst*, 677 F.2d 230, 232 (2d Cir. 1982) (per curiam)." From *In re Hornbeam*, 2020 U.S. Dist. LEXIS 145996 (S.D.N.Y. 2020).

> "this Court has *enjoined* the use of the Discovery Material ... for any purpose other than
> this litigation and has *enjoined* the disclosure of the Discovery Material to any other
> person;" [emphasis added]

Thus, any violator faces potentially severe consequences. Defendant does not address why this

strong Court Order will not suffice to protect their Productions—where they stamped every

document " Confidential," and every witness is enjoined. Neither extraneous Fordham personnel

nor outside parties will have access to these documents. Whether redacted or not, the public is

already prevented from accessing these documents. Name redactions will only hinder Plaintiff.

The circumstances at Fordham and the law are essentially the same as in 2019.

Fordham did not show any "improvidence" by this Court when the Court co-signed the

stipulated proposed Order. There is no compelling need since they already have

confidentiality, and case law is clear that comparator names are essential in discrimination

cases, especially here, where different faculty members have held multiple roles in the

pattern against Plaintiff and other professors.

Defendant did not respond to any of the Second Circuit cases on the standard.

Instead, Defendant trivializes the standard they do not meet: "Courts routinely issue multiple

protective orders in one case" citing *Blundon v. Goodyear Dunlop Tires N. Am*. LTD., U.S. Dist.

LEXIS 161236 (W.D.N.Y. 2012). They cite an inapplicable case off-point, combining two

different plaintiffs in one decision, two protective orders for each plaintiff, one for an inspection,

and one for documents.[5]  Dkt. 160, p. 9.

<u>Defendant Reverses The Burden which is on the Party Seeking the Protective Order</u>
Defendant reverses the burden that should be on them, who is seeking the Protective

Order.  The Court Order articulates the correct standard for seeking a protective order per

Fed. R. Civ. P. 26(c)(1). "The party seeking a protective order bears the burden of

---

[5] Blundon v. Goodyear Dunlop Tires N. Am. LTD., U.S. Dist. LEXIS 161236 (W.D.N.Y. 2012)

establishing that good cause for the order exists." Dkt. 156, p. 9. However, a review will

show that Defendant did not meet the standard. Defendants were granted the Protective Order

because "Solomon must explain why the specific names of the comparator professors are

relevant to her discrimination claims." Id.at p. 12. I did show the relevance, but even if not,

Defendant should be the one to carry the burden of the new protective Order. Defendant cites *Go

New York Tours, Inc. v. Aurora,* 2023 U.S. Dist. LEXIS 226607 (S.D.N.Y. 2023), but this is

a case on compelling discovery, not a protective order which requires the standard cited by

the Court, Rule 26(c)(1). See Defendant's Opposing Memo, Dkt. 160, p.7

Asymmetries Inconsistent with Proportionality

     Not only are there no extraordinary circumstances for the Defendant, but to the

contrary. These comparator name redactions will create an extreme disadvantage for the

Plaintiff. The defendant has placed the comparator names at the center of their defense,

establishing relevance. Precluding Plaintiff creates asymmetry and violates the

proportionality requirement in discovery. See *In re Bofi Holding, Inc. Secs. Litig.* 2021 U.S.

Dist. LEXIS 187305 (S.D.N.Y. 2021)[6] and *Austin v. Fordham Univ.*, 2024 U.S. Dist. LEXIS

62049 (S.D.N.Y. 2024).[7]

     Defendant does not address the prejudice against Plaintff from the double standard they

have imposed: Defendant used the names of comparators in their defense, documenting the

relevance of comparator names. They are essential to both the claims and defenses in this case.

---

[6] Id. "… Such asymmetrical access is unfair and contrary to the truth-seeking purpose of civil discovery…" citing *Lipian v. Univ. of Mich.,* 2020 U.S. Dist. LEXIS 85631, (E.D. Mich. 2020). The *Bofi* Court concluded in its discovery review that the: "June 15 Order failed to appropriately weigh relevance and the proportionality factors enumerated in the text of *Rule 26*, the Court finds that under *Rule 72(a)* the June 15 Order was clearly erroneous and contrary to the law governing discovery."

[7] Where student names were ordered disclosed under a protective order to secure confidentiality,

It does not appear appropriate that there be a double standard, one to enable the defendant to assert its defenses and a different one for the Plaintiff, denying her access to the names and blocking her ability to prove her claims and prosecute her case.

Redactions Inconsistent with Precedent

Contrary to the defendant seeking to support redactions that contradict the Supreme Court *University of Pennsylvania v. EEOC,* 493 U.S. 182 (1990), their cases do not support redactions in University peer review Title VII cases. In *Schneider v. Northwestern Univ.*, 151 F.R.D. 319, 323 (N.D. Ill. 1993), the professor was entitled to disclosure of peer reviewers' identities, and the court said….. even though in that case, plaintiff has pointed to no bias or evidence of discrimination. Their other cases *Kaplan v. Blue Hill Mem'l Hosp.*, 2015 U.S. Dist. LEXIS 123256 (D. Me. 2015) and *Sabharwal v. Mount Sinai Med.* 2011 U.S. Dist. LEXIS 11023, (E.D.N.Y. 2011) are cases of physician in hospitals cases not universities, subject to specialized rules and disciplinary processes governed by healthcare regulations and intended to avoid medical malpractice, reporting disciplined physicians to a national data bank. *Quinn v. Nat'l Basketball Ass'n,*, 1992 U.S. Dist. LEXIS 10822 (S.D.N.Y., 1992) is a contract enforcement case not involving peer review process but evaluation of Basketball referees.

Ongoing Violations of the Protective Order

Defendant does not deny that it violated this court protective order as Plaintiff wrote in her Memo on Reconsideration, Dkt. 158, p. 2.: "consideration should have been given to the fact that the defendant knowingly and repeatedly violated the Protective Order by the improper redactions obstructing discovery over years…" Defendant does not deny their wholesale redactions, the absent privilege logs, that the SPO provides for strict confidentiality, or that redactions are allowed for sensitive information such as ss number, birthdates, etc in the SPO. Such conduct may warrant sanctions. Defendant should not benefit.

5

Defendant does not deny they made shifting representations to the Court as excuses for their improper redactions, including on January 2020 to the Court that supposedly the Fordham statutes require redactions; and in the Mr. Soebke Declaration, Dkt. 142 ¶23. That assertion was rejected in the July 2, 2024 Court Order:

"To be clear, Fordham is not entitled to withhold documents on the basis of the University statutes themselves." Dkt. 156, p. 6.
Defendant does not address their correspondence with Cravath about producing

"confidential records" without redactions. On April 11, 2019, Fordham wrote Cravath: "there is a multi-step process that must be followed if the confidential records are to be produced without redaction... See §4-07.4." Defendant does not deny representing to Cravath that subpoenas enabled unredacted personnel files per the Fordham Statutes.

Defendant ignores the implications of the Second Circuit decision on the redactions mentioned in the decision and oral argument.

DEFENDANT CONTINUES TO DEFY THIS COURT'S ORDERS
Defendant has also not followed your Honor's recent July 2, 2024 Order, although they have been given every opportunity. Fordham was to produce "a privilege log by August 2, 2024 listing:

(1)(a) any documents that are being withheld and the basis therefore; and
(b) listing any redactions, apart from the names of peer reviewers and alleged comparators, as well as the basis therefore." Dkt. 156, p. 19
After this Court's July 2 Order, Fordham had an August 2, 2024 Document Production. The wholesale redactions continued. They prepared no privilege log listing those redactions nor those from the 2019 Production. In Exhibit 2, I have included representative redacted documents from 2019 and 2024 productions.

On August 2, 2024, Fordham produced only one privilege log in an email attachment entitled "Solomon Privilege Log." The log seemingly involves attorney-client privileged documents, but none of the other redacted or withheld documents are indicated. Even this minimal list was noncompliant with Local Civil Rule 26.2 because it did not provide "the general

6

subject matter of the document." Nor did it indicate any of the redacted documents or whether documents exist or were withheld. See Defendant's August 2, 2024 email, Exhibit 3. See Log, Exhibit 4.

Nor has Fordham produced "documents in response to Solomon's First Document Request …" in prong (2). *Id.* at 19.

Additionally, in granting Fordham's motion for a replacement protective order, the Court ordered the parties to "submit a proposed protective order by July 16, 2024." Dkt. 156, pp. 18-19. Fordham has not presented Plaintiff with any proposed order. Nor did they respond to Plaintiff's note in her July 16, 2024 Memorandum, Dkt. 158, p. 1.

## CONCLUSION

Plaintiff respectfully requests that her Motion for Reconsideration be granted and that the replacement of the 2019 Stipulated Protective Order be denied.

Dated: August 23, 2024                     Respectfully submitted,

                                          /s/ *Esther Solomon*
                                          Esther Solomon
                                          Plaintiff Pro Se

**Exhibits**

1 Filing and Correspondence Documents for Plaintiff's July 16, 2024 Motion for
Reconsideration

2.  Sample of Redacted Documents for latest 2024 Production

3.  Fordham August 2, 2024 Email with "Solomon Privilege Log" attachment

4.  August 2, 2024 attachment: "Solomon Privilege Log," seemingly involving attorney-client
privileged documents

# EXHIBIT 1

 **Gmail**

Etaki Etaki <etaki33@gmail.com>

## Motion for Reconsideration

2 messages

**Etaki Etaki <etaki33@gmail.com>**
Tue, Jul 16, 2024 at 11:43 PM
To: "McLaughlin, Jennifer" <jmclaughlin@cullenllp.com>, "Soebke, Ryan" <rsoebke@cullenllp.com>

Hi Ms. McLaughlin and M. Soebke,

Attached below is my Motion for Reconsideration I filed with the Court.

Sincerely,

Esther

Esther Solomon
Plaintiff Pro se

---

**2 attachments**

 **Solomon v. Fordham 18-cv-04615 Notice of Motion.pdf**
85K

 **Solomon 18-cv-04615 Reconsideration Motion.pdf**
380K

---

**Soebke, Ryan <rsoebke@cullenllp.com>**
Fri, Aug 9, 2024 at 4:03 PM
To: Etaki Etaki <etaki33@gmail.com>
Cc: "McLaughlin, Jennifer" <jmclaughlin@cullenllp.com>

Dr. Solomon,

Please see attached a copy of Fordham's opposition to your motion for reconsideration.

Best,

**Ryan Soebke**
Associate
**Cullen and Dykman LLP**
333 Earle Ovington Boulevard, 2nd Floor
Uniondale, New York 11553
T: 516.357.3784 | F: 516.357.3792
E: rsoebke@cullenllp.com

ATTORNEY-CLIENT PRIVILEGED COMMUNICATION - DO NOT FORWARD OR COPY - CONFIDENTIALITY NOTICE: The contents of this e-mail message and any attachments are intended solely for the personal and confidential use of the recipient(s) named above. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended

recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments.

**From:** Etaki Etaki <etaki33@gmail.com>
**Sent:** Tuesday, July 16, 2024 11:44 PM
**To:** McLaughlin, Jennifer <jmclaughlin@cullenllp.com>; Soebke, Ryan <rsoebke@cullenllp.com>
**Subject:** [EXTERNAL]Motion for Reconsideration

CAUTION This email originated from outside your organization. Exercise caution when opening attachments or clicking links, especially from unknown senders.

[Quoted text hidden]

FILED - Opposition to Motion to Reconsider.pdf
841K

 **Gmail**

Etaki Etaki <etaki33@gmail.com>

## Acknowledgment of Receipt

1 message

**Pro Se Filing** <pro_se_filing@nysd.uscourts.gov>
To: Etaki Etaki <etaki33@gmail.com>

Tue, Jul 16, 2024 at 11:23 PM

# IMPORTANT INFORMATION, PLEASE REVIEW

Your email has been received by the Pro Se Intake Unit of the United States District Court for the Southern District of New York. (This is not the United States Bankruptcy Court.)

Documents from pro se litigants that meet the required standards for electronic filing will be filed and will appear on the ECF docket within two business days of receipt (see required standards below). If you send your document by email and it is accepted for filing, you should not deliver a hard copy version to the court.

Requirements for Filing a New Action by Email:

- Documents must be attached to the email in PDF format, no larger than 10 megabytes;

- Documents must be signed by the filing party by either

    - (a) signing by hand and then scanning the document;

    - (b) signing electronically using a digital signature; or

    - (c) by typing: "/s/Filer's Name" on the signature block;

- Fee requirements and instructions:

    - **Please note that your complaint will not be reviewed until the court receives payment of the filing fees.**

    - Payment must be made within 30 days of the date your case is assigned a docket number. If mailing payment, please send a certified check, bank check, or money order to: **Cashiers Room 260, 500 Pearl Street, New York, NY 10007.**

    - Your payment must include the docket number, which you can learn by calling (212) 805-0175.

    - If you have not consented to e-service, your docket number will also be mailed to you, at the address provided on the complaint, in a form order that will include payment instructions. If you do not make payment within 30 days of the date a docket number is assigned to your case, the action will be dismissed without prejudice.

    - If you cannot pay the filing fees and want to request that the court waive the filing fees, you must email an application to proceed in forma pauperis.

Filing Documents in an Existing Case by Email:

- Documents must be attached to the email in PDF format, no larger than 10 megabytes;

- The email and attached document must contain the docket number, filer's name, address, and telephone number;

- Documents must be signed by the filing party by either

·   (a) signing by hand and then scanning the document;

·   (b) signing electronically using a digital signature; or

·   (c) by typing: "s/Filer's Name" on the signature block;

·   Any additional comments, questions, or other messages in the email will be disregarded;

·   Any additional correspondence included in the email will be disregarded.


For any submission, if your document does not appear on the ECF docket within two business days, it has not met the required standards for electronic filing. If so, you must submit your document to the court in paper form by (a) sending your document by mail, or overnight delivery service, to the appropriate courthouse listed below; or (b) delivering your document in-person to the appropriate courthouse listed below between the hours of 9:30 AM to 1:30 PM; or (c) depositing your document after hours in the court's night depository box at the 500 Pearl Street, NY, NY courthouse.


United States Courthouse

Pro Se Intake Unit

500 Pearl Street

New York, NY 10007


or


United States Courthouse

Pro Se Intake Unit

300 Quarropas Street

White Plains, NY 10601


Additional resources:

- Complete filing instructions
- Consent to accept service of documents electronically. Please note that, by consenting to electronic service, you will no longer receive documents by postal mail.
- For free legal advice, you may make an appointment with the NYLAG Legal Clinic for Pro Se Litigants by filling out the clinic's intake form on your computer or smartphone. Alternatively, leave a message with 212-659-6190.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X

ESTHER SOLOMON,

Plaintiff,

              - against -              18-CV-4615 (ER)

FORDHAM UNIVERSITY,

Defendant.
-------------------------------------------------X


MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION
OF THE PART OF THE JULY 2, 2024 ORDER  GRANTING THE DEFENDANT'S MOTION TO
MODIFY 2019 STIPULATED PROTECTIVE ORDER THEY VIOLATED TO ALLOW
NAME REDACTIONS


                                                     Esther Solomon
                                                     Plaintiff Pro Se

**EXHIBIT 2**



CONFIDENTIAL



CONFIDENTIAL



# FORDHAM UNIVERSITY
## EMPLOYEE ACTION FORM

Professor 4

| | |
|---|---|
| **NAME:** | OFFICE USE ONLY POS# |

## PRIMARY POSITION INFORMATION

☐ Administrator  ☐ Clerical (153)  ☐ Maintenance (805)  ☐ SEO  ☐ Casual/Temp
☐ Faculty  ☐ Adjunct  ☐ Graduate Assistant  ☐ Hourly
☐ Other (*Please specify*): _____
**Time Status:** ☐ Full-Time  ☐ Part-Time
**Benefits Status:** ☐ Benefited  ☐ Non-Benefited  ☐ Pension Only

## SALARY INFORMATION

☐ Reappointment  ☐ Promotion  ☐ Transfer  ☐ Salary Increase
☐ Salary Adjustment  ☐ One Time Payment  ☐ Overload  ☐ Bonus  ☒ Other
**Title:**  Summer 2012 Research Stipend
**Start Date:** _____  **End Date:** _____  **Scheduled Hours:** _____
  Month  Date  Year    Month  Date  Year

**Salary:** $10000  ☐ Annual ;  ☐ Hourly  ☑ One Time Payment  ☐ Per appointment
**If grant funded:**  ☐ Per appointment based on an annual of $ _____
**Budget1:** FUND: 11001  ORG: 37021  ACCT: 6106  PROG: 10  PCT%: 100%
**Budget2:** FUND: _____  ORG: _____ :  ACCT: _____  PROG: _____  PCT%: _____
**Department:**  Business
**Time Sheet Approver:** _____
**Replacement for (*if applicable*):** _____  **Effective:** _____
  Month  Date  Year

**Additional Comments:**

## LEAVES/EXITS

☐ Leave  ☐ Exit  ☐ Retirement  **Effective Date/Semester:** _____
**Exit/Retirement:**  Vacation (Available/Accrued) _____  Sick Time(Available/Accrued) _____
**Leave Status:** ☐ STD  ☐ LTD  ☐ FMLA  ☐ Worker's Comp  ☐ LOA  ☐ Returned to Work
**Pay Status:** ☐ Continue Salary from ___/___/___ to ___/___/___
  ☐ Discontinue Salary from ___/___/___ to ___/___/___
  ☐ STD Statutory  ☐ Other _____
**Benefits:** ☐ With Benefits  ☐ Without Benefits
**Exit Reason/Additional Comments:**

## AUTHORIZED SIGNATURES

| | | |
|---|---|---|
| Department: | | Date: |
| Dean/Director/VP: | | Date: |
| AA Approval: (*Faculty Changes only*) | | Date: 6/4/2012 |

## HUMAN RESOURCES OFFICE ONLY

| | | |
|---|---|---|
| Human Resources: | | Date: |
| HRIS: | | Date: |
| Verified By: | | Date: |

CONFIDENTIAL



CONFIDENTIAL

Professor 3

FORDHAM0018427



CONFIDENTIAL

 $F_1$ $VP$ $7$

**FORDHAM UNIVERSITY**
**EMPLOYEE ACTION FORM**

$SP2095$

| NAME: | Professor 3 | OFFICE USE ONLY POS# |
|---|---|---|

**PRIMARY POSITION INFORMATION**

☐ Administrator  ☐ Clerical (153)  ☐ Maintenance (805)  ☐ SEO  ☐ Casual/Temp
✓ Faculty  ☐ Adjunct  ☐ Graduate Assistant  ☐ Hourly
☐ Other (Please specify):

**Time Status:**  ✓ Full-Time  ☐ Part-Time
**Benefits Status:**  ✓ Benefited  ☐ Non-Benefited  ☐ Pension Only

**SALARY INFORMATION**

☐ Reappointment  ☐ Promotion  ☐ Transfer  ☐ Salary Increase
☐ Salary Adjustment  ✓ One Time Payment  ☐ Overload  ☐ Bonus  ☑ Other
**Title:** Exec Ed Program

**Start Date:** 10 23 2017  **End Date:** 11 18 2017  **Scheduled Hours:**
         Month Day Year          Month Day Year

**Salary:** $1800  ☐ Annual  ☐ Hourly  ✓ One Time Payment  ☐ Per appointment

**If grant funded:**  ☐ Per appointment based on an annual of $ _____

**Budget1:** **FUND:** 11001  **ORG:** 37036  **ACCT:** 6105  **PROG:** 10  **PCT%:** 100%
**Budget2:** **FUND:** _____ **ORG:** _____ **ACCT:** _____ **PROG:** _____ **PCT%:** _____

**Department:** Gabelli – Executive Education

**Time Sheet Approver:**

**Replacement for (if applicable):** _____  **Effective:** _____
                                                                    Month Day Year

**Additional Comments:**

**LEAVES/EXITS**

☐ Leave  ☐ Exit  ☐ Retirement  **Effective Date/Semester:** _____
**Exit/Retirement:**  Vacation (Available/Accrued) _____  Sick Time(Available/Accrued) _____
**Leave Status:** ☐ STD  ☐ LTD  ☐ FMLA  ☐ Worker's Comp  ☐ LOA  ☐ Returned to Work
**Pay Status:**  ☐ Continue Salary from ___/___/___ to ___/___/___
                ☐ Discontinue Salary from ___/___/___ to ___/___/___
                ☐ STD Statutory  ☐ Other_____
**Benefits:**  ☐ With Benefits  ☐ Without Benefits
**Exit Reason/Additional Comments:**

**AUTHORIZED SIGNATURES**

| Department: | | Date: | |
|---|---|---|---|
| Dean/Director/VP: | | Date: | |
| AA Approval: (Faculty Changes only) | | Date: | 12.1.17 |

**HUMAN RESOURCES OFFICE ONLY**

| Human Resources: | | Date: | |
|---|---|---|---|
| HRIS: | | Date: | 12-6 |
| Verified By: | PAID DEC 21 2017 | Date: | |

RECEIVED DEC 0 6 2017

CONFIDENTIAL



CONFIDENTIAL

FORDHAM0018430

**EXHIBIT 3**

 **Gmail**                                              Etaki Etaki <etaki33@gmail.com>

## Solomon v. Fordham- Privilege Log and Redactions

3 messages

**Soebke, Ryan** <rsoebke@cullenllp.com>                                    Fri, Aug 2, 2024 at 4:22 PM
To: Etaki Etaki <etaki33@gmail.com>
Cc: "McLaughlin, Jennifer" <jmclaughlin@cullenllp.com>

Dr. Solomon,

Pursuant to the court's July 2, 2024 order, please see attached a copy of a privilege log. All items noted on the privilege
log were withheld due to attorney/client privilege. In addition to redacting the identities of the comparator and peer review
professors, we have also redacted sensitive personal information, such as social security numbers and birthdates, as well
as student names which may not be disclosed under the Family Educational Rights and Privacy Act.

In addition, we reviewed our prior productions and have made changes to the redactions in accordance with the court's
order. We have removed redactions where information was redacted beyond the names/identifying information of
comparator professors or peer reviewers.

Please use the following link to access the documents for which redactions were changed: ☐ Solomon v. Fordham

Please let us know if you have any issues accessing the production. You will receive a separate production of new
documents early next week as part of Fordham's rolling production.

Best,

**Ryan Soebke**
Associate
**Cullen and Dykman LLP**
333 Earle Ovington Boulevard, 2nd Floor
Uniondale, New York 11553
T: 516.357.3784 | F: 516.357.3792
E: rsoebke@cullenllp.com

ATTORNEY-CLIENT PRIVILEGED COMMUNICATION - DO NOT FORWARD OR COPY - CONFIDENTIALITY NOTICE: The contents of this e-mail
message and any attachments are intended solely for the personal and confidential use of the recipient(s) named above. This communication is
intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended
recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete
this message and its attachments.

📄 **Solomon Privilege Log.pdf**
62K

**Etaki Etaki** <etaki33@gmail.com>
Fri, Aug 2, 2024 at 4:50 PM
To: "Soebke, Ryan" <rsoebke@cullenllp.com>
Cc: "McLaughlin, Jennifer" <jmclaughlin@cullenllp.com>

Hi Mr Soebke,

I received your email, but cannot access the information through the link you sent me.
Also, the 4-page "privilege log" is too small and not legible.

Sincerely,

Esther


[Quoted text hidden]

---

**Soebke, Ryan** <rsoebke@cullenllp.com>
Fri, Aug 2, 2024 at 5:05 PM
To: Etaki Etaki <etaki33@gmail.com>
Cc: "McLaughlin, Jennifer" <jmclaughlin@cullenllp.com>

Dr. Solomon,


You should be able to zoom into the privilege log using PDF to make the text larger. Please let us know if you still have issues reading the privilege log.


Please try the following Dropbox link to access the documents. Please let us know if you still have issues accessing the files. https://www.dropbox.com/scl/fo/w3lt90lukskn4rrms0i2r/AOJOz2zO5G4pRrPFboBBddg?rlkey=1afscpmpmlud4vo9ox6r18bkp&st=42vhth7q&dl=0


**Ryan Soebke**
Associate
**Cullen and Dykman LLP**
333 Earle Ovington Boulevard, 2nd Floor
Uniondale, New York 11553
T: 516.357.3784 | F: 516.357.3792
E: rsoebke@cullenllp.com

ATTORNEY-CLIENT PRIVILEGED COMMUNICATION - DO NOT FORWARD OR COPY - CONFIDENTIALITY NOTICE: The contents of this e-mail message and any attachments are intended solely for the personal and confidential use of the recipient(s) named above. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments.


**From:** Etaki Etaki <etaki33@gmail.com>
**Sent:** Friday, August 2, 2024 4:51 PM
**To:** Soebke, Ryan <rsoebke@cullenllp.com>
**Cc:** McLaughlin, Jennifer <jmclaughlin@cullenllp.com>
**Subject:** [EXTERNAL]Re: Solomon v. Fordham- Privilege Log and Redactions

CAUTION: This email originated from outside your organization. Exercise caution when opening attachments or clicking links, especially from unknown senders.

[Quoted text hidden]

**EXHIBIT 4**

| EmailSubject | EmailSentDate | EmailFromAddress | EmailToAddress | EmailCcAddress |
|---|---|---|---|---|
| Re: Recommendations regarding Fall 2014 teaching evaluations | | Thomas DeJulio 1/10/2015 <tdejulio@fordham.edu> | Donna Rapaccioli <Donna Rapaccioli <rapaccioli@fordham.edu>> | sfreedman@fordham.edu <sfreedman@fordham.edu>; lippello@fordham.edu <lippello@fordham.edu> |
| Gabelli Joint Council | | Beth Margolis 1/25/2016 <demargolis@gmmny.com> | Anne Fernald <fernald@fordham.edu> | |
| question about faculty governance | | Anne Fernald 1/25/2016 <fernald@fordham.edu> | Beth Margolis <bmargolis@gmmny.com> | |
| Re: Summary responses from Gabelli faculty | | Joseph McShane 2/5/2016 <jmcshane@fordham.edu> | Stephen Freedman <Stephen Freedman <sfreedman@fordham.edu>> | Elaine Crosson <Elaine Crosson <ecrosson@fordham.edu>>; Dorothy Marinucci <Dorothy Marinucci> |
| Re: memo received from Donna on Friday...attorney client privilege. | | ecrosson@fordham.edu 2/21/2016 <ecrosson@fordham.edu> | Stephen Freedman <Stephen Freedman <sfreedman@fordham.edu>> | McShane, S.J. Joseph |
| Senate update | | Anne Fernald 2/27/2016 <fernald@fordham.edu> | Joseph McShane <Joseph McShane <jmcshane@fordham.edu>>; Elaine Crosson <Elaine Crosson> | |
| Re: Joint Council Meeting, March 2, 2016, 10am, LC-12th Floor Lounge | | Joseph McShane 2/28/2016 <jmcshane@fordham.edu> | Stephen Freedman <Stephen Freedman <sfreedman@fordham.edu>> | Elaine Crosson <Elaine Crosson <ecrosson@fordham.edu>> |
| Re: ATTORNEY CLIENT COMMUNICATION | | Joseph McShane 3/1/2016 <jmcshane@fordham.edu> | ecrosson@fordham.edu <ecrosson@fordham.edu> | Stephen Freedman <Stephen Freedman <sfreedman@fordham.edu>> |
| Response to Esther's letter | | Joseph McShane 3/1/2016 <jmcshane@fordham.edu> | Elaine Crosson <Elaine Crosson <ecrosson@fordham.edu>> | Dorothy Marinucci <Dorothy Marinucci <marinucci@fordham.edu>>; Stephen Freedman <Stephen Freedman |

| | | | |
|---|---|---|---|
| Re: Gabelli School of Business | ecrosson@fordham.edu 1/1/2016 <ecrosson@fordham.edu> | <ecrosson@fordham.edu>; Stephen Freedman <Stephen Freedman <sfreedman@fordham.edu>>; Jonathan Crystal | <sfreedman@fordham.edu>> |
| Re: Proposed Area Split and More | Joseph McShane 7/22/2016 <jmcshane@fordham.edu>> | Stephen Freedman <Stephen Freedman <sfreedman@fordham.edu>> | Dorothy Marinucci (Staff) < Dorothy Marinucci (Staff) <marinucci@fordham.edu>>; Martha Hirst <Martha Hirst |
| Fwd: EEOC Complaint | Anastasia Coleman 12/13/2017 <acoleman11@fordham.edu> | Elaine Crosson <Elaine Crosson <ecrosson@fordham.edu>> | Thomas Dunne [Staff] |
| Re: ATTORNEY CLIENT COMMUNICATION: PRIVILEGED | Jonathan Crystal 12/16/2018 <crystal@fordham.edu> | Joseph McShane <Joseph McShane <jmcshane@fordham.edu> | Dorothy Marinucci [Staff], DONNA RAPACCIOLI <DONNA RAPACCIOLI <rapaccioli@fordham.edu>>; ecrosson |
| Re: Spring 2019 Unpaid leave | Jonathan Crystal 11/18/2018 <crystal@fordham.edu> | <Jonathan Crystal <crystal@fordham.edu> | <ecrosson <ecrosson@fordham.edu>> |
| Solomon | "ecrosson@fordham.edu" 5/24/2019 <ecrosson@fordham.edu> | Donna Rapaccioli <rapaccioli@fordham.edu> | Dunne <ddunne@fordham.edu>>; Elaine Crosson <Elaine Crosson <ecrosson@fordham.edu>> |
| Fwd: May 3, 2019 Dr. Solomon Response | Donna Rapaccioli 5/24/2019 <rapaccioli@fordham.edu> | Beth Fagin <bfagin@fordham.edu> | |
| Re: May 3, 2019 Dr. Solomon Response-- ATTORNEY/CLIENT PRIVILEGED | Kay Turner 6/19/2019 <kturner27@fordham.edu> | Elaine Crosson <ecrosson@fordham.edu>, Martha Hirst <mhirst1@fordham.edu>, Donna Rapaccioli <rapaccioli@fordham.edu>, "Thomas A. Dunne" <ddunne@fordham.edu> | |

| | | | |
|---|---|---|---|
| Re:Solomon health insurance—ATTORNEY/CLIENT PRIVILEGED—TIME SENSITIVE | Elaine Crosson 6/19/2019 <ecrosson@fordham.edu> | Kay Turner <kturner27@fordham.edu> | Martha Hirst <mhirst1@fordham.edu>, Donna Rapaccioli <rapaccioli@fordham.edu>, "Thomas A. Dunne" <tdunne@fordham.edu> |
| Re: Response to Esther Solomon - Attorney Client Confidential Communication | 12/23/2019 Beth Fagin <bfagin@fordham.edu> | Margaret Ball <mball@fordham.edu> | Joseph McShane S.J. <jmcshane@fordham.edu>; Dennis Jacobs <dcjacobs@fordham.edu>; JONATHAN Crystal [Staff-Faculty] <crystal@fordham.edu> DONNA RAPACCIOLI/FACULTY/HIRE <rapaccioli@fordham.edu> |
| Fwd: Spring 2020 Semester | Jonathan Crystal 1/2/2020 <crystal@fordham.edu> | Beth Fagin <bfagin@fordham.edu> | |
| Fwd: Spring 2020 Semester | Donna Rapaccioli 1/2/2020 <rapaccioli@fordham.edu> | Beth Fagin <bfagin@fordham.edu>; MARGARET Ball [Staff] <mball@fordham.edu> | |
| CONFIDENTIAL: attorney-client privilege | Dennis Jacobs 1/2/2020 <dcjacobs@fordham.edu> | Beth Fagin <bfagin@fordham.edu>; MARGARET Ball [Staff] <mball@fordham.edu> | Jonathan Crystal <crystal@fordham.edu>, Donna Rapaccioli <rapaccioli@fordham.edu> |
| Re: Attorney-Client Privileged Communication/Response to Dr. Solomon | Jonathan Crystal 1/8/2020 <crystal@fordham.edu> | Beth Fagin <bfagin@fordham.edu> | Margaret Ball <mball@fordham.edu> |
| Re: Attorney-Client Privileged Communication/Re: Fall, 2020 | Benjamin Crooker 4/14/2020 <crooker@fordham.edu> | Beth Fagin <bfagin@fordham.edu> | Dennis Jacobs <dcjacobs@fordham.edu>, Margie Ball <mball@fordham.edu>, Donna Rapaccioli <rapaccioli@fordham.edu> |
| Fwd: Leave request | Donna Rapaccioli 4/14/2020 <rapaccioli@fordham.edu> | Beth Fagin <bfagin@fordham.edu> | |

Re: CONFIDENTIAL: attorney-client privilege

12/1/2021 Beth Fagin <bfagin@fordham.edu>

Dennis Jacobs
<dcjacobs@fordham.edu>

Margie Ball <mball@fordham.edu>, Jonathan Crystal
<crystal@fordham.edu>, Ben Crooker
<crooker@fordham.edu>, Donna Rapaccioli
<rapaccioli@fordham.edu>

# EXHIBIT 17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ESTHER SOLOMON,

                    Plaintiff,

          – *against* –

FORDHAM UNIVERSITY,

                  Defendant.

**OPINION & ORDER**

18-cv-4615 (ER)

RAMOS, D.J.:

On July 2, 2024, the Court denied Esther Solomon and Fordham's cross-motions to compel, but granted Fordham's motion for a protective order. Doc. 156. Solomon moved for reconsideration of that order. Doc. 157. The motion is DENIED.

## I.   BACKGROUND

Esther Solomon, proceeding *pro se*, is an associate professor at Fordham University's Gabelli School of Business. She alleged that Fordham paid her less than her male colleagues for the same work, assigned her an overwhelming and retaliatory course load, discriminated against her because of her gender, age, and religion, defamed her, and breached a contract and other duties owed to her. Doc. 95. She also alleged that Fordham retaliated against her by refusing to pay for her health insurance. *Id.* She brought these claims under both federal and New York state law.[1]

---

[1] 1 Solomon brings claims under the following federal statutes:

- Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*
- Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.*
- The Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 to 634
- The Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601 to 2654
- The Equal Pay Act of 1963 ("EPA"), 29 U.S.C. § 206(d)

She also brings claims under the following New York statutes:

- The New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297
- The New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 8-131
- The Achieve Pay Equality Act of 2015, N.Y. Lab. Law § 194

The underlying facts and procedural history are set out in the Court's previous five opinions. The first granted Fordham's motion to dismiss the amended complaint in its entirety. Doc. 69. The second granted Fordham's motion to dismiss the second amended complaint in its entirety. Doc. 85. The third granted Solomon's motion to file a third amended complaint for the limited purpose of amending the retaliation claims based on Fordham's termination of Solomon's employee health benefits. Doc. 94. The fourth denied Solomon's motion for reconsideration of the previous opinion and granted Fordham's motion to dismiss the third amended complaint, and closed the case. Doc. 121. After Solomon successfully appealed the case to the Second Circuit,[2] the case was re-opened and discovery continued. Finally, the fifth opinion, published on July 2, 2024, is the subject of the instant motion. Doc 156. The relevant details are repeated below.

On February 14, 2019, the Court entered a protective order pursuant to Federal Rule of Civil Procedure 26(c). Doc. 24. Pursuant to this order, the parties agreed that either could: "designate any [d]iscovery [m]aterial, in whole or in part, as 'confidential' if the producing party determines, in good faith that such designation is necessary to protect its interests in information that is sensitive and non-public." *Id.* at 1.

A discovery conference was held on January 29, 2020, at which Solomon was granted leave to file a motion to compel. After the conclusion of the aforementioned motion practice and Second Circuit appeal, the Court entered a new discovery schedule on January 16, 2024. Doc. 130. The parties continued to have discovery disputes, three of which were the subject of the Court's July 2, 2024 opinion.

---

Finally, she alleges defamation, breach of contract, breach of fiduciary duty, and tortious interference with current and prospective business relations under New York common law. *See* Doc. 95 (third amended complaint).

[2] On September 5, 2023, the Second Circuit issued a summary order affirming the dismissal of the third amended complaint in part, vacating it in part, and remanding the case for further proceedings. Doc. 124. Specifically, the Second Circuit found that a subset of Solomon's claims—her disparate impact, retaliation, and unequal pay claims—should have survived the motion to dismiss. *Id.* at 8.

First, Solomon moved to compel Fordham to comply with certain document requests, subpoenas, and court orders. Doc. 132. As relevant here, Solomon requested the names of the peer reviewers for various promotions, as well as the names of alleged "comparator" professors for her employment discrimination claims. Solomon represented that Fordham had improperly redacted this information in its production of documents. Doc. 132 at 12–13.

The Court denied Solomon's motion.[3]  Doc. 156 at 12. With regard to the names of peer reviewers, the Court found that Solomon did "not describe in any way" how the names were relevant to establishing her employment discrimination claims. *Id.* Moreover, the Court found that Fordham's redactions conformed to precedent from this Circuit and others that permitted university and other institutional defendants to redact the names and identifying information of peer reviewers when producing discovery. *Id.* at 11–12. The Court also found that Solomon did not establish the relevance of names of alleged comparator professors in light of other biographical information which Fordham had already provided to her in the form of a key which included the comparator professors' gender, year of birth, and title. *Id.* at 12–13.

Second, Fordham moved for a protective order to redact the names of Solomon's peer reviewers and alleged comparator professors.[4]  Doc. 141. It argued that since the February 19, 2019 protective order did not include the possibility of redactions, a new protective order was required to protect its employees' privacy interests and the sensitive nature of the peer review process. Doc. 141 at 15. Finding that Fordham had established good cause to issue the protective order, as required pursuant to Federal Rule of Civil

---

[3]  The Court denied the rest of Solomon's motion to compel subject to additional representations by Fordham. Doc. 156 at 9–16. Specifically, the Court directed Fordham to produce a privilege log listing any documents that were being withheld and the basis therefore, and listing any redactions (apart from the names or peer reviewers and alleged comparators) and the basis therefore. Doc. 156 at 19. It also directed Fordham to produce responsive documents in accordance with the discovery schedule.

[4]  As described above, Fordham had already produced documents that redacted this information.

3

Procedure 26(f), the Court granted Fordham's request. Doc. 156 at 17. Moreover, the Court noted caselaw from this District supported Fordham's argument. *See Black v. New York University Medical Center,* No. 94-cv-9074 (NRB) (SS), 1996 WL 294310, at *3 (S.D.N.Y. June 3, 1996). In *Black,* the court granted a medical school's request for a protective order redacting the names of the plaintiff's evaluators and committee members for promotions because the plaintiff did not show that their disclosure was "necessary or important" or even "relevant." *Id.* at *4. In the instant case, the Court likewise found that Solomon had not "adequately shown why the *names* of peer reviewers and of alleged comparator professors [were] relevant to her discrimination claims." Doc. 156 at 17 (emphasis in original).[5]

Third, Fordham moved to compel Solomon to undertake a "reasonable" search for documents, including searches of her email accounts. Doc. 143 at 19. The Court denied Fordham's motion because Solomon represented that the production of documents at issue in the motion to compel was still ongoing. Doc. 156 at 18.

Solomon has now moved for reconsideration of the Court's decision with respect to the redaction of the names of alleged comparator professors and peer reviewers. Doc. 157. Fordham asserts that Solomon's motion fails to meet the standard for reconsideration and that the Court properly granted its motion for a protective order. Doc. 160.

## II.   LEGAL STANDARDS

### A. Motion for Reconsideration

Motions for reconsideration are governed by Local Civil Rule 6.3 and Rule 60(b) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 60(b). The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless

---

[5] In support of her argument, Solomon argued that the Second Circuit decision in this case issued a "mandate" regarding the redactions. The Court found this argument to be without merit, noting that the Second Circuit only reviewed the Court's opinion dismissing the third amended complaint and did not "review or issue an order related to discovery issues." Doc. 156 at 13.

the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted). "A motion for reconsideration should be granted only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks and citation omitted). It is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys*, 684 F.3d at 52 (internal quotation marks and citation omitted). The decision to grant or deny a motion for reconsideration is within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted).

### B. *Pro Se* Plaintiff

The Court holds submissions by *pro se* litigants to "less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *see also Young v. N.Y.C. Dep't of Educ.*, No. 09-cv-6621 (SAS), 2010 WL 2776835, at \*5 (S.D.N.Y. July 13, 2010) (noting that the same principles apply to briefs and opposition papers filed by pro se litigants). Although "*pro se* status 'does not exempt a party from compliance with relevant rules of procedural and substantive law,'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)), courts read the pleadings and opposition papers submitted by *pro se* litigants "liberally and interpret them 'to raise the strongest arguments that they suggest,'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). The obligation to read a *pro se* litigant's pleadings leniently "applies with particular force when the plaintiff's civil rights are at issue." *Jackson v. NYS Dep't of*

*Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (citing *McEachin v. McGuinnis*, 357
F.3d 197, 200 (2d Cir. 2004)).

## III.  DISCUSSION

### A.  Procedural Arguments

As a preliminary matter, Fordham argues that Solomon's motion is procedurally
improper.  Doc. 160 at 5.  Solomon moved for reconsideration pursuant to Federal Rule
of Civil Procedure 59(e), which governs motions to alter or amend a final judgment.
Doc. 158 at 1.  As there has been no trial in this action, the rule is inapplicable.  Federal
Rule of Civil Procedure 60(b) governs motions for reconsideration.  Given the leniency
afforded *pro se* litigants, the Court construes her motion according to Rule 60(b).[6]

### B.  Substantive Arguments

Solomon argues that the July 2, 2024 opinion improperly modified the existing
February 19, 2019 protective order.  Doc. 158 at 5–6.  Solomon is incorrect.  As the Court
previously noted, the February 19, 2019 protective order did not address the issue of
redactions.  Doc. 156 at 17.  Accordingly, Fordham was granted a new protective order to
redact the names of Solomon's peer reviewers and alleged comparator professors.  *Id.*

Solomon next argues that Fordham repeatedly violated the February 19, 2019
protective order, "sidestepped" the Court's question regarding what documents were
redacted at conference held on January 29, 2020, and used some of the names of the
alleged comparator professors in its briefing in the first motion to dismiss.[7]  Doc. 158 at

---

[6] In her reply, Solomon alleges for the first time that Fordham did not seek leave to file its motion for a
protective order, which she alleges was procedurally improper.  Doc. 161 at 5.  As a general rule, the Court
does not consider arguments raised for the first time in a reply.  *See Simpson v. City of New York*, 793 F.3d
259, 264 (2d Cir. 2015).  Accordingly, it will not address this argument.

[7] Specifically, Solomon argues that Fordham relied on the names and schedules of "Comparator Professors
Hurley, Hollwitz, Pirson, Stoner, and Wright in their first motion to dismiss."  Doc. 158 at 7.  However,
Fordham never represented that these individuals are the comparator professors that are the subject of the
protective order.  Instead, it relied on these other professors to rebut Solomon's argument that Fordham
forced her to teach a particular course as an adverse employment action by showing that these other
professors also taught the course.  *See* Doc. 56-1.

6–7. Solomon did not present these arguments in her original briefing, and the Court will not consider them for the first time in a motion for reconsideration. *Nat'l Union Fire Ins. Co. of Pittsburg, PA v. Las Vegas Pro. Football Ltd. Partnership*, 409 F. App'x 401, 403 (2d Cir. 2010) ("It is black letter law that a motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court[.]") (internal quotation marks and citation omitted).

Solomon continues to argue that Fordham should not have been granted a protective order to redact the names of her peer reviewers and alleged comparator professors. In particular, she argues that *Black* does not provide legal support for the redaction of comparator professors' names, as it only considered redactions of the names of outside evaluators. Doc. 158 at 8–9. However, this claim is without merit. The Court held that Solomon was required to meet a threshold burden of establishing the names of comparator professors were, as *Black* explained, even "relevant" to her claims— especially in light of the fact Fordham already produced a key establishing the gender, age, and title of the alleged comparator professors. Doc. 156 at 17. The Court found that Solomon failed to make this showing, while Fordham had established good cause for the protective order pursuant to Rule 26(f). *Id.*

Solomon retorts that she did establish the relevance of the names of her peer reviewers and alleged comparator professors. Doc. 158 at 9–10. She claims there are different "subtypes" of comparators, and each has multiple roles at Fordham. *Id.* at 9. "Tying all that information for the jury" without assigning names, Solomon argues, will be "impossible." *Id.* Likewise, the peer reviewers are tenured professors who have multiple roles at Fordham, and therefore also need to be named. *Id.* at 10. Solomon has not put forth any new evidence or controlling law to support her assertion that the names of the peer reviewers and alleged comparators are necessary for her to litigate her case; instead, she appears to relitigate their relevance. Accordingly, reconsideration of this argument is not warranted. *Analytical Surveys*, 684 F.3d at 52.

7

Solomon finally argues that the Second Circuit's summary order implicitly resolved the redactions issue. *See* Doc. 158 at 12. Solomon is correct that law of the case "prevents re-litigation in the district court not only of matters expressly decided by the appellate court, but also precludes re-litigation of issues *impliedly* resolved by the appellate court's mandate." *Brown v. City of Syracuse*, 673 F.3d 141, 147 (2d Cir. 2012) (internal quotation marks and citation omitted) (emphasis added). However, law of the case doctrine does not apply here. As support for her argument, Solomon references a footnote in the Second Circuit decision stating "Solomon alleges that Fordham redacted the comparators' names . . . which may explain why she does not allege the specific job duties of each professor" in her unequal pay claim. Doc. 125 at 7 n.1. She also references a question presented during oral argument, in which a member of the Second Circuit panel asked whether not providing the salaries "for specific professors for specific positions … [presented] a little bit of a hindrance to fully fleshing out the comparators?" Doc. 126 at 12 (Transcript of Oral Argument). Neither the footnote or the question in oral argument resolve, even "impliedly," whether Fordham's redaction of the names of peer reviewers and alleged comparator professors was proper. The Second Circuit did not provide any direction on this issue. Accordingly, law of the case doctrine does not apply, and the Court will not grant reconsideration on this basis.[8]

---

[8] Solomon raises, for the first time in her reply, an allegation that Fordham has not followed the directions contained in the Court's July 2, 2024 opinion to provide a privilege log and to provide the basis for any other redactions besides the names of peer reviewers and alleged comparator professors. Doc. 161 at 9–10. Solomon asserts that Fordham has produced a privilege log, but appears to raise various substantive challenges to that document. *Id*. As noted above, the Court does not consider new arguments in a reply. *See Simpson*, 793 F.3d at 264.

## IV.     CONCLUSION

For the foregoing reasons, Solomon's motion for reconsideration is DENIED.

The Clerk of Court is respectfully directed to terminate the motion, Doc. 157.

It is SO ORDERED.

Dated:     October 2, 2024
          New York, New York

EDGARDO RAMOS, U.S.D.J.

Generated: Nov 21, 2024 11:04AM                                                                                      Page 1/1

# Court of Appeals for the Second Circuit

## Court of Appeals for the Second Circuit

Receipt Date: Nov 21, 2024 11:04AM

Dr. Esther Solomon
400 East 71st Street Apt. 21D
New York, NY 10021

Rcpt. No: 200000420                    Trans. Date: Nov 21, 2024 11:04AM                          Cashier ID: #RM

| CD | Purpose | Case/Party/Defendant | Qty | Price | Amt |
|----|---------|---------------------|-----|-------|-----|
| 201A | PLRA CASE DKTG INST 5100PL | | 1 | 100.00 | 100.00 |
| 201B | PLRA CASE DKTG INST 0869PL | | 1 | 200.00 | 200.00 |
| 201C | PLRA CASE DKTG INST 086400 | | 1 | 300.00 | 300.00 |

| CD | Tender | | | Amt |
|----|--------|--|--|-----|
| CH | Check | #1764 | 11/21/2024 | $600.00 |

Total Due Prior to Payment: $600.00

Total Tendered: $600.00

Total Cash Received: $0.00

Cash Change Amount: $0.00

**Comments:** Writ of Mandamus

Only when the bank clears the check, money order, or verifies credit of funds, is the fee or debt officially paid or discharged. A $53 fee will be charged for a returned check.

ECF,MEDTFR4,PRO-SE,REOPEN

## U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:18-cv-04615-ER

Solomon v. Fordham University
Assigned to: Judge Edgardo Ramos
Cause: 42:2000e-2ag Job Discrimination (Age)

Date Filed: 05/24/2018
Jury Demand: Plaintiff
Nature of Suit: 442 Civil Rights: Jobs
Jurisdiction: Federal Question

### Plaintiff

**Esther Solomon**

represented by **Esther Solomon**
140 West 62nd Street
New York, NY 10023
212/636-6187
Email: etaki33@gmail.com
PRO SE

V.

### Defendant

**Fordham University Administration,
Rose Hill Campus**

represented by **Hayley Brooke Dryer**
St. Francis College
180 Remsen Street, 8th Floor
General Counsel's Office
Brooklyn, NY 11201
516-637-8350
Email: hdryer@sfc.edu
*TERMINATED: 09/23/2021*

**James Gerard Ryan**
Cullen and Dykman, LLP (Nassau)
100 Quentin Roosevelt Blvd.
Garden City, NY 11530
(516)357-3750
Fax: (516)-296-9155
Email: jryan10@manhattan.edu
*TERMINATED: 01/31/2024*

**Jennifer A. McLaughlin**
Cullen & Dykman LLP
Cullen & Dykman LLP
The Omni Building
333 Earle Ovington Blvd., 2nd Flr.
11553
Uniondale, NY 11553
516-357-3889
Email: jmclaughlin@cullenllp.com
*ATTORNEY TO BE NOTICED*

**Ryan Soebke**
Cullen and Dykman LLP
100 Quentin Roosevelt Boulevard
Garden City, NY 11530
516-357-3784
Fax: 516-357-3792
Email: rsoebke@cullenanddykman.com
*ATTORNEY TO BE NOTICED*

### Defendant
**Fordham University**

represented by

**Jennifer A. McLaughlin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ryan Soebke**
Cullen and Dykman LLP
333 Earle Ovington Boulevard
Ste 2nd Floor
Uniondale, NY 11553
516–357–3784
Fax: 516–357–3792
Email: rsoebke@cullenanddykman.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/24/2018 | 1 | COMPLAINT against Fordham University. (Filing Fee $ 400.00, Receipt Number 465401210121)Document filed by Esther Solomon.(pc) (Additional attachment(s) added on 5/24/2018: # 1 Exhibits 1–4, # 2 Exhibits 5–7, # 3 Exhibits 8–10, # 4 Exhibits 11–13) (pc). (Entered: 05/24/2018) |
| 05/24/2018 | 2 | CIVIL COVER SHEET filed. (pc) (pc). (Entered: 05/24/2018) |
| 05/24/2018 | | Magistrate Judge Robert W. Lehrburger is so designated. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: http://nysd.uscourts.gov/forms.php. (pc) (Entered: 05/24/2018) |
| 05/24/2018 | | Case Designated ECF. (pc) (Entered: 05/24/2018) |
| 05/24/2018 | | SUMMONS ISSUED as to Fordham University. (pc) (Entered: 05/24/2018) |
| 05/24/2018 | 3 | PRO SE CONSENT TO RECEIVE ELECTRONIC SERVICE. The following party: Esther Solomon consents to receive electronic service via the ECF system. Document filed by Esther Solomon.(sc) (Entered: 05/24/2018) |
| 08/16/2018 | 5 | AFFIDAVIT OF SERVICE of Summons and Complaint. Fordham University served on 8/9/2018, answer due 8/30/2018. Service was accepted by Isabella Russo–Tiesi, Office of General Counsel. Document filed by Esther Solomon. (sc) (Entered: 08/17/2018) |
| 09/04/2018 | 6 | NOTICE OF APPEARANCE by Hayley Brooke Dryer on behalf of Fordham University. (Dryer, Hayley) (Entered: 09/04/2018) |
| 09/04/2018 | 7 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Fordham University.(Dryer, Hayley) (Entered: 09/04/2018) |
| 09/04/2018 | 8 | LETTER MOTION for Extension of Time addressed to Judge Edgardo Ramos from Hayley B. Dryer dated 09/04/2018. Document filed by Fordham University.(Dryer, Hayley) (Entered: 09/04/2018) |
| 09/04/2018 | 9 | NOTICE OF APPEARANCE by James Gerard Ryan on behalf of Fordham University. (Ryan, James) (Entered: 09/04/2018) |
| 09/05/2018 | 10 | PROPOSED CLERK'S CERTIFICATE OF DEFAULT. Document filed by Esther Solomon. (Attachments: # 1 Exhibit) (rdz) **Proposed document to be reviewed and processed by Clerk's Office staff (No action required by chambers).** (Entered: 09/05/2018) |
| 09/05/2018 | 11 | ORDER granting 8 Letter Motion for Extension of Time. Defendant's time to answer, move, or otherwise respond to the complaint is hereby extended to October 1, 2018. (HEREBY ORDERED by Judge Edgardo Ramos)(Text Only Order) (Ramos, Edgardo) (Entered: 09/05/2018) |
| 09/05/2018 | | Set/Reset Deadlines: Fordham University answer due 10/1/2018. (jar) (Entered: 09/05/2018) |

| 10/01/2018 | 12 | ANSWER to 1 Complaint,. Document filed by Fordham University.(Dryer, Hayley) (Entered: 10/01/2018) |
|---|---|---|
| 10/01/2018 | 13 | ANSWER to 1 Complaint,. Document filed by Fordham University.(Dryer, Hayley) (Entered: 10/01/2018) |
| 11/02/2018 | 14 | NOTICE OF INITIAL COURT CONFERENCE: Initial Conference set for 12/6/2018 at 11:00 AM in Courtroom 619, 40 Centre Street, New York, NY 10007 before Judge Edgardo Ramos, as further set forth in this notice. (jwh) Modified on 11/2/2018 (jwh). (Entered: 11/02/2018) |
| 11/15/2018 | 15 | LETTER MOTION to Adjourn Conference *of initial case management and scheduling from 12/6/2018 to 12/13/18* addressed to Judge Edgardo Ramos from Hayley B. Dryer dated 11/15/2018. Document filed by Fordham University.(Dryer, Hayley) (Entered: 11/15/2018) |
| 11/16/2018 | 16 | ORDER granting 15 Letter Motion to Adjourn Conference. The December 6 initial conference is adjourned to December 13, 2018 at 11:00 a.m. (Initial Conference set for 12/13/2018 at 11:00 AM before Judge Edgardo Ramos.) (HEREBY ORDERED by Judge Edgardo Ramos)(Text Only Order) (jar) (Entered: 11/16/2018) |
| 11/29/2018 | | DOCKET ANNOTATION: Rescheduling Notice – The initial conference previously scheduled for 11:00 a.m. on December 13, 2018 is hereby rescheduled for 11:30 on December 13. (jar) (Entered: 11/29/2018) |
| 12/07/2018 | 17 | NOTICE OF LIMITED APPEARANCE OF PRO BONO COUNSEL for Esther Solomon. (Kennedy, Lauren) (Entered: 12/07/2018) |
| 12/07/2018 | 18 | NOTICE OF LIMITED APPEARANCE OF PRO BONO COUNSEL for Esther Solomon. (Then, Jeffrey) (Entered: 12/07/2018) |
| 12/13/2018 | 19 | MEDIATION REFERRAL ORDER FOR PRO SE EMPLOYMENT DISCRIMINATION CASES: IT IS ORDERED that this pro se action is referred for mediation to the Court's Mediation Program. Local Civil Rule 83.9 and the Mediation Program Procedures shall govern the mediation. Unless otherwise ordered, the mediation will have no effect upon any scheduling order issued by this Court, and all parties are obligated to continue to litigate the case. (Signed by Judge Edgardo Ramos on 12/13/2018) (jwh) (Entered: 12/13/2018) |
| 12/13/2018 | 20 | CIVIL CASE DISCOVERY PLAN AND SCHEDULING ORDER: All parties do not consent to conducting all further proceedings before a Magistrate Judge, including motions and trial. This case is to be tried to a jury. Amended Pleadings due by 2/22/2019. Joinder of Parties due by 12/31/2018. Deposition due by 5/13/2019. Discovery due by 6/13/2019. Case Management Conference set for 6/14/2019 at 11:30 AM before Judge Edgardo Ramos. (Signed by Judge Edgardo Ramos on 12/13/2018) (jwh) (Entered: 12/13/2018) |
| 12/13/2018 | | Minute Entry for proceedings held before Judge Edgardo Ramos: Initial Pretrial Conference held on 12/13/2018. Pro se Plaintiff present with pro bono counsel. Defendant's counsel present. Case management plan signed. The court will enter an order referring the action to mediation. A case management conference is scheduled for June 14, 2018. (Case Management Conference set for 6/14/2019 at 11:30 AM before Judge Edgardo Ramos.) (jar) (Entered: 12/13/2018) |
| 12/19/2018 | 21 | TRANSCRIPT of Proceedings re: conference held on 12/13/2018 before Judge Edgardo Ramos. Court Reporter/Transcriber: Samuel Mauro, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/9/2019. Redacted Transcript Deadline set for 1/22/2019. Release of Transcript Restriction set for 3/19/2019.(McGuirk, Kelly) (Entered: 12/19/2018) |
| 12/19/2018 | 22 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a confernece proceeding held on 12/13/18 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar |

| | | days...(McGuirk, Kelly) (Entered: 12/19/2018) |
|---|---|---|
| 01/07/2019 | | NOTICE OF MEDIATOR ASSIGNMENT – Notice of assignment of mediator. Mediator Schedule due by 2/6/2019.(rpr) (Entered: 01/07/2019) |
| 01/22/2019 | | MEDIATOR SESSION SCHEDULED First Mediation Session scheduled for 2/22/19, 10:30 A.M. at Defendant's Counsel's Office (NYC).(ah) (Entered: 01/22/2019) |
| 02/12/2019 | 23 | PROPOSED PROTECTIVE ORDER. Document filed by Esther Solomon. (Then, Jeffrey) (Entered: 02/12/2019) |
| 02/14/2019 | 24 | STIPULATION AND PROTECTIVE ORDER...regarding procedures to be followed that shall govern the handling of confidential material... SO ORDERED. (Signed by Judge Edgardo Ramos on 2/14/2019) (kv) (Entered: 02/14/2019) |
| 02/19/2019 | 25 | LETTER addressed to Judge Edgardo Ramos from E. Solomon, dated 2/19/19 re: STIPULATION REGARDING 3/1/19 DATE FOR FILING AMENDED PLEADINGS. Document filed by Esther Solomon.(sc) (Entered: 02/20/2019) |
| 02/20/2019 | 26 | NOTICE of Amended Notice of Limited Appearance of Pro Bono Counsel re: 18 Notice of Limited Appearance of Pro Bono Counsel. Document filed by Esther Solomon. (Then, Jeffrey) (Entered: 02/20/2019) |
| 02/20/2019 | 27 | NOTICE of Amended Notice of Limited Appearance of Pro Bono Counsel re: 17 Notice of Limited Appearance of Pro Bono Counsel. Document filed by Esther Solomon. (Kennedy, Lauren) (Entered: 02/20/2019) |
| 02/20/2019 | 28 | LETTER addressed to Judge Edgardo Ramos from Jeffrey Then dated February 20, 2019 re: notices of limited appearance filed on behalf of plaintiff, Esther Solomon. Document filed by Esther Solomon.(Then, Jeffrey) (Entered: 02/20/2019) |
| 02/20/2019 | 29 | NOTICE OF LIMITED APPEARANCE OF PRO BONO COUNSEL for Esther Solomon. (Fitzpatrick, Caitlin) (Entered: 02/20/2019) |
| 02/21/2019 | 30 | ORDER ON MODIFIED DATE FOR AMENDED PLEADINGS re: 25 Letter filed by Esther Solomon. WHEREAS, Plaintiff Ester Solomon and Defendant Fordham University ("the parties") having agreed to the following time extension for filling Amended pleadings, and the Court having found that good cause exists for modifying the date for filing an amended complaint from February 22, 2019 to March 1, 2019. ORDERED that the following date shall be STIPULATED AND AGREED. SO ORDERED. (Amended Pleadings due by 3/1/2019.) (Signed by Judge Edgardo Ramos on 2/21/2019) (kv) (Entered: 02/21/2019) |
| 02/25/2019 | | Mediator Session Held on 2/22/19 at Defendant's Counsel's Office.(ah) (Entered: 02/25/2019) |
| 03/01/2019 | 32 | MOTION FOR LEAVE TO AMEND THE COMPLAINT; re:1] Complaint. Document filed by Esther Solomon.(sc) (Entered: 03/05/2019) |
| 03/11/2019 | 33 | RESPONSE to Motion re: 32 MOTION to Amend/Correct 1 Complaint,. . Document filed by Fordham University. (Dryer, Hayley) (Entered: 03/11/2019) |
| 03/11/2019 | 34 | LETTER addressed to Judge Edgardo Ramos from Hayley B. Dryer dated 03/11/2019 re: Pre–Motion Conference. Document filed by Fordham University.(Dryer, Hayley) (Entered: 03/11/2019) |
| 03/13/2019 | 35 | ORDER granting 32 Motion to Amend/Correct 1 Complaint. The application is granted. SO ORDERED. (Signed by Judge Edgardo Ramos on 3/13/2019) (kv) (Entered: 03/13/2019) |
| 03/13/2019 | 36 | MEMO ENDORSEMENT on re: 34 Letter filed by Fordham University. ENDORSEMENT: A pre–motion conference will be held on April 5, 2019, at 10:30 a.m. Plaintiff is directed to submit a written response by Friday, March 29, 2019. SO ORDERED. (Pre–Motion Conference set for 4/5/2019 at 10:30 AM before Judge Edgardo Ramos.) (Signed by Judge Edgardo Ramos on 3/13/2019) (kv) (Entered: 03/13/2019) |
| 03/13/2019 | 37 | AMENDED COMPLAINT amending 1 Complaint against Fordham University with JURY DEMAND. Document filed by Esther Solomon. Related document: 1 |

| | | Complaint.(rro) (Entered: 03/14/2019) |
|---|---|---|
| 03/29/2019 | 38 | LETTER addressed to Judge Edgardo Ramos from E. Solomon, dated 3/29/19 re: Plaintiff submits this letter in response to Fordham's 3/11/19 letter, which requested to the Court to reconsider a possible motion to dismiss and, that based on the facts included in the Amended Complaint, the plaintiff has stated a claim on all accounts. Document filed by Esther Solomon.(sc) (Entered: 04/01/2019) |
| 04/05/2019 | | Minute Entry for proceedings held before Judge Edgardo Ramos: Pre−Motion Conference held on 4/5/2019. Plaintiff, a pro se litigant, present. Defendant's counsel present. Defendant is granted leave to file a motion to dismiss with the following briefing schedule: moving papers due May 3, 2019; Plaintiff's response due June 28, 2019; and reply due July 12, 2019. (jar) (Entered: 04/05/2019) |
| 04/10/2019 | 39 | LETTER MOTION to Stay *Discovery pending decision on Motion to Dismiss* addressed to Judge Edgardo Ramos from Hayley B. Dryer dated 04/10/2019. Document filed by Fordham University. (Attachments: # 1 Exhibit A − Scheduling Order)(Dryer, Hayley) (Entered: 04/10/2019) |
| 04/11/2019 | 40 | TRANSCRIPT of Proceedings re: CONFERENCE held on 4/5/2019 before Judge Edgardo Ramos. Court Reporter/Transcriber: Jennifer Thun, (212) 805−0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/2/2019. Redacted Transcript Deadline set for 5/13/2019. Release of Transcript Restriction set for 7/10/2019.(McGuirk, Kelly) (Entered: 04/11/2019) |
| 04/11/2019 | 41 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 4/5/19 has been filed by the court reporter/transcriber in the above−captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 04/11/2019) |
| 04/12/2019 | 42 | ORDER re 39 Motion to Stay. Plaintiff is directed to respond to Defendant's letter by Wednesday, April 17, 2019. (HEREBY ORDERED by Judge Edgardo Ramos)(Text Only Order) (jar) (Entered: 04/12/2019) |
| 04/12/2019 | 43 | NOTICE of Withdrawal of Limited Appearance of Pro Bono Counsel re: 27 Notice (Other), 18 Notice of Limited Appearance of Pro Bono Counsel, 17 Notice of Limited Appearance of Pro Bono Counsel, 26 Notice (Other), 29 Notice of Limited Appearance of Pro Bono Counsel. Document filed by Esther Solomon. (Kennedy, Lauren) (Entered: 04/12/2019) |
| 04/17/2019 | 44 | LETTER addressed to Judge Edgardo Ramos from E. Solomon, dated 4/17/19 re: Plaintiff responds to defendant Fordham's 4/10/19 letter and Motion to Stay of Discovery pending the Motion to Dismiss; and she informs the Court that her pro bono discovery attorneys, Cravath, Swaine & Moore, suddenly announced on 4/12/19 that they were ending their representation, without her consent and in the midst of escalating issues with the defendants regarding discovery etc. Document filed by Esther Solomon.(sc) (Entered: 04/18/2019) |
| 05/03/2019 | 45 | **FILING ERROR − DEFICIENT DOCKET ENTRY − MOTION to Dismiss** . Document filed by Fordham University. Responses due by 6/28/2019 Return Date set for 7/12/2019 at 09:30 AM. (Attachments: # 1 Afirmation in Support, # 2 Exhibit A to Affirmation in Support, # 3 Memorandum of Law in Support, # 4 Affidavit of Service)(Ryan, James) Modified on 5/6/2019 (db). (Entered: 05/03/2019) |
| 05/03/2019 | 46 | **FILING ERROR − DEFICIENT DOCKET ENTRY − AMENDED MOTION to Dismiss** . Document filed by Fordham University. Responses due by 6/28/2019 Return Date set for 7/12/2019 at 09:30 AM. (Attachments: # 1 Affirmation in Support, # 2 Exhbit A to Affirmation in Support, # 3 Memorandum of Law in Support, # 4 Affidavit of Service)(Ryan, James) Modified on 5/6/2019 (db). (Entered: 05/03/2019) |
| 05/06/2019 | | ***NOTICE TO ATTORNEY TO RE−FILE DOCUMENT − DEFICIENT DOCKET ENTRY ERROR. Notice to Attorney James Gerard Ryan to RE−FILE** |

| | | **Document 45 MOTION to Dismiss . 46 AMENDED MOTION to Dismiss . ERROR(S): Supporting Documents are filed separately (NOT AS ATTACHMENTS), each receiving their own document #'s. (db)** (Entered: 05/06/2019) |
|---|---|---|
| 05/06/2019 | 47 | MOTION to Dismiss . Document filed by Fordham University. Responses due by 6/28/2019 Return Date set for 7/12/2019 at 09:30 AM.(Dryer, Hayley) (Entered: 05/06/2019) |
| 05/06/2019 | 48 | AFFIRMATION of JAMES G. RYAN in Support re: 47 MOTION to Dismiss .. Document filed by Fordham University. (Attachments: # 1 Exhibit AMENDED COMPLAINT)(Dryer, Hayley) (Entered: 05/06/2019) |
| 05/06/2019 | 49 | MEMORANDUM OF LAW in Support re: 47 MOTION to Dismiss . . Document filed by Fordham University. (Dryer, Hayley) (Entered: 05/06/2019) |
| 05/06/2019 | 50 | AFFIDAVIT OF SERVICE of NOTICE OF MOTION TO DISMISS, AFFIRMATION OF JAMES G. RYAN WITH EXHIBIT, MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS served on ESTHER SOLOMON on 05/03/2019. Service was made by FEDERAL EXPRESS. Document filed by Fordham University. (Dryer, Hayley) (Entered: 05/06/2019) |
| 05/15/2019 | | DOCKET ANNOTATION: Scheduling Notice – The June 14, 2019 case management conference is hereby adjourned pending the court's ruling of Defendant's motion to dismiss. (jar) (Entered: 05/15/2019) |
| 06/28/2019 | 51 | PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS; re: 47 MOTION to Dismiss . Document filed by Esther Solomon. (sc) (Entered: 07/01/2019) |
| 07/01/2019 | 52 | LETTER from Esther Solomon, re: Plaintiff requests that the Court please replace the erroneous last three pages of "Plaintiff's Memo of Law in Opposition to Defendant's Motion to Dismiss" filed on 6/28/19(see attached as indicated). Document filed by Esther Solomon.(sc) (Entered: 07/01/2019) |
| 07/02/2019 | 53 | LETTER MOTION for Extension of Time to File Response/Reply addressed to Judge Edgardo Ramos from Hayley B. Dryer dated 07/02/2019. Document filed by Fordham University.(Dryer, Hayley) (Entered: 07/02/2019) |
| 07/02/2019 | 54 | ORDER granting 53 Letter Motion for Extension of Time to File Response/Reply re 47 MOTION to Dismiss . Replies due by 7/22/2019. (HEREBY ORDERED by Judge Edgardo Ramos)(Text Only Order) (jar) (Entered: 07/02/2019) |
| 07/22/2019 | 55 | REPLY MEMORANDUM OF LAW in Support re: 47 MOTION to Dismiss . . Document filed by Fordham University. (Ryan, James) (Entered: 07/22/2019) |
| 07/22/2019 | 56 | REPLY AFFIDAVIT of Benjamin Crooker in Support re: 47 MOTION to Dismiss .. Document filed by Fordham University. (Attachments: # 1 Exhibit A – Course Schedules, # 2 Exhibit B – Building Abbreviation Guide)(Ryan, James) (Entered: 07/22/2019) |
| 07/22/2019 | 57 | REPLY AFFIRMATION of James G. Ryan in Support re: 47 MOTION to Dismiss .. Document filed by Fordham University. (Ryan, James) (Entered: 07/22/2019) |
| 07/22/2019 | 58 | AFFIDAVIT OF SERVICE of Reply Memorandum of Law, Reply Affidavit with Exhibits, Reply Affirmation served on Esther Solomon on 07/22/2019. Service was made by Mail. Document filed by Fordham University. (Ryan, James) (Entered: 07/22/2019) |
| 09/23/2019 | 59 | PLAINTIFF'S PRO SE MOTION FOR LEAVE TO FILE SURREPLY OPPOSING DEFENDANT'S MOTION TO DISMISS. Document filed by Esther Solomon.(sc) (Entered: 09/24/2019) |
| 09/25/2019 | 60 | ORDER. Plaintiff Esther Solomon, proceeding pro se, moved the Court for leave to file a surreply in further opposition to defendant Fordham University's motion to dismiss her amended complaint. Doc. 59 (Sept. 23, 2019). Fordham takes no position on the surreply. The Court GRANTS Solomon's motion. The clerk is respectfully directed to enter exhibit A of Solomon's motion into the docket as Solomon's surreply. It is SO ORDERED. Granting 59 Motion for Leave to File Document. (Signed by |

| | | Judge Edgardo Ramos on 9/25/2019) (rjm) (Entered: 09/25/2019) |
|---|---|---|
| 09/25/2019 | 61 | PLAINTIFF'S SURREPLY MEMORANDUM OF LAW in Opposition re: 47 MOTION to Dismiss. Document filed by Esther Solomon. (sac) (Entered: 09/30/2019) |
| 11/06/2019 | | SUBPOENA ISSUED for Margaret T. Ball, Esq Fordham University Office of the General Counsel.Document filed by Esther Solomon.(aea) (Entered: 11/06/2019) |
| 11/06/2019 | | SUBPOENA ISSUED for Margaret T. Ball, Esq Fordham University Office of the General Counsel.Document filed by Esther Solomon.(aea) (Entered: 11/06/2019) |
| 11/06/2019 | | SUBPOENA ISSUED for Margaret T. Ball, Esq Fordham University Office of the General Counsel.Document filed by Esther Solomon.(aea) (Entered: 11/06/2019) |
| 11/06/2019 | | SUBPOENA ISSUED for Margaret T. Ball, Esq Fordham University Office of the General Counsel.Document filed by Esther Solomon.(aea) (Entered: 11/06/2019) |
| 11/06/2019 | | SUBPOENA ISSUED for Margaret T. Ball, Esq Fordham University Office of the General Counsel.Document filed by Esther Solomon.(aea) (Entered: 11/06/2019) |
| 11/06/2019 | | SUBPOENA ISSUED for Margaret T. Ball, Esq Fordham University Office of the General Counsel.Document filed by Esther Solomon.(aea) (Entered: 11/06/2019) |
| 11/06/2019 | | SUBPOENA ISSUED for Margaret T. Ball, Esq Fordham University Office of the General Counsel.Document filed by Esther Solomon.(aea) (Entered: 11/06/2019) |
| 11/06/2019 | | SUBPOENA ISSUED for Margaret T. Ball, Esq Fordham University Office of the General Counsel.Document filed by Esther Solomon.(aea) (Entered: 11/06/2019) |
| 11/06/2019 | | SUBPOENA ISSUED for Margaret T. Ball, Esq Fordham University Office of the General Counsel.Document filed by Esther Solomon.(aea) (Entered: 11/06/2019) |
| 11/06/2019 | | SUBPOENA ISSUED for Margaret T. Ball, Esq Fordham University Office of the General Counsel.Document filed by Esther Solomon.(aea) (Entered: 11/06/2019) |
| 11/06/2019 | | SUBPOENA ISSUED for Margaret T. Ball, Esq Fordham University Office of the General Counsel.Document filed by Esther Solomon.(aea) (Entered: 11/06/2019) |
| 11/06/2019 | | SUBPOENA ISSUED for Margaret T. Ball, Esq Fordham University Office of the General Counsel.Document filed by Esther Solomon.(aea) (Entered: 11/06/2019) |
| 11/06/2019 | | SUBPOENA ISSUED for Margaret T. Ball, Esq Fordham University Office of the General Counsel.Document filed by Esther Solomon.(aea) (Entered: 11/06/2019) |
| 11/06/2019 | | SUBPOENA ISSUED for Margaret T. Ball, Esq Fordham University Office of the General Counsel.Document filed by Esther Solomon.(aea) (Entered: 11/06/2019) |
| 12/17/2019 | 62 | LETTER addressed to Judge Edgardo Ramos from E. Solomon, dated 12/17/19 re: Plaintiff submits request for a Hearing on Discovery to Compel Defendant's Compliance with Subpoenas sent to Fordham University, Responses to Interrogatories, and Previous Discovery Requests. Document filed by Esther Solomon. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit)(sc) (Entered: 12/18/2019) |
| 12/23/2019 | 63 | LETTER addressed to Judge Edgardo Ramos from Hayley B. Dryer dated 12/23/2019 re: Response to Plaintiff's letter Docket Entry 62. Document filed by Fordham University.(Dryer, Hayley) (Entered: 12/23/2019) |
| 12/27/2019 | | ***DELETED DOCUMENT. Deleted document number 64 Order. The document was incorrectly filed in this case. (jca) (Entered: 12/27/2019) |
| 12/27/2019 | 64 | ORDER: The Court is in receipt of Solomon's letter of December 17, 2019, Doc. 62, and Fordham's reply of December 23, 2019. The parties are directed to appear for a discovery conference on January 29, 2020 at 10:30 a.m. The Clerk of Court is respectfully directed to mail a copy of this Order to Solomon. It is SO ORDERED. (Status Conference set for 1/29/2020 at 10:30 AM before Judge Edgardo Ramos.) (Signed by Judge Vernon S. Broderick on 12/26/2019) (jca) Transmission to Docket Assistant Clerk for processing. (Entered: 12/27/2019) |

| 12/27/2019 | | Mailed a copy of 64 Order, Set Hearings, to Esther Solomon 140 West 62nd Street New York, NY 10023. (vba) (Entered: 12/27/2019) |
|---|---|---|
| 01/29/2020 | | Minute Entry for proceedings held before Judge Edgardo Ramos: Discovery Hearing held on 1/29/2020. Pro se Plaintiff present. Defendant's counsel present. Plaintiff is granted leave to file motions to compel as she sees fit. (jar) (Entered: 01/29/2020) |
| 02/10/2020 | 65 | TRANSCRIPT of Proceedings re: CONFERENCE held on 1/29/2020 before Judge Edgardo Ramos. Court Reporter/Transcriber: Elizabeth Chan, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 3/2/2020. Redacted Transcript Deadline set for 3/12/2020. Release of Transcript Restriction set for 5/11/2020..(McGuirk, Kelly) (Entered: 02/10/2020) |
| 02/10/2020 | 66 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 1/29/2020 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(McGuirk, Kelly) (Entered: 02/10/2020) |
| 03/03/2020 | 67 | TRANSCRIPT of Proceedings re: CORRECTED held on 1/29/2020 before Judge Edgardo Ramos. Court Reporter/Transcriber: Elizabeth Chan, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 3/24/2020. Redacted Transcript Deadline set for 4/3/2020. Release of Transcript Restriction set for 6/1/2020..(McGuirk, Kelly) (Entered: 03/03/2020) |
| 03/03/2020 | 68 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 1/29/2020 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(McGuirk, Kelly) (Entered: 03/03/2020) |
| 03/17/2020 | 69 | OPINION AND ORDER. For the foregoing reasons, Fordham's motion to dismiss is GRANTED in its entirety. Should Solomon wish to file a Second Amended Complaint, she must do so by April 15, 2020, and Fordham is directed to file an answer or any objections to the complaint by May 6, 2020. Discovery in this case is STAYED until Fordham answers a Second Amended Complaint or the Court denies a motion to dismiss a Second Amended Complaint. The Clerk of Court is respectfully directed to terminate the motions, Docs. 39 and 47. It is SO ORDERED. re: 47 MOTION to Dismiss filed by Fordham University. 39 LETTER MOTION to Stay Discovery pending decision on Motion to Dismiss addressed to Judge Edgardo Ramos from Hayley B. Dryer dated 04/10/2019. Document filed by Fordham University. (Amended Pleadings due by 4/15/2020.) The following deadline(s) was terminated: Discovery Deadline. (Signed by Judge Edgardo Ramos on 3/17/2020) (rjm) (Entered: 03/17/2020) |
| 03/17/2020 | 70 | PLAINTIFF'S NOTICE OF MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS, COMPLIANCE WITH DOCUMENT REQUESTS AND COMPLIANCE WITH REPRESENTATIONS TO THE COURT. Document filed by Esther Solomon. (Attachments: # 1 Memo of Law, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit)(sc) (Entered: 03/17/2020) |
| 04/16/2020 | 71 | SECOND AMENDED COMPLAINT amending 37 Amended Complaint against Fordham University with JURY DEMAND.Document filed by Esther Solomon. Related document: 37 Amended Complaint (cf) (Entered: 04/17/2020) |
| 04/29/2020 | 72 | LETTER MOTION for Conference *(pre–motion conference)* addressed to Judge Edgardo Ramos from Hayley Dryer dated 04.29.20. Document filed by Fordham University..(Dryer, Hayley) (Entered: 04/29/2020) |

| 04/30/2020 | 73 | ORDER granting 72 Letter Motion for Conference. The Court will not hold a pre-motion conference. Fordham is GRANTED leave to file a motion to dismiss the Second Amended Complaint. The parties will adhere to the following briefing schedule: May 29, 2020 (moving papers), July 3, 2020 (opposition), and July 24, 2020 (reply). (Signed by Judge Edgardo Ramos on 4/30/2020) (rro) (Entered: 04/30/2020) |
|---|---|---|
| 04/30/2020 | | Set/Reset Deadlines: Motions due by 5/29/2020. Responses due by 7/3/2020 Replies due by 7/24/2020. (rro) (Entered: 04/30/2020) |
| 05/29/2020 | 74 | MOTION to Dismiss *the second amended complaint of pro se plaintiff Esther Solomon*. Document filed by Fordham University. Responses due by 7/6/2020 Return Date set for 7/24/2020 at 05:00 PM..(Ryan, James) (Entered: 05/29/2020) |
| 05/29/2020 | 75 | AFFIRMATION of JAMES G. RYAN in Support re: 74 MOTION to Dismiss *the second amended complaint of pro se plaintiff Esther Solomon*.. Document filed by Fordham University. (Attachments: # 1 Exhibit A to Ryan Aff– Second Amended Complaint, # 2 Exhibit B to Ryan Aff– Opinion and Order Dismissing First Amended Complaint).(Ryan, James) (Entered: 05/29/2020) |
| 05/29/2020 | 76 | MEMORANDUM OF LAW in Support re: 74 MOTION to Dismiss *the second amended complaint of pro se plaintiff Esther Solomon*. . Document filed by Fordham University..(Ryan, James) (Entered: 05/29/2020) |
| 05/29/2020 | 77 | AFFIDAVIT OF SERVICE of NOTICE OF MOTION, AFFIRMATION OF JAMES G. RYAN, DATED MAY 29, 2020, MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS THE SECOND AMENDED COMPLAINT together with copies of cases and other authorities cited therein in accordance with Local Rule 7.2 served on Esther Solomon on May 29, 2020. Service was made by Federal Express – Mail. Document filed by Fordham University..(Ryan, James) (Entered: 05/29/2020) |
| 06/17/2020 | 78 | LETTER MOTION for Extension of Time *of the briefing schedule* addressed to Judge Edgardo Ramos from Hayley B. Dryer dated 06.17.2020. Document filed by Fordham University..(Dryer, Hayley) (Entered: 06/17/2020) |
| 06/19/2020 | 79 | ORDER granting 78 Letter Motion for Extension of Time. Dr. Solomon's opposition is now due July 27, 2020. Fordham University's reply is due August 24, 2020. (Reply to Response to Brief due by 8/24/2020. Responses to Brief due by 7/27/2020) (HEREBY ORDERED by Judge Edgardo Ramos)(Text Only Order) (jar) (Entered: 06/19/2020) |
| 07/28/2020 | 80 | PLAINTIFF'S MEMORANDUM OF LAW OPPOSING THE DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT, re: 74 MOTION to Dismiss *the second amended complaint of pro se plaintiff Esther Solomon*. Document filed by Esther Solomon.(sc) (Entered: 07/28/2020) |
| 08/24/2020 | 81 | REPLY MEMORANDUM OF LAW in Support re: 74 MOTION to Dismiss *the second amended complaint of pro se plaintiff Esther Solomon*. . Document filed by Fordham University..(Ryan, James) (Entered: 08/24/2020) |
| 08/24/2020 | 82 | REPLY AFFIRMATION of James G. Ryan in Support re: 74 MOTION to Dismiss *the second amended complaint of pro se plaintiff Esther Solomon*.. Document filed by Fordham University. (Attachments: # 1 Exhibit A).(Ryan, James) (Entered: 08/24/2020) |
| 10/21/2020 | 83 | PLAINTIFF'S PRO SE MOTION FOR LEAVE TO FILE SURREPLY OPPOSING DEFENDANT'S MOTION TO DISMISS. Document filed by Esther Solomon. (Attachments: # 1 Exhibit)(sc) (Entered: 10/22/2020) |
| 10/26/2020 | 84 | ORDER denying 83 Motion for Leave to File Document. For the foregoing reasons, Plaintiff's motion for leave to file a sur-reply is DENIED. The clerk of court is respectfully directed to terminate the motion, Doc. 83. It is SO ORDERED. (Signed by Judge Edgardo Ramos on 10/26/2020) (rro) (Entered: 10/26/2020) |
| 12/29/2020 | 85 | OPINION & ORDER re: 74 MOTION to Dismiss *the second amended complaint of pro se plaintiff Esther Solomon* filed by Fordham University, 70 MOTION to Compel filed by Esther Solomon. For the foregoing reasons, Fordham's motion to dismiss the Second Amended Complaint is GRANTED. The claims therein are dismissed without prejudice. If Solomon wishes to file a Third Amended Complaint, she must, no later than February 1, 2021, move for leave to amend or obtain written consent from all |

|  |  | opposing parties, in accordance with Federal Rule of Civil Procedure 15(a)(2). In seeking leave to amend, Solomon must provide a copy of her proposed Third Amended Complaint and a concise explanation of how she has addressed the defects identified in this Opinion and Order. If Solomon chooses to move to file a Third Amended Complaint, discovery will continue to be stayed until Fordham answers this complaint or the Court denies a motion to dismiss it. The Clerk is respectfully directed to terminate docket numbers 70 and 74. ( Motions due by 2/1/2021.) (Signed by Judge Edgardo Ramos on 12/29/2020) (mro) (Entered: 12/29/2020) |
|---|---|---|
| 02/01/2021 | 86 | ENDORSED LETTER addressed to Judge Edgardo Ramos from Esther Solomon dated 2/1/2021 re: This is to respectfully request the Court to grant me one week's extension of time to file my Proposed Third Amended Complaint. ENDORSEMENT: The application is granted. SO ORDERED., ( Amended Pleadings due by 2/8/2021.) (Signed by Judge Edgardo Ramos on 2/1/2021) (kv) (Entered: 02/01/2021) |
| 02/01/2021 | 87 | LETTER addressed to Judge Edgardo Ramos from Esther Solomon dated 2/1/2021 re: Extension Request – This is to respectfully request the Court to grant me one week's extension of time to file my Proposed Third Amended Complaint. I ask that the Court extend the February 1, 2021 deadline to February 8, 2021. Document filed by Esther Solomon. (vn) (Entered: 02/02/2021) |
| 02/08/2021 | 88 | PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT, re: 71 Second Amended Complaint. Document filed by Esther Solomon. (Attachments: # 1 Exhibit, # 2 Exhibit).(sc) Modified on 2/9/2021 (sc). (Entered: 02/09/2021) |
| 02/08/2021 | 89 | LETTER addressed to Judge Edgardo Ramos from E. Solomon, dated 2/8/21 re: According to the Court instructions, I submit this letter to provide a concise explanation of my Proposed Third Amended Complaint. I explain how I addressed issues in the Court's 12/29/20 Opinion & Order, as well as serious new developments. Regarding the adverse actions mentioned by the Court, I spelled out in my Proposed Third Amended Complaint the three terminations Fordham secretly reported about me in 2019 and 2020 while I was officially being told I was on unpaid leave etc. I tried to be inclusive of facts and exhibits to meet the Court's requirements. I was unable to provide some of the items requested due to the lack of adequate discovery, with its name and other redactions. Document filed by Esther Solomon.(sc) (Entered: 02/09/2021) |
| 02/10/2021 | 90 | MEMO ENDORSEMENT on re: 89 Letter, filed by Esther Solomon. ENDORSEMENT: Defendant is instructed to respond to this letter by no later than March 3, 2021. Plaintiff may file a reply to Defendant's response by no later than March 10, 2021. (Signed by Judge Edgardo Ramos on 2/10/2021) (mro) (Entered: 02/10/2021) |
| 02/11/2021 | 91 | NOTICE OF APPEARANCE by Ryan Soebke on behalf of Fordham University..(Soebke, Ryan) (Entered: 02/11/2021) |
| 03/03/2021 | 92 | LETTER addressed to Judge Edgardo Ramos from Hayley B. Dryer dated 3/3/2021 re: Response to Pro Se Plaintiff's letter dated February 8, 2021 requesting leave to file a Third Amended Complaint. Document filed by Fordham University..(Dryer, Hayley) (Entered: 03/03/2021) |
| 03/10/2021 | 93 | LETTER addressed to Judge Edgardo Ramos from E. Solomon, dated 3/10/21 re: I respectfully submit this letter in support of my motion to file the proposed Third Amended Complaint(TAC), supplementing my 2/8/21 letter. The TAC facts help address the 12/29/20 Order and meet this stage's plausibility standard. Fordham has failed to set forth any good reason to deny my TAC or for another motion to dismiss etc. The loss of salary, health benefits, life and disability insurance, retirement benefits, and loss of access to teaching as a graduate professor with seniority are characteristics of adverse actions continuing to this day. Document filed by Esther Solomon.(sc) (Entered: 03/11/2021) |
| 06/04/2021 | 94 | OPINION AND ORDER re: 88 MOTION to Amend/Correct. filed by Esther Solomon. Solomon's motion to file her proposed Third Amended Complaint is GRANTED for the limited purpose of alleging that Fordham's position that it would not pay her healthcare premiums for her unpaid leaves violated her tenure rights and applicable COBRA regulations, and thus was retaliatory. This complaint must be filed |

| | | by June 25, 2021. Fordham's motion to dismiss, if any, will be due by July 23, 2021; Solomon's opposition will be due by August 20, 2021, and any reply will be due by September 3, 2021. The Clerk of Court is respectfully directed to terminate the motion, docket number 88. (As further set forth in this Order.) ( Amended Pleadings due by 6/25/2021., Motions due by 7/23/2021., Responses due by 8/20/2021, Replies due by 9/3/2021.) (Signed by Judge Edgardo Ramos on 6/4/2021) (cf) (Entered: 06/04/2021) |
|---|---|---|
| 06/11/2021 | 95 | THIRD AMENDED COMPLAINT, re: amending 71 Amended Complaint against Fordham University Administration, Rose Hill Campus with JURY DEMAND.Document filed by Esther Solomon. Related document: 71 Amended Complaint. (Attachments: # 1 Exhibit, # 2 Exhibit)(sc) (Entered: 06/11/2021) |
| 06/18/2021 | 96 | NOTICE OF MOTION FOR RECONSIDERATION AND/OR CERTIFICATION AS FINAL JUDGMENT PURS. TO FED.R.CIV.P. 54(b), re:for Reconsideration re; 94 Memorandum & Opinion, Set Deadlines. Document filed by Esther Solomon.(sc) (Entered: 06/21/2021) |
| 06/18/2021 | 97 | MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION AND/OR CERTIFICATION AS FINAL JUDGMENT PURS. TO FED.R.CIV.P. 54(b), re: 96 MOTION for Reconsideration re; 94 Memorandum & Opinion, Set Deadlines. Document filed by Esther Solomon. (sc) (Entered: 06/21/2021) |
| 06/24/2021 | 98 | ORDER: Fordham is instructed to respond to Solomons motion on the same briefing schedule as Fordham's anticipated motion to dismiss. Accordingly: Fordham's opposition to Solomons motion to reconsider will be due by July 23, 2021; Solomon's reply to Fordham's opposition will be due by August 20, 2021. The parties briefs may be filed separately from their motion to dismiss briefs, or each party may each file a single consolidated brief addressing both motions. In the event either party submits a consolidated brief, it shall not exceed 30 pages. (As further set forth in this Order.) ( Responses due by 7/23/2021, Replies due by 8/20/2021.) (Signed by Judge Edgardo Ramos on 6/24/2021) (cf) (Entered: 06/24/2021) |
| 07/22/2021 | 99 | MOTION to Dismiss *the Third Amended Complaint*. Document filed by Fordham University Administration, Rose Hill Campus..(Ryan, James) (Entered: 07/22/2021) |
| 07/22/2021 | 100 | AFFIRMATION of James G. Ryan in Support re: 99 MOTION to Dismiss *the Third Amended Complaint*.. Document filed by Fordham University Administration, Rose Hill Campus. (Attachments: # 1 Exhibit A (pgs 1–100), # 2 Exhibit A (pgs 101–200), # 3 Exhibit A (pgs 201–300), # 4 Exhibit A (301–413), # 5 Exhibit B, # 6 Exhibit C, # 7 Exhibit D).(Ryan, James) (Entered: 07/22/2021) |
| 07/22/2021 | 101 | MEMORANDUM OF LAW in Support re: 99 MOTION to Dismiss *the Third Amended Complaint*. . Document filed by Fordham University Administration, Rose Hill Campus..(Ryan, James) (Entered: 07/22/2021) |
| 07/22/2021 | 102 | AFFIDAVIT OF SERVICE of Motion to Dismiss Third Amended Complaint served on Esther Solomon on July 22, 2021. Service was made by MAIL. Document filed by Fordham University Administration, Rose Hill Campus..(Ryan, James) (Entered: 07/22/2021) |
| 07/22/2021 | 103 | REPLY MEMORANDUM OF LAW in Opposition re: 96 MOTION for Reconsideration re; 94 Memorandum & Opinion, Set Deadlines,.,.,,. . Document filed by Fordham University Administration, Rose Hill Campus..(Ryan, James) (Entered: 07/22/2021) |
| 07/22/2021 | 104 | AFFIDAVIT OF SERVICE of Memorandum of Law in Opposition to Plaintiff's Motion for Reconsideration served on Esther Solomon on July 22, 2021. Service was made by MAIL. Document filed by Fordham University Administration, Rose Hill Campus..(Ryan, James) (Entered: 07/22/2021) |
| 08/12/2021 | 105 | LETTER addressed to Judge Edgardo Ramos from E. Solomon, dated 8/12/21 re: This is to request the Court's approval for a two–week extension of my response date from the original briefing schedule in the Court's 6/24/21 Memorandum & Order(Dkt.#98) etc. The original submission date was 8/20/21. The proposed new submission date is 9/3/21. Document filed by Esther Solomon.(sc) (Entered: 08/13/2021) |

| 08/16/2021 | 106 | MEMO ENDORSEMENT on re: 105 Letter, filed by Esther Solomon. ENDORSEMENT: The request is GRANTED. Solomon must reply to Fordham's oppositions by no later than September 3, 2021. It is SO ORDERED. ( Replies due by 9/3/2021.) (Signed by Judge Edgardo Ramos on 8/16/2021) (cf) (Entered: 08/16/2021) |
|---|---|---|
| 08/25/2021 | 107 | LETTER MOTION for Extension of Time to File Response/Reply *in further support of Fordham's motion to dismiss Plaintiff's third amended complaint* addressed to Judge Edgardo Ramos from Ryan Soebke dated 08/25/2021. Document filed by Fordham University Administration, Rose Hill Campus..(Soebke, Ryan) (Entered: 08/25/2021) |
| 08/25/2021 | 108 | ORDER granting 107 Letter Motion for Extension of Time to File Response/Reply re 107 LETTER MOTION for Extension of Time to File Response/Reply *in further support of Fordham's motion to dismiss Plaintiff's third amended complaint* addressed to Judge Edgardo Ramos from Ryan Soebke dated 08/25/2021. The application is granted. Replies due by 9/17/2021. (Signed by Judge Edgardo Ramos on 8/25/2021) (cf) (Entered: 08/25/2021) |
| 09/02/2021 | 109 | LETTER addressed to Judge Edgardo Ramos from E. Solomon, dated 9/2/21 re: This is to request the Court's approval for a ten–day extension for my response date from 9/3/21 to 9/13/21; and opposing counsel has consented to my request etc. Document filed by Esther Solomon.(sc) Modified on 9/2/2021 (sc). (Entered: 09/02/2021) |
| 09/02/2021 | 110 | MEMO ENDORSEMENT on re: 109 Letter, filed by Esther Solomon. ENDORSEMENT: The application is granted. SO ORDERED. (Responses due by 9/13/2021, Replies due by 9/27/2021.) (Signed by Judge Edgardo Ramos on 9/2/2021) (kv) (Entered: 09/02/2021) |
| 09/13/2021 | 111 | MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION AND/OR CERTIFICATION AS FINAL JUDGMENT PURS. TO FED.R.CIV.P. 56(b) AND IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, re: in support of 96 MOTION for Reconsideration re; 94 Memorandum & Opinion, Set Deadlines. Document filed by Esther Solomon. (sc) (Entered: 09/14/2021) |
| 09/20/2021 | 112 | LETTER MOTION for Extension of Time to File Response/Reply *in Further Support of Fordham's motion to dismiss Plaintiff Esther Solomon's third amended complaint from Septembet 27, 2021 to October 11, 2021* addressed to Judge Edgardo Ramos from Ryan Soebke dated September 20, 2021. Document filed by Fordham University Administration, Rose Hill Campus..(Soebke, Ryan) (Entered: 09/20/2021) |
| 09/20/2021 | 113 | ORDER: granting 112 Letter Motion for Extension of Time to File Response/Reply re 112 LETTER MOTION for Extension of Time to File Response/Reply in Further Support of Fordham's motion to dismiss Plaintiff Esther Solomon's third amended complaint from Septembet 27, 2021 to October 11, 2021. addressed to Judge Edgardo. The application is Granted. Replies due by 10/11/2021. (Signed by Judge Edgardo Ramos on 9/20/2021) (ama) (Entered: 09/20/2021) |
| 09/22/2021 | 114 | FIRST LETTER addressed to Judge Edgardo Ramos from Hayley B. Dryer dated September 14, 2021 re: Removal of Representation. Document filed by Fordham University Administration, Rose Hill Campus..(Dryer, Hayley) (Entered: 09/22/2021) |
| 09/23/2021 | 115 | MEMO ENDORSEMENT on re: 114 Letter filed by Fordham University Administration, Rose Hill Campus. ENDORSEMENT: The application is granted. The Clerk of the Court is respectfully directed to terminate Ms. Dryer's appearance. Attorney Hayley Brooke Dryer terminated. (Signed by Judge Edgardo Ramos on 9/23/2021) (cf) Modified on 9/23/2021 (cf). (Entered: 09/23/2021) |
| 10/11/2021 | 116 | FIRST REPLY MEMORANDUM OF LAW in Support re: 99 MOTION to Dismiss *the Third Amended Complaint*. . Document filed by Fordham University Administration, Rose Hill Campus..(Ryan, James) (Entered: 10/11/2021) |
| 10/11/2021 | 117 | DECLARATION in Support re: 99 MOTION to Dismiss *the Third Amended Complaint*.. Document filed by Fordham University Administration, Rose Hill Campus. (Attachments: # 1 Exhibit A true and correct copy of Fordham's email correspondence with Plaintiff regarding Fall 2021 teaching schedule).(Ryan, James) (Entered: 10/11/2021) |

| 10/28/2021 | 118 | LETTER addressed to Judge Edgardo Ramos from Esther Solomon, dated 10/28/21 re: This is to respectfully request the Court's leave to file a Surreply to Defendant's 10/11/21 Reply Memorandum seeking to dismiss my Third Amended Complaint(TAC) and to oppose my Motion for Reconsideration and/or Certification, and my Reply etc. The Reply is replete with new false "facts," pretextual defenses seeking to dispute the TAC, and distortions of IRS rules regarding employer–mandated health plans etc. Despite the terminations, Defendant continues the fiction that their records still deem me tenured faculty. For my part, since I expect that my tenured rights should be reinstated, I continue to perform without salary and benefits for my research and service faculty dues. Document filed by Esther Solomon.(sc) Modified on 10/28/2021 (sc). (Entered: 10/28/2021) |
|---|---|---|
| 10/29/2021 | 119 | MEMO ENDORSEMENT: on re: 118 Letter filed by Esther Solomon. ENDORSEMENT: The Application is Granted. Plaintiff's request for the Court's leave to file a surreply is GRANTED. Plaintiff is hereby instructed to file a surreply by November 5, 2021., ( Surreplies due by 11/5/2021.) (Signed by Judge Edgardo Ramos on 10/29/2021) (ama) (Entered: 10/29/2021) |
| 11/05/2021 | 120 | PLAINTIFF'S SURREPLY MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE TAC, re: 99 MOTION to Dismiss *the Third Amended Complaint*. Document filed by Esther Solomon. (sc) (Entered: 11/08/2021) |
| 03/29/2022 | 121 | OPINION AND ORDER: re: 99 MOTION to Dismiss the Third Amended Complaint filed by Fordham University Administration, Rose Hill Campus, 96 MOTION for Reconsideration re; 94 Memorandum & Opinion, Set Deadlines filed by Esther Solomon. For the reasons set forth above, Solomon's motion for reconsideration is DENIED and Fordham's motion to dismiss the third amended complaint is GRANTED in its entirety. The Clerk of Court is respectfully directed to terminate the motions, Docs. 96 and 99, and close the case. IT IS SO ORDERED. (Signed by Judge Edgardo Ramos on 3/29/2022) (ama) Transmission to Orders and Judgments Clerk for processing. (Entered: 03/29/2022) |
| 03/29/2022 | 122 | CLERK'S JUDGMENT re: 121 Memorandum & Opinion in favor of Fordham University Administration, Rose Hill Campus against Esther Solomon. It is hereby ORDERED, ADJUDGED AND DECREED: That for the reasons stated in the Court's Opinion and Order dated March 29, 2022, Solomon's motion for reconsideration is DENIED and Fordham's motion to dismiss the third amended complaint is GRANTED in its entirety; accordingly, the case is closed. (Signed by Clerk of Court Ruby Krajick on 3/29/2022) (Attachments: # 1 Right to Appeal) (km) (Entered: 03/29/2022) |
| 04/22/2022 | 123 | NOTICE OF APPEAL from 122 Clerk's Judgment,, 121 Memorandum & Opinion,,. Document filed by Esther Solomon. Filing fee $ 505.00, receipt number 465401297429. Form D–P is due within 14 days to the Court of Appeals, Second Circuit..(nd) (Entered: 04/22/2022) |
| 04/22/2022 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 123 Notice of Appeal,..(nd) (Entered: 04/22/2022) |
| 04/22/2022 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 123 Notice of Appeal filed by Esther Solomon were transmitted to the U.S. Court of Appeals..(nd) (Entered: 04/22/2022) |
| 09/05/2023 | 124 | ORDER of USCA (Certified Copy) as to 123 Notice of Appeal, filed by Esther Solomon USCA Case Number 22–0887–cv. UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED in part and VACATED in part, and the action is REMANDED for further proceedings consistent with this order. Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Certified: 9/5/2023. (tp) (Entered: 09/05/2023) |
| 09/27/2023 | 125 | MANDATE of USCA (Certified Copy) as to 123 Notice of Appeal, filed by Esther Solomon USCA Case Number 22–0887–cv. UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED in part and VACATED in part, and the action is REMANDED for further proceedings consistent with this order. Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Issued As Mandate: 9/27/2023. (km) |

| | | (Entered: 09/27/2023) |
|---|---|---|
| 09/27/2023 | | Transmission of USCA Mandate/Order to the District Judge re: 125 USCA Mandate.(km) (Entered: 09/27/2023) |
| 12/11/2023 | 126 | LETTER addressed to Judge Edgardo Ramos from E. Solomon, dated 12/12/23 re: This is to respectfully request a Conference with the Court to set the new case discovery plan and schedule. Although Fordham indicated they would respond by early last week, they have not responded. Document filed by Esther Solomon.(sc) (Entered: 12/12/2023) |
| 12/12/2023 | 127 | NOTICE OF APPEARANCE by Jennifer A. McLaughlin on behalf of Fordham University..(McLaughlin, Jennifer) (Entered: 12/12/2023) |
| 12/19/2023 | 128 | MEMO ENDORSEMENT: on re: 126 Letter filed by Esther Solomon. ENDORSEMENT: A status conference is scheduled for January 11, 2024 at 11:30 am. The parties are directed to dial 877–411–9748 and enter access code: 3029857# when prompted. SO ORDERED., Telephonic Status Conference set for 1/11/2024 at 11:30 AM before Judge Edgardo Ramos.) (Signed by Judge Edgardo Ramos on 12/19/2023) (ama) (Entered: 12/19/2023) |
| 01/11/2024 | | Minute Entry for proceedings held before Judge Edgardo Ramos: Status Conference held on 1/11/2024 by telephone. Pro se Plaintiff, present. Defendant's counsel present. The parties were directed to submit a proposed joint discovery scheduled by tomorrow Friday, January 12, 2024. All discovery shall be completed by July 12, 2024. (jar) (Entered: 01/11/2024) |
| 01/12/2024 | 129 | PROPOSED CASE MANAGEMENT PLAN. Document filed by Fordham University, Fordham University Administration, Rose Hill Campus..(Soebke, Ryan) (Entered: 01/12/2024) |
| 01/16/2024 | 130 | CIVIL CASE DISCOVERY PLAN AND SCHEDULING ORDER: This Civil Case Discovery Plan and Scheduling Order is adopted, after consultation with counsel, pursuant to Fed. R. Civ. P. 16 and 26(f). All parties do not consent conducting all further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c). The case is to be tried to a jury. Amended Pleadings due by 1/26/2024. Joinder of Parties due by 1/26/2024. Non–expert depositions shall be completed by: 5/01/2024. Expert Deposition due by 7/12/2024. All Discovery due by 7/12/2024. The Magistrate Judge assigned to this case is the Hon. Robert W. Lehrburger. The next Case Management Conference set for 7/12/2024 at 11:30 AM before Judge Edgardo Ramos. SO ORDERED. (Signed by Judge Edgardo Ramos on 1/16/2024) (ama) (Entered: 01/16/2024) |
| 01/17/2024 | 131 | NOTICE of Withdrawal of James G. Ryan as Counsel of Record. Document filed by Fordham University, Fordham University Administration, Rose Hill Campus..(McLaughlin, Jennifer) (Entered: 01/17/2024) |
| 01/18/2024 | 132 | PLAINTIFF'S NOTICE OF MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS, COMPLIANCE WITH DOCUMENT REQUESTS AND COMPLIANCE WITH REPRESENTATIONS TO THE COURT. Document filed by Esther Solomon.(sc) (Entered: 01/19/2024) |
| 01/18/2024 | 133 | LETTER addressed to Judge Edgardo Ramos from Esther Solomon dated 1/18/24 re: I am resubmitting my Motion to Compel Discovery, initially filed on 3/17/2020.The current submission implements the 3/17/20 Order's instructions in footnote 16. It granted leave to refile etc. I request the Court to grant my "Motion to Compel Compliance with Subpoenas etc." Document filed by Esther Solomon.(sc) (Entered: 01/19/2024) |
| 01/22/2024 | 134 | MEMO ENDORSEMENT on re: 133 Letter, filed by Esther Solomon ENDORSEMENT: Defendant is directed to respond to this letter by January 30, 2024. SO ORDERED. (Signed by Judge Edgardo Ramos on 1/22/2024) (ks) (Entered: 01/22/2024) |
| 01/30/2024 | 135 | LETTER addressed to Judge Edgardo Ramos from Jennifer A. McLaughlin dated January 30, 2024 re: Letter in Response to Plaintiff's 1/19/24 Letter. Document filed by Fordham University, Fordham University Administration, Rose Hill Campus..(McLaughlin, Jennifer) (Entered: 01/30/2024) |

| 01/31/2024 | 136 | MEMO ENDORSEMENT on NOTICE OF WITHDRAWAL OF JAMES G RYAN AS COUNSEL OF RECORD: re: 131 Notice (Other) filed by Fordham University, Fordham University Administration, Rose Hill Campus. ENDORSEMENT: SO ORDERED., Attorney James Gerard Ryan terminated. (Signed by Judge Edgardo Ramos on 1/31/2024) (ama) (Entered: 01/31/2024) |
|---|---|---|
| 02/01/2024 | 137 | MEMO ENDORSEMENT: on re: 135 Letter filed by Fordham University, Fordham University Administration, Rose Hill Campus. ENDORSEMENT: Fordham's request for leave to file a motion to compel discovery is granted. Fordham's motion to compel will be due on March 1, 2024; Solomon's opposition will be due on April 1, 2024, and Fordham's reply will be due on April 15, 2024. Fordham's request for its opposition to Solomon's motion to compel to be due on March 1, 2024, is also granted. Solomon's reply will be due on April 1, 2024. Finally, Fordham's request for its answer to be due on March 1, 2024, is also granted. SO ORDERED., Fordham University Administration, Rose Hill Campus answer due 3/1/2024.( Motions due by 3/1/2024., Responses due by 4/1/2024, Replies due by 4/15/2024.) (Signed by Judge Edgardo Ramos on 2/01/2024) (ama) (Entered: 02/01/2024) |
| 02/14/2024 | 138 | TRANSCRIPT of Proceedings re: conference held on 1/11/2024 before Judge Edgardo Ramos. Court Reporter/Transcriber: Sharonda Jones, (212) 805−0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 3/6/2024. Redacted Transcript Deadline set for 3/18/2024. Release of Transcript Restriction set for 5/14/2024..(Moya, Goretti) (Main Document 138 replaced on 4/12/2024) (js). (Entered: 02/14/2024) |
| 02/14/2024 | 139 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a conference proceeding held on 1/11/24 has been filed by the court reporter/transcriber in the above−captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(Moya, Goretti) (Entered: 02/14/2024) |
| 03/01/2024 | 140 | ANSWER to 95 Amended Complaint,. Document filed by Fordham University..(Soebke, Ryan) (Entered: 03/01/2024) |
| 03/01/2024 | 141 | CROSS MOTION to Compel . Document filed by Fordham University..(Soebke, Ryan) (Entered: 03/01/2024) |
| 03/01/2024 | 142 | DECLARATION of Ryan Soebke in Support re: 141 CROSS MOTION to Compel .. Document filed by Fordham University. (Attachments: # 1 Exhibit A − Fordhams First Request for Production of Documents, # 2 Exhibit B − ES17−ES18, # 3 Exhibit C − E112−ES119, # 4 Exhibit D −1/29/20 Transcript).(Soebke, Ryan) (Entered: 03/01/2024) |
| 03/01/2024 | 143 | MEMORANDUM OF LAW in Support re: 141 CROSS MOTION to Compel . . Document filed by Fordham University..(Soebke, Ryan) (Entered: 03/01/2024) |
| 03/31/2024 | 144 | LETTER addressed to Judge Edgardo Ramos from Esther Solomon dated 3/31/24 re: requesting a two−week extension to file my two Briefs, Reply and Opposition. Document filed by Esther Solomon.(yv) (Entered: 04/01/2024) |
| 04/01/2024 | 145 | MEMO ENDORSEMENT on re: 144 Letter filed by Esther Solomon. ENDORSEMENT The parties' request for an extension of time for Solomon to fileher opposition to Fordham's motion to compel, until April 15, 2024, and for a corresponding extension of time for Fordham to file its reply, until April 30, 2024, is granted. The parties' request for an extension of time for Solomon to file her reply in supportof her own motion to compel, until April 15, 2024, is also granted. Solomon is granted leave to file a reply of no more than 15 pages. SO ORDERED. ( Replies due by 4/30/2024., Responses due by 4/15/2024) (Signed by Judge Edgardo Ramos on 4/1/2024) (jca) (Entered: 04/01/2024) |
| 04/15/2024 | 146 | REPLY MEMORANDUM OF LAW in Support re: 132 MOTION to Compel Fordham University to TO COMPEL COMPLIANCE WITH SUBPOENAS, COMPLIANCE WITH DOCUMENT REQUERSTS AND COMPLIANCE WITH REPRESENTATIONS TO THE COURT.. Document filed by Esther Solomon..(kgo) |

| | | |
|---|---|---|
| | | Modified on 4/17/2024 (sha). (Entered: 04/17/2024) |
| 04/15/2024 | 147 | MEMORANDUM OF LAW in Opposition re: 141 CROSS MOTION to Compel . Document filed by Esther Solomon..(kgo) Modified on 4/17/2024 (sha). (Entered: 04/17/2024) |
| 04/25/2024 | 148 | LETTER MOTION for Extension of Time to File Response/Reply addressed to Judge Edgardo Ramos from Ryan Soebke dated April 25, 2024. Document filed by Fordham University..(Soebke, Ryan) (Entered: 04/25/2024) |
| 04/26/2024 | 149 | ORDER granting 148 Letter Motion for Extension of Time to File Response/Reply re 148 LETTER MOTION for Extension of Time to File Response/Reply addressed to Judge Edgardo Ramos from Ryan Soebke dated April 25, 2024.Defendants' request for an extension of time to file the reply, until May 7, 2024, is granted. SO ORDERED. Replies due by 5/7/2024.. (Signed by Judge Edgardo Ramos on 4/26/2024) (jca) (Entered: 04/26/2024) |
| 04/26/2024 | 150 | LETTER MOTION for Extension of Time to Complete Discovery addressed to Judge Edgardo Ramos from Jennifer A. McLaughlin dated April 26, 2024. Document filed by Fordham University, Fordham University Administration, Rose Hill Campus..(McLaughlin, Jennifer) (Entered: 04/26/2024) |
| 05/07/2024 | 151 | REPLY AFFIDAVIT of Ryan Soebke in Support re: 141 CROSS MOTION to Compel .. Document filed by Fordham University..(Soebke, Ryan) (Entered: 05/07/2024) |
| 05/07/2024 | 152 | REPLY MEMORANDUM OF LAW in Support re: 141 CROSS MOTION to Compel . . Document filed by Fordham University..(Soebke, Ryan) (Entered: 05/07/2024) |
| 05/30/2024 | 153 | ORDER granting 150 Letter Motion for Extension of Time to Complete DiscoveryThe application for an extension of discovery is granted, and the proposed deadlines are approved. The July 12, 2024 case management conference is adjourned to October 10, 2024, at 10:30 a.m. SO ORDERED. (Signed by Judge Edgardo Ramos on 5/30/2024) (jca) (Entered: 05/30/2024) |
| 05/30/2024 | | Set/Reset Deadlines: ( Deposition due by 10/10/2024., Discovery due by 10/10/2024.), Set/Reset Hearings:( Case Management Conference set for 10/10/2024 at 10:30 AM before Judge Edgardo Ramos.) (jca) (Entered: 05/30/2024) |
| 06/06/2024 | 154 | LETTER addressed to Judge Edgardo Ramos from Esther Solomon dated 6/6/2024 re: request the Court's leave to file Surreply. Document filed by Esther Solomon.(sgz) (Entered: 06/10/2024) |
| 06/11/2024 | 155 | MEMO ENDORSEMENT on re: 154 Letter filed by Esther Solomon ENDORSEMENT Solomon's request to file a surreply is denied. SO ORDERED. (Signed by Judge Edgardo Ramos on 6/11/2024) (jca) (Entered: 06/11/2024) |
| 07/02/2024 | 156 | OPINION & ORDER re: 132 MOTION to Compel Fordham University to TO COMPEL COMPLIANCE WITH SUBPOENAS, COMPLIANCE WITH DOCUMENT REQUERSTS AND COMPLIANCE WITH REPRESENTATIONS TO THE COURT. filed by Esther Solomon, 141 CROSS MOTION to Compel . filed by Fordham University.For the foregoing reasons, Solomon's motion to compel is DENIED and Fordham's motion to compel is DENIED. Fordham's motion for a protective order is GRANTED. The parties are directed to submit a proposed protective order by July 16, 2024. The Court also directs: (1) Fordham to produce a privilege log by August 2, 2024 listing: (a) any documents that are being withheld and the basis therefore; and (b) listing any redactions, apart from the names of peer review−ers and alleged comparators, as well as the basis therefore. (2) Fordham to produce the documents in response to Solomon's First Document Request in accordance with the current discovery schedule; and (3) Solomon to undertake a reasonable search for responsive docu−ments in her possession and control, which should be produced in accordance with the current discovery schedule. The Clerk of Court is respectfully directed to terminate the motions, Docs. 132 and 141. It is SO ORDERED. (Signed by Judge Edgardo Ramos on 7/2/2024) (jca) (Entered: 07/02/2024) |
| 07/16/2024 | 157 | NOTICE OF MOTION for Reconsideration re; 156 Memorandum & Opinion. Document filed by Esther Solomon.(tro) (Entered: 07/19/2024) |

| 07/16/2024 | 158 | MEMORANDUM OF LAW in Support re: 157 MOTION for Reconsideration re; 156 Memorandum & Opinion. Document filed by Esther Solomon..(tro) (Entered: 07/19/2024) |
|---|---|---|
| 07/26/2024 | 159 | ORDER with respect to 157 Motion for Reconsideration Defendant is directed to file its opposition to the motion by August 9, 2024, and Plaintiff is directed to file her reply by August 23, 2024. SO ORDERED. (Signed by Judge Edgardo Ramos on 7/26/2024) (jca) (Entered: 07/26/2024) |
| 07/26/2024 | | Set/Reset Deadlines: Responses due by 8/9/2024 Replies due by 8/23/2024. (jca) (Entered: 07/26/2024) |
| 08/09/2024 | 160 | MEMORANDUM OF LAW in Opposition re: 157 MOTION for Reconsideration re; 156 Memorandum & Opinion,,,,,, . Document filed by Fordham University..(Soebke, Ryan) (Entered: 08/09/2024) |
| 08/23/2024 | 161 | REPLY MEMORANDUM OF LAW in Support re: 157 MOTION for Reconsideration re; 156 Memorandum & Opinion. Document filed by Esther Solomon. (tro) (Entered: 08/28/2024) |
| 09/19/2024 | 162 | LETTER MOTION for Extension of Time to Complete Discovery addressed to Judge Edgardo Ramos from Jennifer A. McLaughlin dated September 19, 2024. Document filed by Fordham University..(McLaughlin, Jennifer) (Entered: 09/19/2024) |
| 09/20/2024 | 163 | ORDER granting 162 Letter Motion for Extension of Time to Complete Discovery. The proposed amended discovery schedule is approved. The October 10, 2024 case management conference is adjourned to February 14, 2025, at 11:30 a.m. SO ORDERED. Deposition due by 2/14/2025. Discovery due by 2/14/2025. (Signed by Judge Edgardo Ramos on 9/20/2024) (vfr) (Entered: 09/20/2024) |
| 09/20/2024 | | Set/Reset Hearings: Case Management Conference set for 2/14/2025 at 11:30 AM before Judge Edgardo Ramos. (vfr) (Entered: 09/20/2024) |
| 10/02/2024 | 164 | OPINION & ORDER re: 157 MOTION for Reconsideration re; 156 Memorandum & Opinion,. filed by Esther Solomon.For the foregoing reasons, Solomon's motion for reconsideration is DENIED. The Clerk of Court is respectfully directed to terminate the motion, Doc. 157. (And as further set forth herein.)It is SO ORDERED. (Signed by Judge Edgardo Ramos on 10/2/2024) (jca) (Entered: 10/02/2024) |