Esther Solomon
140 West 62nd Street
New York, New York 10023
212 636-6187

# **MEMO ENDORSED**

The conference on January 28, 2025 will go
forward as scheduled.

SO ORDERED.

Edgardo Ramos, U.S.D.J.
Dated: January 24, 2025
New York, New York

January 22, 2025

Hon. Edgardo Ramos
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 619
New York, NY 10007

*Solomon v. Fordham University*, #18-cv-04615
*In Re Solomon, Second Circuit Court of Appeals, #24-3056*

Dear Judge Ramos:

This letter is in response to the Court's January 14, 2025 Order (Dkt 167) directing me to address
Defendant's January 10, 2024 request for a pre-motion conference to force my deposition. This is
despite the absence of essential discovery while the Second Circuit Court of Appeals reviews my
*pro se* Writ of Mandamus on discovery issues. Suddenly, after 7 years of Fordham blocking key
discovery, they make it an emergency to take my deposition without the necessary documents,
privilege logs, or interrogatories, contrary to protocols, and violating this Court's discovery
orders.

Since the discovery issues are currently under the jurisdiction of the Second Circuit Court of
Appeals, I believe we should wait for the hearing and the Second Circuit decision, likely to
provide direction for discovery.

Material Omissions and Misrepresentations
Defendant's misleading January 10, 2025 letter (Dkt. 166) omits and distorts key facts, placing
issues out of context. For example, their letter omits the following:
- Omits the fact that my Writ of Mandamus concerns discovery which they obstruct, but
  instead claim urgency "in the interest of moving this case forward."
- Omits that on December 10, they filed with the Second Circuit Court of Appeals "Notices
  of Appearance" as "Respondents" for my Writ of Mandamus to avoid default per the
  "Notice of Appearance Default Notice" (Dkts 9, 10, 12 case 24-3056) indicating the
  Second Circuit jurisdiction. (Exhibit 1)
- Omits the complete correspondence between the parties October 28-December 13, 2024
  (Exhibit 2) and their December 10, 2024 PDF letter. (Exhibit 3)
- Omits that Section 2(A)(i) of this Court's *Individual Practices*, under which they move,
  refers to FRCP 37(a)(1) "Failure to Make Disclosures or to Cooperate in Discovery;
  Sanctions."

- Omits that a February 24, 2025 discovery Conference had already been scheduled on the Court calendar (Dkt. 163) before adding the expedited hearing for January 28, 2025 (Dkt 167).
- Omits that in their December 10, 2024 letter to me (Exhibit 3), they incorrectly urged me to ask the District Court for a discovery stay -which I did not want- citing inapplicable cases with facts contrary to here to undermine my pending Writ of Mandamus. (Full Correspondence, Exhibit 2).

The Rule of Paper Discovery to Precede Depositions Is Violated

Defendant omits that their Notice of Deposition to me contradicts this Court's rules that paper discovery should precede depositions. The January 16, 2024 *Civil Case Discovery Plan and Scheduling Order,* Dkt. 130 (Exhibit 4)[1] states:

> *7a. Unless counsel agree otherwise or the Court so orders, depositions shall not be held until all parties have responded to any first requests for production of documents.*

Defendant has produced no documents for any of my 21 Document requests served on February 16, 2024 per the January 16, 2024 Order (Dkt. 130), nor responded to any of my February 16, 2024 interrogatories or those from 2019. They have not complied even with my 2019 First Document Requests. For one example, they have not supplemented or updated my 2019-2024 Personnel file – contrary to the FRCP Rule 26(e), Duty to Supplement. This is despite Fordham's multiple retaliatory actions, termination notices, denial of due process, and contradictory reports to different federal authorities. Particularly prejudicial is the fact that discovery has not been proportional, given that Defendant has access to complete personnel records and unredacted documents on Plaintiff, comparator Professors, pay records, and undisclosed others with no privilege log on documents withheld. The asymmetric discovery should preclude depositions, as explained below.[2]

Defendant also violates the July 6, 2024, Discovery Order of this Court, Dkt. 156 in which the Court directed:

> " (1) Fordham to produce a privilege log by August 2, 2024 listing: (a) any documents that are being withheld and the basis therefore; and (b) listing any redactions, apart from the names of peer reviewers and alleged comparators, as well as the basis therefore."

Now, ~ six months later, Fordham has still not complied with the Order on privilege logs for withheld documents and redactions. Their redactions go way beyond court allowance and impede the case. Examples of redacted pages are in Dkt. 154, pp. 18-26, among other filings.
Nor have they presented a proposed Protective Order, contrary to the July 6 Order, Dkt. 156.

---

[1] Some dates of the Scheduling Order were subsequently updated, e.g., on September 20, 2024, Dkt. 163

[2] Defendant argued the opposite when they were subject to asymmetric discovery, saying they would be prejudiced for depositions and trial. *Austin v. Fordham Univ., 2024 U.S. Dist. LEXIS 62049 citing Lipian v. Univ. of Mich., 2020* U.S. Dist. LEXIS 85631 (E.D. Mich. 2020) "The asymmetrical discovery burden is inconsistent with the proportionality principles of FRCP 26(b)(1)." "Such access to asymmetric discovery would put Plaintiff at a trial disadvantage, however, for Defendant would have access to a pool of potential witnesses, who were already questioned [by the OIE], that Plaintiff would not be able to reach."

The objections I raised to the September 20, 2024 Discovery Schedule extension advanced by Defendant are still uncorrected:

> "2. Your August 30 proposed discovery schedule incorrectly presumes discovery production is complete, which is far from the truth. It also contradicts the Court's July 2, 2024 Order# 156, which explicitly addressed only some discovery requests and leaves others for future resolution, e.g. second discovery requests, interrogatories, etc., and the major issue of improper redactions. 3. You have not complied with the directives of the Court's July 2, 2024 Order #156, e.g., see my motion for reconsideration." (September 20, 2024 Order Extension, Dkt. 163, Exhibit 5 )

Deposition Notice Inconsistent with Protocols Set in this Case
Even if appropriate document production and prerequisites had been met, Defendant's surprise Deposition Notice to me in 2024 contradicts the agreed-upon protocol and sequence.
They did not disclose the initial deposition order protocol between the Cravath law firm and Defendant's attorneys in 2019. I raised that in my November 27th and December 13th emails (Exhibit 2). The already negotiated framework had established the following sequence of depositions:

- Dean Rapaccioli
- Professor Hollwitz
- Professor Wharton
- Professor Pirson
- Professor Borun
- Mine

Conclusion
Under the above circumstances, Defendant's request to force my deposition during the pendency of the Writ of Mandamus with the Second Circuit Court of Appeals should be denied. Following the Second Circuit decision, we can receive guidance on proceeding to the next stage, including documents, interrogatories, and preparation for depositions, summary judgment, and trial.

Respectfully submitted,


/s/ Esther Solomon
Esther Solomon
Plaintiff *pro se*

## EXHIBITS

1 Second Circuit Court of Appeals Default Notice, and December 10, 2024 Defendant Notices of Appearance filed for the Writ of Mandamus in re Solomon, Second Circuit Court of Appeals # 24-3056 filed November 22, 2024.

2 Correspondence between Plaintiff-Defendant, October 28, 2024-December 13, 2024

3 Defendant attachment "Letter to Esther Solomon re Discovery 12-10-24"

4 Order January 16, 2024 "Civil Case Discovery Plan and Scheduling Order," Dkt 130

5 Order extending the Discovery schedule, September 20, 2024, Dkt. 163

# Exhibit 1

**United States Court of Appeals for the Second Circuit**
**Thurgood Marshall U.S. Courthouse**
**40 Foley Square**
**New York, NY 10007**

**DEBRA ANN LIVINGSTON**
CHIEF JUDGE

**CATHERINE O'HAGAN WOLFE**
CLERK OF COURT

Date: December 9, 2024
Docket #: 24-3056
Short Title: In Re: Esther Solomon

DC Docket #: 1:18-cv-4615
DC Court: SDNY (NEW YORK
CITY)
Trial Judge - Edgardo Ramos

## ACKNOWLEDGMENT AND NOTICE OF APPEARANCE DEFAULT NOTICE

Pursuant to Second Circuit Local Rule 12.3, the respondents' counsel Acknowledgment and
Notice of Appearance was due on December 6, 2024. The Court has not received the
Acknowledgment and Notice of Appearance on behalf of respondents' counsel.

If respondents' counsel does not file an Acknowledgment and Notice of Appearance within 14
days of the date of this notice, when the appeal is placed on the calendar, respondents' counsel
will not be heard at oral argument except by permission of the Court.

Inquiries regarding this case may be directed to 212-857-8546.

NOTICE OF APPEARANCE FOR SUBSTITUTE, ADDITIONAL, OR AMICUS COUNSEL

Short Title: Solomon v. Fordham University                                    Docket No.: 24-3056

Substitute, Additional, or Amicus Counsel's Contact Information is as follows:

Name: Ryan Soebke

Firm: Cullen and Dykman LLP

Address: 333 Earle Ovington Boulevard, 2nd Floor, Uniondale, New York 11553

Telephone: (516) 357-3784                          Fax: (516) 357-3792

E-mail: rsoebke@cullenllp.com

Appearance for: Respondents
                                         (party/designation)

Select One:
☐ Substitute counsel (replacing lead counsel: _____)
                                         (name/firm)

☐ Substitute counsel (replacing other counsel: _____)
                                         (name/firm)

☑ Additional counsel (co-counsel with: Jennifer McLaughlin/Cullen and Dykman LLP  )
                                         (name/firm)

☐ Amicus (in support of: _____)
                                         (party/designation)

CERTIFICATION

I certify that:

☑ I am admitted to practice in this Court and, if required by Interim Local Rule 46.1(a)(2), have renewed

my admission on November 14, 2024 _____ OR

☐ I applied for admission on _____.

Signature of Counsel: _____

Type or Print Name: Ryan Soebke

## ACKNOWLEDGMENT AND NOTICE OF APPEARANCE

Short Title: Solomon v. Fordham University                    Docket No.: 24-3056

Lead Counsel of Record (name/firm) or Pro se Party (name): Ryan Soebke, Cullen and Dykman LLP

Appearance for (party/designation): Respondents

## DOCKET SHEET ACKNOWLEDGMENT/AMENDMENTS

**Caption** as indicated is:
☑ Correct
☐ Incorrect.   See attached caption page with corrections.

**Appellate Designation** is:
☑ Correct
☐ Incorrect.   The following parties do not wish to participate in this appeal:
   Parties: _____
☐ Incorrect.   Please change the following parties' designations:
   Party                           Correct Designation

**Contact Information** for Lead Counsel/Pro Se Party is:
☐ Correct
☑ Incorrect or Incomplete.   As an e-filer, I have updated my contact information in the PACER "Manage My Account" screen.

Name: Ryan Soebke
Firm: Cullen and Dykman LLP
Address: The Omni Building, 333 Earle Ovington Boulevard, 2nd Floor, Uniondale, NY 11553
Telephone: 516-357-3784                    Fax: _____
Email: rsoebke@cullenllp.com

## RELATED CASES

☐ This case has not been before this Court previously.
☑ This case has been before this Court previously.   The short title, docket number, and citation are: _____
Solomon v. Fordham University, Docket No 22-887, 2022cv00887
☐ Matters related to this appeal or involving the same issue have been or presently are before this Court.   The short titles, docket numbers, and citations are: _____
_____

## CERTIFICATION

I certify that ☑ I am admitted to practice in this Court and, if required by LR 46.1(a)(2), have renewed my admission on
November 14, 2024        OR that ☐ I applied for admission on _____ or renewal on
_____.   If the Court has not yet admitted me or approved my renewal, I have completed Addendum A.
Signature of Lead Counsel of Record: /s/ Ryan Soebke
Type or Print Name: Ryan Soebke
      OR
Signature of pro se litigant: _____
Type or Print Name: _____
☐ I am a pro se litigant who is not an attorney.
☐ I am an incarcerated pro se litigant.

# Exhibit 2

 Gmail

## Solomon v. Fordham University- Notice of Deposition

9 messages

**Soebke, Ryan** <rsoebke@cullenllp.com>
To: Etaki Etaki <etaki33@gmail.com>
Cc: "McLaughlin, Jennifer" <jmclaughlin@cullenllp.com>

Mon, Oct 28, 2024 at 11:07 AM

Dr. Solomon,

Please see attached a revised notice to take your deposition. Please confirm that you are available to be deposed on November 20, 2024. As stated in the attached notice, the deposition will take place in-person at our firm's office located at One Battery Park Plaza in Manhattan.

Best,

**Ryan Soebke**
Associate
**Cullen and Dykman LLP**
333 Earle Ovington Boulevard, 2nd Floor
Uniondale, New York 11553
T: 516.357.3784 | F: 516.357.3792
E: rsoebke@cullenllp.com

ATTORNEY-CLIENT PRIVILEGED COMMUNICATION - DO NOT FORWARD OR COPY - CONFIDENTIALITY NOTICE: The contents of this e-mail message and any attachments are intended solely for the personal and confidential use of the recipient(s) named above. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments.

 **Solomon Notice to Take Deposition 10.28.24.pdf**
116K

**Etaki Etaki** <etaki33@gmail.com>
To: "Soebke, Ryan" <rsoebke@cullenllp.com>
Cc: "McLaughlin, Jennifer" <jmclaughlin@cullenllp.com>

Mon, Nov 4, 2024 at 12:20 PM

Hi Ms. McLaughlin and M. Soebke,

Regarding your first notice for deposition on November 20, 2024, that date is not possible.

I am trying to secure attorney representation before all depositions, and I will let you know.

You also sent me a link with unspecified document production. The link cannot be opened because the response is "Sorry, the link has expired."

Sincerely,

Esther

Ether Solomon
Plaintiff *pro se*

.

[Quoted text hidden]

---

**Soebke, Ryan** <rsoebke@cullenllp.com>                                    Mon, Nov 11, 2024 at 4:01 PM
To: Etaki Etaki <etaki33@gmail.com>
Cc: "McLaughlin, Jennifer" <jmclaughlin@cullenllp.com>

Dr. Solomon,

Please let us know once you have retained an attorney to represent you in this matter so that we can reach out to them to discuss this matter moving forward. In addition, please let us know if you are available to be deposed on December 2, 4 or 9.

Finally, Fordham's recent productions can be accessed using the following link Solomon v. Fordham

Please be advised, that the link is only active for one week.

Best,

**Ryan Soebke**
Associate
**Cullen and Dykman LLP**
333 Earle Ovington Boulevard, 2nd Floor
Uniondale, New York 11553
T: 516.357.3784 | F: 516.357.3792
E: rsoebke@cullenllp.com

ATTORNEY-CLIENT PRIVILEGED COMMUNICATION - DO NOT FORWARD OR COPY - CONFIDENTIALITY NOTICE: The contents of this e-mail message and any attachments are intended solely for the personal and confidential use of the recipient(s) named above. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments.

**From:** Etaki Etaki <etaki33@gmail.com>
**Sent:** Monday, November 4, 2024 12:20 PM
**To:** Soebke, Ryan <rsoebke@cullenllp.com>

**Cc:** McLaughlin, Jennifer <jmclaughlin@cullenllp.com>
**Subject:** [EXTERNAL]Re: Solomon v. Fordham University- Notice of Deposition

CAUTION: This email originated from outside your organization. Exercise caution when opening attachments or clicking links, especially from unknown senders.

[Quoted text hidden]

---

**Etaki Etaki** <etaki33@gmail.com>                                      Fri, Nov 22, 2024 at 2:26 PM
To: "Soebke, Ryan" <rsoebke@cullenllp.com>
Cc: "McLaughlin, Jennifer" <jmclaughlin@cullenllp.com>

Hi Ms. McLaughlin and M. Soebke,

This is to refer you to my writ of Mandamus with the Second Circuit Court of Appeals, which I served you with previously and was docketed today.

Sincerely,

Esther

Ether Solomon
Plaintiff *pro se*

[Quoted text hidden]

---

**Soebke, Ryan** <rsoebke@cullenllp.com>                                  Mon, Nov 25, 2024 at 2:20 PM
To: Etaki Etaki <etaki33@gmail.com>
Cc: "McLaughlin, Jennifer" <jmclaughlin@cullenllp.com>

Dr. Solomon,

We are in receipt of your petition seeking a writ of mandamus from the Second Circuit.

You previously advised us that you would be retaining counsel in this matter. Please have your counsel contact us about scheduling your deposition. We are no longer available on December 2 or 4 but can be available on December 9. Please confirm whether you are available on that date.

[Quoted text hidden]

---

**Etaki Etaki** <etaki33@gmail.com>                                      Wed, Nov 27, 2024 at 2:24 PM
To: "McLaughlin, Jennifer" <jmclaughlin@cullenllp.com>, "Soebke, Ryan" <rsoebke@cullenllp.com>

Hi Ms. McLaughlin and Mr. Soebke:

This is to object to your unilateral decision and efforts to force my deposition, which is contrary to rules and protocols. I never agreed to your plan to take my deposition first, and certainly not without the necessary documents, interrogatory responses, privilege logs, etc.

Your action seeks to unfairly prejudice my case as a pro se plaintiff, as I now face your attempt to depose me without documents and without an attorney. I am also without full discovery while my Writ of Mandamus,

addressing these discovery violations, is pending with the Second Circuit Court of Appeals.

My writ of Mandamus was docketed on November 22, 2024. You wrote to me on November 25 that you wanted to depose me on December 2. Suddenly, after 7 years of Fordham blocking essential discovery, you make it an emergency to take my deposition. I wrote on November 4 that I am trying to secure attorney representation for all the depositions.

Even if there had been an appropriate document production and prerequisites, your November 25 email is contrary to the agreed-upon sequence between you and the Cravath law firm. It is reflected in the previous schedule. The already negotiated framework has established the following sequence of depositions:

· Dean Rapaccioli,
· Professors Hollwitz,
· Wharton,
· Pirson
· Borun,
· and mine.

The pending Writ of Mandamus should take precedence, and we should wait for its discovery rulings.

Best wishes for the Thanksgiving holiday.

Sincerely,

Esther

Esther Solomon
Plaintiff *Pro Se*

.

[Quoted text hidden]

---

**Soebke, Ryan** <rsoebke@cullenllp.com>         Tue, Dec 10, 2024 at 4:21 PM
To: Etaki Etaki <etaki33@gmail.com>
Cc: "McLaughlin, Jennifer" <jmclaughlin@cullenllp.com>

Dr. Solomon,

Please see attached a letter in response to your email below and regarding the status of discovery in this matter generally.

[Quoted text hidden]

📄 **Letter to Esther Solomon re Discovery 12.10.24.pdf**
    262K

---

**Etaki Etaki** <etaki33@gmail.com>         Fri, Dec 13, 2024 at 10:22 AM
To: "Soebke, Ryan" <rsoebke@cullenllp.com>, "McLaughlin, Jennifer" <jmclaughlin@cullenllp.com>, Etaki Etaki <etaki33@gmail.com>

December 10, 2024
**Re: Solomon v. Fordham University**
**1:18-cv-04615-ER**

Dr. Solomon,

We write regarding our recent correspondence regarding the scheduling of depositions and status of discovery in above-referenced matter. On October 28, 2024, we provided you with a Notice of Deposition to hold your deposition on November 20, 2024. In response to that email, you stated, "that date is not possible" and that you were "trying to secure attorney representation before all depositions." On November 11, 2024, we sent you a follow-up email asking whether you had retained an attorney and for your availability to be deposed in early December in accordance with the current discovery schedule. You did not respond to that email and instead, on November 18, 2024, asked whether we would accept service of an unidentified "motion." On November 22, 2024, you filed your petition for a writ of mandamus with the Second Circuit. We reached out to you again on November 25, 2024 to attempt to schedule your deposition. To date, you have not informed us whether you have, or whether you still plan to, retain an attorney in this matter.

In response to your November 27, 2024 email, we are not aware of, and our records do not reflect, any "agreed-upon sequence" of depositions with your prior counsel. Our records do indicate that Fordham served your prior counsel with its first Notice of Deposition on January 7, 2019 and that your prior counsel served notices of deposition for Donna Rappaccioli, John Hollwitz and Robert Whatron on January 15, 2019. As such, it is Fordham's position that your deposition should occur first.

Further Fordham is not seeking to "force" you to appear for your deposition. Rather, our recent inquiries as to your availability to appear for your deposition were made in the interest of completing discovery in accordance with the current discovery schedule. As you are aware, the discovery schedule in this matter has already been extended twice since discovery was re-opened.

There is currently no stay of discovery in place. Your filing of a petition for writ of mandamus with the Second Circuit did not institute an automatic stay of discovery in this matter. Second Circuit case law makes clear that a party seeking a stay of discovery pending a petition for a writ of mandamus must request such relief from the court and satisfy a "high burden." *New York v. United States DOC*, 339 F. Supp. 3d 144, 148 (S.D.N.Y. 2018); *Oakley v. MSG Networks, Inc.*, No. 17-cv-6903 (RJS), 2023 U.S. Dist. LEXIS 109368, at *1 (S.D.N.Y. June 26, 2023).
As such, please provide us with your availability this week for a meet and confer call to discuss discovery moving forward in this matter. If you have retained counsel in this matter, please provide us with their contact information.

Sincerely,
/s/ Ryan Soebke

📄 **Letter to Esther Solomon re Discovery 12.10.24.pdf**
   262K

---

**Etaki Etaki** <etaki33@gmail.com>                                                    Fri, Dec 13, 2024 at 10:30 AM
To: "McLaughlin, Jennifer" <jmclaughlin@cullenllp.com>, "Soebke, Ryan" <rsoebke@cullenllp.com>

Hi Ms. McLaughlin and Mr. Soebke,

I received your December 10, 2024 letter attachment entitled "Letter to Esther Solomon re Discovery 10-24-2024". Your letter only refers to the District Court docket # 1:18-cv-04615-ER but omits the Second Circuit docket # 24-3056, for in Re Esther Solomon, where my Writ of Mandamus has been pending.

However, on the same day as you sent me the December 10 email, you made several filings with the Second Circuit Court of Appeals, responsive to the Court's December 9 Notice, as follows:
·   Case: 24-3056, 12/09/2024, Dkt Entry: 9.1, Acknowledgment and Notice of Appearance Default Notice: -Pursuant to Second Circuit Local Rule 12.3, unless the respondents' counsel Acknowledgment and Notice of Appearance is filed--when the appeal is placed on the calendar, respondents' counsel will not be heard at oral argument

· Case: 24-3056, 12/10/2024, Dkt Entry: 10, Notice of Appearance for Substitute, Additional, or Amicus Counsel for respondent., Ryan Soebke, and Jennifer McLaughlin, co counsel, Cullen and Dykman LLP

· Case: 24-3056, 12/10/2024, Dkt Entry: 12, Acknowledgment and Notice of Appearance, Lead Counsel of Record, Ryan Soebke.

Your December 10 letter asserts that I supposedly asked for a discovery stay, which is not so. I simply opposed your notices for my deposition, which are contrary to rules and protocols, and the preexisting deposition sequence agreed with the Cravath firm. As I wrote on Nov 27, 2024:

"This is to object to your unilateral decision and efforts to force my deposition, which is contrary to rules and protocols. I never agreed to your plan to take my deposition first, and certainly not without the necessary documents, interrogatory responses, privilege logs, etc.

Your action seeks to unfairly prejudice my case as a pro se plaintiff, as I now face your attempt to depose me without documents and without an attorney. I am also without full discovery while my Writ of Mandamus, addressing these discovery violations, is pending with the Second Circuit Court of Appeals.

Suddenly, after 7 years of Fordham blocking essential discovery, you make it an emergency to take my deposition. I wrote on November 4 that I am trying to secure attorney representation for all the depositions.

Even if there had been an appropriate document production and prerequisites, your November 25 email is contrary to the agreed-upon sequence between you and the Cravath law firm. It is reflected in the previous schedule. The already negotiated framework has established the following sequence of depositions:

· Dean Rapaccioli,
· Professors Hollwitz,
· Wharton,
· Pirson
· Borun,
· and mine.

The pending Writ of Mandamus should take precedence, and we should wait for its discovery rulings"

The district court cases you cite, *New York v. United States DOC*, 339 F. Supp. 3d 144 (S.D.N.Y. 2018), and *Oakley v. MSG Networks, Inc.,* LEXIS 109368, (S.D.N.Y. 2023) are contrary to the facts here and inapplicable.

Regarding legal representation for depositions, as I wrote to you repeatedly since November 4, - "I am trying to secure attorney representation before all depositions, and I will let you know".

I need the Second Circuit to weigh in on the serious discovery issues through the Writ of Mandamus. I think the Second Circuit may respond sometime in January or early February. Following that, I will get legal representation for depositions.

It does not appear that a meet and confer would have any outcome, it is unclear to me what you want to discuss in a meet and confer during the pendency of the Writ of Mandamus with the Second Circuit Court of Appeals.

Sincerely,

Esther

Esther Solomon
Petitioner *pro se*

.

[Quoted text hidden]

# Exhibit 3



Cullen and Dykman LLP
The Omni Building
333 Earle Ovington Blvd., 2nd Floor
Uniondale, NY 11553
T: 516.357.3700
F: 516.357.3792

**Ryan Soebke**
Associate
Direct Dial: (516) 357-3784
rsoebke@cullenllp.com

December 10, 2024

**VIA ELECTRONIC MAIL**
Esther Solomon
*Pro Se* Plaintiff
Etaki33@gmail.com

> Re:  **Solomon v. Fordham University
> 1:18-cv-04615-ER**

Dr. Solomon,

We write regarding our recent correspondence regarding the scheduling of depositions and status of discovery in above-referenced matter. On October 28, 2024, we provided you with a Notice of Deposition to hold your deposition on November 20, 2024. In response to that email, you stated, "that date is not possible" and that you were "trying to secure attorney representation before all depositions." On November 11, 2024, we sent you a follow-up email asking whether you had retained an attorney and for your availability to be deposed in early December in accordance with the current discovery schedule. You did not respond to that email and instead, on November 18, 2024, asked whether we would accept service of an unidentified "motion." On November 22, 2024, you filed your petition for a writ of mandamus with the Second Circuit. We reached out to you again on November 25, 2024 to attempt to schedule your deposition. To date, you have not informed us whether you have, or whether you still plan to, retain an attorney in this matter.

In response to your November 27, 2024 email, we are not aware of, and our records do not reflect, any "agreed-upon sequence" of depositions with your prior counsel. Our records do indicate that Fordham served your prior counsel with its first Notice of Deposition on January 7, 2019 and that your prior counsel served notices of deposition for Donna Rappaccioli, John Hollwitz and Robert Whatron on January 15, 2019. As such, it is Fordham's position that your deposition should occur first.

Further Fordham is not seeking to "force" you to appear for your deposition. Rather, our recent inquiries as to your availability to appear for your deposition were made in the interest of completing discovery in accordance with the current discovery schedule. As you are aware, the discovery schedule in this matter has already been extended twice since discovery was re-opened.

There is currently no stay of discovery in place. Your filing of a petition for writ of mandamus with the Second Circuit did not institute an automatic stay of discovery in this matter. Second Circuit case law makes clear that a party seeking a stay of discovery pending a petition for



a writ of mandamus must request such relief from the court and satisfy a "high burden." *New York v. United States DOC*, 339 F. Supp. 3d 144, 148 (S.D.N.Y. 2018); *Oakley v. MSG Networks, Inc.*, No. 17-cv-6903 (RJS), 2023 U.S. Dist. LEXIS 109368, at *1 (S.D.N.Y. June 26, 2023). As such, please provide us with your availability this week for a meet and confer call to discuss discovery moving forward in this matter. If you have retained counsel in this matter, please provide us with their contact information.

Sincerely,

/s/ Ryan Soebke

**Exhibit 4**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

ESTHER SOLOMON,

                         Plaintiff(s),

      - against -

FORDHAM UNIVERSITY,      Defendant(s).

                         **CIVIL CASE DISCOVERY PLAN
AND SCHEDULING ORDER**

        18   CV   4615   (ER)

-------------------------------------------------------------x

      This Civil Case Discovery Plan and Scheduling Order is adopted, after consultation with counsel, pursuant to Fed. R. Civ. P. 16 and 26(f):

1.   All parties [consent] [do not consent] to conducting all further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. (If all parties consent, the remaining paragraphs of this form need not be completed.)

2.   This case [is] [is not] to be tried to a jury.

3.   Joinder of additional parties must be accomplished by
     January 26, 2024   .

4.   Amended pleadings may be filed until  January 26, 2024   .

5.   ⟶Additional
     Interrogatories shall be served no later than **February 16, 2024**  , and responses thereto shall be served within thirty (30) days thereafter. The provisions of Local Civil Rule 33.3 [shall] [shall not] apply to this case.

6.   Additional
     First request for production of documents, if any, shall be served no later than
     February 16, 2024   .

7.   Non-expert depositions shall be completed by  May 1, 2024   .

    a.   Unless counsel agree otherwise or the Court so orders, depositions shall not be held until all parties have responded to any first requests for production of documents.

    b.   Depositions shall proceed concurrently.

    c.   Whenever possible, unless counsel agree otherwise or the Court so orders,

non-party depositions shall follow party depositions.

8.  Any further interrogatories, including expert interrogatories, shall be served no later than ___May 15, 2024___.

9.  Requests to Admit, if any, shall be served no later than ___May 15, 2024___.

10. Expert reports shall be served no later than ___May 31, 2024___.

11. Rebuttal expert reports shall be served no later than ___July 1, 2024___.

12. Expert depositions shall be completed by ___July 12, 2024___.

13. Additional provisions agreed upon by counsel are attached hereto and made a part hereof.

14. **ALL DISCOVERY SHALL BE COMPLETED BY** ___July 12, 2024___.

15. Any motions shall be filed in accordance with the Court's Individual Practices.

16. This Civil Case Discovery Plan and Scheduling Order may not be changed without leave of Court (or the assigned Magistrate Judge acting under a specific order of reference).

17. The Magistrate Judge assigned to this case is the Hon. ___Robert W. Lehrburger___.

18. If, after entry of this Order, the parties consent to trial before a Magistrate Judge, the Magistrate Judge will schedule a date certain for trial and will, if necessary, amend this Order consistent therewith.

19. The next case management conference is scheduled for ___July 12, 2024___, at ___11:30 a.m.___. ~~(The Court will set this date at the initial conference.)~~

SO ORDERED.

Dated: New York, New York
       January 16, 2024

_____
Edgardo Ramos, U.S. District Judge

# Exhibit 5



Cullen and Dykman LLP
The Omni Building
333 Earle Ovington Blvd, 2nd Floor
Uniondale, NY 11553
T: 516.357.3700
F: 516.357.3792

**Jennifer A. McLaughlin**
Partner
Direct Dial: (516) 357-3889
Facsimile: (516) 357-3792
jmclaughlin@cullenllp.com

# MEMO ENDORSED

September 19, 2024

**VIA ECF**
Hon. Edgardo Ramos
United States District Judge Thurgood Marshall
United States Courthouse
40 Foley Square, Courtroom 619
New York, NY 10007

      **Re:    Esther Solomon v Fordham University (Case No. 1:18-cv-04615)**

Dear Judge Ramos:

      This firm represents Fordham University ("Fordham" or "Defendant") in the above matter. I write to request an adjournment of the dates in the Civil Case Discovery Plan and Scheduling Order. Defendant requests an extension of those deadlines as follows:

- Non-Expert Depositions- December 6, 2024
- Further interrogatories- December 20, 2024
- Requests to Admit- December 20, 2024
- Expert Reports- January 10, 2025
- Rebuttal Expert Reports- February 7, 2025
- Expert Depositions- February 14, 2025
- All Discovery- February 14, 2025

      This is the second request for an extension of the discovery deadlines set forth in the current Civil Case Discovery Plan and Scheduling Order. Defendant makes this request as there are still several discovery items outstanding including completion of the parties' rolling document productions as well as party and non-party depositions. Per Your Honor's rules, we reached out to Plaintiff to determine whether she consents to the instant extension request as well as to schedule her deposition. Plaintiff's position is that the parties should "wait for the Court Decision" related to her recently filed motion for reconsideration, before addressing outstanding discovery issues. Plaintiff asked that the following "objections" be included:

---

FOUNDED 1850

**NEW YORK**    **NEW JERSEY**    **WASHINGTON DC**

71163.2020 21165509v1

 Cullen | Dykman

Hon. Edgardo Ramos
September 19, 2024
Page 2

*1. We should wait for the Court's decision on my Motion for Reconsideration regarding your request to replace the Stipulated Protective Order and other discovery matters. Per the July 26, 2024, Court Order #159, I filed my Reply on August 23, 2024.*

*2. Your August 30 proposed discovery schedule incorrectly presumes discovery production is complete, which is far from the truth. It also contradicts the Court's July 2, 2024 Order#156, which explicitly addressed only some discovery requests and leaves others for future resolution, e.g. second discovery requests, interrogatories, etc., and the major issue of improper redactions.*

*3. You have not complied with the directives of the Court's July 2, 2024 Order #156, e.g., see my motion for reconsideration.*

We have requested a meet and confer discussion with Plaintiff to hopefully address her concerns. In the meantime, your attention to the request for the extension of the discovery deadlines is appreciated.

Respectfully,

*Jennifer A. McLaughlin*

Jennifer A. McLaughlin

---

The proposed amended discovery schedule is approved. The October 10, 2024 case management conference is adjourned to February 14, 2025, at 11:30 a.m.

SO ORDERED.

Edgardo Ramos, U.S.D.J.
Dated: 9/20/2024
New York, New York