

Cullen and Dykman LLP
The Omni Building, 2nd Floor
333 Earle Ovington Blvd.
Uniondale, NY 11553

## MEMO ENDORSED

Plaintiff is directed to respond by March 7, 2025.

SO ORDERED.

Edgardo Ramos, U.S.D.J.
Dated: March 3, 2025
New York, New York

**Ryan Soebke**
Partner
Direct Dial: (516) 357-3784
Facsimile: (516) 357-3792
rsoebke@cullenllp.com

February 28, 2025

**VIA ECF**
Hon. Edgardo Ramos
United States District Judge Thurgood Marshall
United States Courthouse
40 Foley Square, Courtroom 619
New York, NY 10007

Re:    **Esther Solomon v Fordham University (Case No. 1:18-cv-04615)**

Dear Judge Ramos:

This firm represents Fordham University ("Fordham" or "Defendant") in the above-referenced matter.  We write in response to the Court's February 14, 2025 order instructing the Parties to file a status letter regarding discovery. During a recent meet and confer call with Plaintiff Esther Solomon ("Plaintiff"), we suggested writing a joint status letter on behalf of both Parties. Plaintiff refused, stating it was her preference to file separate status letters. Fordham's position as to the status of discovery is set forth below.

As the Court is aware, prior to the January 28, 2025 phone conference with the Court, Fordham sought to work with Plaintiff to schedule her deposition. On October 28, 2024, we provided Plaintiff with a Notice of Deposition to hold her deposition on November 20, 2024, in accordance with the existing Scheduling Order. Plaintiff responded by informing us "that date is not possible" and that she was "trying to secure attorney representation before all depositions." On November 11, 2024, we sent a follow-up email to Plaintiff inquiring as to whether she had retained an attorney. We also asked for her availability to be deposed in early December. Plaintiff did not respond to this email and instead, on November 18, 2024, filed a petition for a writ of mandamus with the Second Circuit.

We again reached out to Plaintiff on November 25, 2024 in an attempt to schedule her deposition. Plaintiff responded on November 27, 2024 informing us that she would not appear for her deposition as it is her opinion that "[t]he pending Writ of Mandamus should take precedence and we should wait for its discovery rulings." On December 10, 2024, we responded to Plaintiff and informed her that it was Fordham's position that her filing of a petition for a writ of mandamus



Cullen and Dykman LLP
The Omni Building, 2nd Floor
333 Earle Ovington Blvd.
Uniondale, NY 11553

did not stay discovery in this action and that the parties should move forward with discovery while Plaintiff's petition is pending. In response, we asked Plaintiff for a meet and confer call to discuss these discovery issues. Plaintiff responded on December 13, 2024 stating that "[it] does not appear that a meet and confer would have any outcome."

Given that the matter was not progressing as a result of Plaintiff's position, we sought Court intervention as a last resort to move discovery forward. The Court held a conference on January 28, 2025. During the conference, the Parties were directed to meet and confer regarding discovery disputes. Following Court conference, we requested that Plaintiff outline, in writing, what documents she believes are still outstanding to help make a meet and confer call productive. Plaintiff refused to provide a writing describing the outstanding items and instead requested from Fordham a categorized list of the documents Fordham produced to date. On February 6, 2025, the undersigned provided Plaintiff with an index of each of its productions to date and again asked Plaintiff to identify the documents she believed were outstanding.

On February 10, 2025, Plaintiff responded by requesting further clarification regarding Fordham's production to date. In response, on February 13, 2025, Fordham provided Plaintiff with updated responses to each of her document requests to date, including specific citations to responsive documents and objections where appropriate. Fordham also provided Plaintiff with a chart indicating which documents it provided amended redactions for in its August 2, 2024 production, in accordance with the Court's July 2, 2024 Order. We also sought to schedule a meet and confer call with Plaintiff.

On February 24, 2025, the Parties held a meet and confer call. During that call, despite Fordham's production over 33,000 pages of documents Plaintiff expressed that she has received "nothing" in response to her document requests. Plaintiff also stated that she believed Fordham has not responded to "any" of her interrogatory requests.

We attempted to go through each of Plaintiff's demands with her, explaining what documents were produced in response and why certain categories of documents were not produced, whether because of an objection to the request or because those documents do not exist. We agreed for certain categories of documents to confirm, once again, whether or not they exist. We plan to provide Plaintiff with those responses in the coming days. In addition, we explained to Plaintiff that Fordham has responded to all of her interrogatory requests and, to the extent Fordham objected to any of her interrogatory requests, Fordham stands on those objections.

Plaintiff's position that Fordham has somehow not responded to her document demands or interrogatories is simply incorrect. Plaintiff served her first set of document requests and interrogatories on January 7, 2019. Fordham provided written responses on February 13, 2019. Fordham thereafter made six sperate document productions between February 14, 2019 and April 3, 2019. Discovery was thereafter stayed due to Fordham's pending motion to dismiss. When discovery re-opened in 2024, Plaintiff issued a second set of discovery demands and



Cullen and Dykman LLP
The Omni Building, 2nd Floor
333 Earle Ovington Blvd.
Uniondale, NY 11553

interrogatories on February 16, 2024. Fordham provided written responses on March 18, 2024. Fordham thereafter made five additional document productions with documents responsive to Plaintiff's requests between March 18, 2024 and October 25, 2024.

As stated above, we plan to confirm whether Fordham has any further documents to produce in the next few days. Once we provide such confirmation to Plaintiff, it is Fordham's position that the Parties should move with discovery and schedule depositions. Additionally, given that the Parties have not concluded discovery for the reasons set forth above, it is respectfully requested a new Civil Case Plan and Scheduling Order be entered affording the Parties until May 28, 2025 to conclude discovery.

Thank you for your attention to this matter.

Respectfully,

/s/ *Ryan Soebke*
Ryan Soebke