Esther Solomon
140 West 62nd Street
New York, New York 10023
212 636-6187

February 28, 2025

Hon. Edgardo Ramos
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 619
New York, NY 10007

        _Solomon v. Fordham University,_ #18-cv-04615
        _In Re Solomon, Second Circuit Court of Appeals, #24-3056_

Dear Judge Ramos,

Following the February 24, 2025 meet and confer with the Fordham attorneys per the January 28, 2024 Hearing Order, I respectfully submit this discovery status letter per the Court's Order. To facilitate the meet and confer, I sent emails including one on February 10, 2025. Exhibit 1. I asked Defendant to provide specifics to discuss whether responsive documents were produced. Unfortunately, the meet and confer did not facilitate the process.

A recurring Fordham production problem is expressed in the July 2, 2024 Court Order:
        "Here, Fordham has not clearly stated that the documents Solomon seeks are outside their
        possession or control, or that they do not exist."  Dkt 156
As Fordham's responses to my letter before the meet and confer and their statements at the meet and confer confirm, they still refuse to state whether certain documents exist or do not exist and whether produced or withheld. See Defendant answers in their Amended Responses to my Second Document Request in Exhibit 4. Despite invoking privilege in response to multiple document requests, they have provided just a single defective privilege log. Exhibit 2, August 2, 2024 Log.

Second Set of Document Requests – No responsive or minimally responsive production
As I pointed to Mr. Soebke during our meet and confer, going over every request in my 2024 Second Set of Requests, they did not provide responsive documents to most of my requests. For instance, they provided no documents on any of the Protected Class Professors they certainly possess but they did not provide a list of those responsive documents withheld or any privilege log. See the Table in Exhibit 3 with examples of their minimal or no production.

No Answers to Interrogatories
Defendant has not produced responses to a single one of my Interrogatories: the First Set served in 2019 and reserved in 2024. Defendant did not answer any of my Second set of Interrogatories of 2024 either. See Dkt. 146, pp. 51-67, Exhibits 5, 6 for Defendant's answers to my interrogatories.

Defendant added batches of unlabeled groups of documents with Bate numbers, sometimes containing hundreds of unlabeled documents. In most cases, the groups of Bates numbers are not responsive to the requests assigned to them. Defendant recycles the same batches of documents and attaches them to multiple requests, although these batches do not contain responsive documents for those requests. As I tried to explain to Mr. Soebke during the meet and confer, he said he would get back to me regarding several of the requests. I am still awaiting.

"COBRA as Customary" as an Example
Fordham's response to Request #7 illustrates their practice. Request #7 in my Second Set of Document Requests is about sending tenured professors on unpaid leave to COBRA as a customary practice, as Dean Rapaccioli wrote in her May 24, 2019 "customary" email. See Exhibit 4. The "customary" defense was cited by Fordham, and adopted by this Court in ruling against my retaliatory termination.[1] Fordham refuses to state whether responsive documents exist or do not. They also assert privilege but no log.

But Defendant still has not produced a single document on any other tenured Fordham Business School professor on unpaid leave who was removed from the University Health Plan and transferred to COBRA, nor did they produce any policies and procedures on this supposed common "customary" practice. They also fail to supply the underlying evidence, while refusing to state whether these documents exist or not in direct violation of the Court's Orders. It appears to this pro se Plaintiff that Fordham used the *apparently false* "customary" assertion as a cornerstone of their defense.

Additionally, Fordham went further with Request #7 as with others.  In their February 13, 2025 Amended Response (Exhibit 3), Defendant listed Fordham Bates #31,904-32024 from their October 25, 2024 production, as if they were responsive documents.  This was just a subterfuge. The documents were non-responsive, mostly my emails and my own COBRA-related documents produced again. Defendant used the same batch (Bates #31904-32024) as purported response to: Request #4, Financials, while no financial information was included and Request #10e,  Tenure status-IRS submissions, also not responsive to that request.

Asserting Privilege without Logs or Specificity
Fordham used the same tactics with other document requests. They produced no privilege logs, although they claimed attorney-client, work product, or other privilege for the Second Document Requests nor indicated whether documents existed or withheld. Examples of those requests included #1 Litigation Hold Notices, zero documents produced;  #2 Search Protocols, zero documents; #7 COBRA as Customary, zero documents  #10b,c,d on Plaintiff's Tenure Status,

---

[1] As the Court stated: "For example, if Fordham's position was actually (as Solomon alleges) a deviation from custom—and its reading of Appendix 4, § A-18 contrary to other Fordham statutes regulating faculty tenure rights— this could raise a plausible inference of retaliation. Order Dkt. 94, p. 6 see also Court Orders Dkt. 85, p. 33; Dkt. 121, pp. 5, 11, 16, 19

zero documents; and #14 Other Protected Class Professors, zero documents; #20, Experts, zero documents.

First Set of Document Requests
Despite the July 2, 2024 Court Order for Fordham "to produce the documents in response to Solomon's First Document Request," Defendant has not supplemented any of the 12 comparator professor sheets produced from 2019-2025 as required.  Nor did they supplement Plaintiff's Personnel File except for two documents on her status in that period.  From the list in my Motion to Compel Discovery, Dkt. 132, p. 102 (See Exhibit 5), they only produced documents in response to Request # 5, Student Evaluations. They did not honor the remaining requests nor indicate whether these documents exist or not. If withheld, they provided no privilege logs.

No Privilege Log Listing Redacted Documents
Defendant has not provided any privilege log listing their redactions, either in 2019 regarding their original production, nor in March 2024, nor after the specific Court Order of June 2024.

Conclusion
The meet and confer confirmed Fordham's failure to produce and their violations of discovery rules and this Court's Orders.

Respectfully submitted,


/s/ Esther Solomon
Esther Solomon
Plaintiff pro se

_____

### Exhibits

1. February 10, 2025 email to Defendant with their response

2.  Defendant's Privilege Log, August 2, 2024

3. Table on Examples from the Second Set of Document Requests with no or minimally responsive documents

4. *Defendant's Amended Response to Plaintiff's Second Set of Document Requests,* February 13, 2025

5.  List of Defendant Non-Production from *Plaintiff's First Set of Document Requests;* Motion to Compel Discovery, Dkt. 132, p. 102

# EXHIBIT 1

 Gmail

<div align="right">Etaki Etaki &lt;etaki33@gmail.com&gt;</div>

---

## Hearing Follow-up #2
4 messages

---

**Etaki Etaki** &lt;etaki33@gmail.com&gt;                                        Mon, Feb 10, 2025 at 9:19 PM
To: "Soebke, Ryan" &lt;rsoebke@cullenllp.com&gt;, "McLaughlin, Jennifer" &lt;jmclaughlin@cullenllp.com&gt;


Hi Mr. Soebke and Ms. McLaughlin,

Following the January 28 Court Order that we meet and confer, I asked some questions in my January 31 email to prepare for our meeting. I requested your clarification regarding Fordham's 2024 document productions to get specifics for our meet and confer. Unfortunately, your February 6 email does not adequately address my requests.

My January 31 email question, just below, is consistent with the requirements of the Federal rules:
"Document Requests and Documents Produced: I would appreciate it if you could label the content of the document groups Fordham produced so far and specify the corresponding Document Request each group addresses."

In your February 6, 2025 response, you just listed five items about Fordham's 2024 productions:

---

March 18, 2024- FORDHAM0014577-FORDHAM0015301
• Student Evaluations (Solomon and Alleged Comparator Professors 1-12)

April 24, 2024- FORDHAM0015302-FORDHAM0017201
• Race and Gender Equity Task Force Report
• W2s, Human Resources Files, Provost Files, Gabelli Files, Student Evaluations (Alleged Comparator Professors 13-15)
• Documents related to 2018 student harassment complaint
• Update to Solomon's Personnel File 2019-2024 (Human Resources, Provost, Gabelli Files)

August 2, 2024- FORDHAM0017202-FORDHAM0019528
• Updated Alleged Comparator Professor Personnel Files with Amended Redactions consistent with the Court's July 2, 2024 Order

August 30, 2024- FORDHAM0019529-FORDHAM0031903
• Supplemental Email Production

October 25, 2024- FORDHAM31904-FORDHAM0032024
• W2s, Human Resources Files, Provost Files, Gabelli Files, Student Evaluations (Comparator Professors 16-18)
• Emails and other documents related to "reports" to COBRA and benefits issues

---

The list above, in addition to containing inaccurate statements, does not meet the minimal requirements of specificity and transparency per the Federal rules:
"FRCP 34 b (E) (i) A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request;"

Fordham's 2024 Documents are not organized, labeled with Bates numbers per subgroup, nor do they indicate corresponding Document Requests. This obstructs the fact that your 2024 production is minimally responsive to my February 2024 document requests. Omitted is also the fact that Fordham provided zero response to any of my 2019 and 2024 interrogatories.

Also inconsistent with FRCP 34(b)(2)(C) is the fact that responses do not specify whether documents are withheld or do not exist, although Fordham must explicitly state so. Your list includes none of that information, and if privilege is asserted, you must include them in a privilege log.

To address these, please provide the following information regarding my 2024 and 2019 document requests, as required by the Federal rules, so we can begin discussions of specifics in our upcoming meet and confer ordered by the Court.

For each of the 21 requests in my February 16, 2024, Second Set of Document Requests, please indicate:

| Request Number 1-21 | 1. Whether responsive documents were produced (by Bates numbers) | 2. Whether documents exist but were not produced | 3. Whether privileges, objections are asserted | 4. Specify the Documents withheld | 5. Include in Privilege Log describing the nature of documents, communications... |
|---|---|---|---|---|---|
| #1 | | | | | |
| #2 | | | | | |
| #3 | | | | | |
| #4 | | | | | |

Please also prepare a different table, as above, for each of the 17 requests in my January 7, 2019, First Set of Document Requests.

You also do not indicate whether any documents are withheld or do not exist, and if withheld pursuant to an objection or privilege per Federal Rule of Civil Procedure 34(b)(2)(C), you must provide a privilege log.

### Redacted Documents

As another example, in connection with Fordham's August 2, 2024 production, you indicated that ~2,250 previously produced redacted pages were produced again, with revised redactions "in accordance with the court's order." In the note accompanying that August 2 production, you wrote:

"In addition, we reviewed our prior productions and have made changes to the redactions in accordance with the court's order. We have removed redactions where information was redacted beyond the names/identifying information of comparator professors or peer reviewers."

Please specify the original Bates numbers for the ~ 2,250 pages with *subsequently* corrected redactions, as it is not possible to review them currently. Many of these documents were previously redacted in their entirety or had significant portions obscured, making it impossible to compare them effectively. Therefore, please provide the previous corresponding Bates numbers for documents in your August 2 production: Bates Nos. 17,202—19,456. The list of less redacted documents you sent is just below:

Fordham's August 2, 2024 List of Less Redacted Document Groups

| | |
|---|---|
| FORDHAM0017202.pdf | FORDHAM0018195.pdf |
| FORDHAM0017227.pdf | FORDHAM0018368.pdf |
| FORDHAM0017228.pdf | FORDHAM0018427.pdf |
| FORDHAM0017246.pdf | FORDHAM0018526.pdf |
| FORDHAM0017306.pdf | FORDHAM0018619.pdf |
| FORDHAM0017329.pdf | FORDHAM0018670.pdf |
| FORDHAM0017375.pdf | FORDHAM0018688.pdf |
| FORDHAM0017388.pdf | FORDHAM0018757.pdf |
| FORDHAM0017397.pdf | FORDHAM0018763.pdf |
| FORDHAM0017420.pdf | FORDHAM0018831.pdf |
| FORDHAM0017441.pdf | FORDHAM0018976.pdf |
| FORDHAM0017462.pdf | FORDHAM0019070.pdf |
| FORDHAM0017480.pdf | FORDHAM0019212.pdf |
| FORDHAM0017666.pdf | FORDHAM0019325.pdf |

FORDHAM0017822.pdf                          FORDHAM0019400.pdf
FORDHAM0017911.pdf                          FORDHAM0019456.pdf
FORDHAM0018146.pdf

Discovery Deficiencies Notices

As a reminder, I have attached two of my earlier submissions, which point out discovery deficiencies. They include my April 15, 2024, Reply Memorandum in support of my motion to Compel (Dkt# 146) and my June 6, 2024, Request to file a Surreply (Dkt# 154), which are attached again below.

I look forward to receiving your Tables with the requested information for my 2024 and 2019 Document Requests so we can schedule our meet and confer and I can prepare for it.

Sincerely,

Esther

Esther Solomon
Plaintiff *pro se*

.

———————————————————————————

**2 attachments**

📄 **Doc 146 Plaitiff's Reply in Support of Motion to Compel 2024.04.15 .pdf**
738K

📄 **Doc 154 Plaintiff's Surreply Request 2024-06-06.pdf**
699K

---

**Soebke, Ryan** <rsoebke@cullenllp.com>                          Thu, Feb 13, 2025 at 4:51 PM
To: Etaki Etaki <etaki33@gmail.com>
Cc: "McLaughlin, Jennifer" <jmclaughlin@cullenllp.com>

Dr. Solomon,

We write in your response to your February 10 email. The Federal Rules of Civil Procedure do not require a party to complete a chart similar to the one you provided regarding its discovery responses. Nevertheless, please see attached amended responses to your discovery demands. We have updated the responses to include Bates stamp citations to all of Fordham's productions to date. Please note, that the citations may not be completely exhaustive of documents responsive to a request. In addition, to the extent a response does not contain citation to a specific document, Fordham has not been able to locate documents responsive to that request and/or has objected to that request for the reasons stated therein.

In addition, we have provided a chart which lists the documents produced in our August 2 production and the original documents that they correspond to.

We trust that you now have all the information you need to review Fordham's document productions in this matter. Please let us know your availability for a meet and confer call next Tuesday or Wednesday.

Best,

**Ryan Soebke**
Partner
**Cullen and Dykman LLP**
333 Earle Ovington Boulevard, 2nd Floor
Uniondale, New York 11553
T: 516.357.3784 | F: 516.357.3792
E: rsoebke@cullenllp.com

ATTORNEY-CLIENT PRIVILEGED COMMUNICATION - DO NOT FORWARD OR COPY - CONFIDENTIALITY NOTICE: The contents of this e-mail message and any attachments are intended solely for the personal and confidential use of the recipient(s) named above. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments.

**From:** Etaki Etaki <etaki33@gmail.com>
**Sent:** Monday, February 10, 2025 9:19 PM
**To:** Soebke, Ryan <rsoebke@cullenllp.com>; McLaughlin, Jennifer <jmclaughlin@cullenllp.com>
**Subject:** [EXTERNAL]Hearing Follow-up #2

CAUTION: This email originated from outside your organization. Exercise caution when opening attachments or clicking links, especially from unknown senders.

[Quoted text hidden]

---

**3 attachments**

📄 **Fordham University Updated Redaction Chart.pdf**
77K

📄 **Fordham's Amended Response to Solomon's First Set of Document Requests.pdf**
223K

📄 **Fordham's Amended Response to Solomon's Second Set of Document Requests.dox.pdf**
246K

---

**Etaki Etaki** <etaki33@gmail.com>                                        Fri, Feb 14, 2025 at 9:43 AM
To: "Soebke, Ryan" <rsoebke@cullenllp.com>
Cc: "McLaughlin, Jennifer" <jmclaughlin@cullenllp.com>

Hi Mr Soebke and Ms McLaughlin,

Regarding scheduling our meet and confer, I am available next Thursday and Friday..
Tuesday or Wednesday next week are not possible.  Please let me know.

Sincerely,

Esther

.

[Quoted text hidden]

---

**Soebke, Ryan** <rsoebke@cullenllp.com>                                    Mon, Feb 17, 2025 at 11:23 AM
To: Etaki Etaki <etaki33@gmail.com>
Cc: "McLaughlin, Jennifer" <jmclaughlin@cullenllp.com>

Dr. Solomon,

I will be out of the office on Thursday and Friday. Please let me know your availability for a meet and confer call next Monday, February 24.

[Quoted text hidden]

# EXHIBIT 2

| EmailSubject | EmailSentDate | EmailFromAddress | EmailToAddress | EmailCcAddress |
|---|---|---|---|---|
| Re: Recommendations regarding Fall 2014 teaching evaluations | 1/10/2015 | Thomas DeIulio <deiulio@fordham.edu> | Donna Rapaccioli <Donna Rapaccioli <rapaccioli@fordham.edu>> | sfreedman@fordham.edu <sfreedman@fordham.edu>; lipplello@fordham.edu <lipplello@fordham.edu> |
| Gabelli Joint Council | 1/25/2016 | Beth Margolis <bmargolis@gmmy.com> | Anne Fernald <fernald@fordham.edu> | |
| question about faculty governance | 1/25/2016 | Anne Fernald <fernald@fordham.edu> | Beth Margolis <bmargolis@gmmy.com> | |
| Re: Summary responses from Gabelli faculty | 2/5/2016 | Joseph McShane <jmcshane@fordham.edu> | Stephen Freedman <Stephen Freedman <sfreedman@fordham.edu> | Elaine Crosson <Elaine Crosson <ecrosson@fordham.edu>>; Dorothy Marinucci <Dorothy Marinucci |
| Re: memo received from Donne on Friday...attorney client privilege. | 2/21/2016 | ecrosson@fordham.edu <ecrosson@fordham.edu> | Stephen Freedman <Stephen Freedman <sfreedman@fordham.edu> | McShane, S.J. Joseph |
| Senate update | 2/27/2016 | Anne Fernald <fernald@fordham.edu> | Joseph McShane <Joseph McShane <jmcshane@fordham.edu>; Elaine Crosson <Elaine Crosson | |
| Re: Joint Council Meeting, March 2, 2016, 10am, LC-12th Floor Lounge | 2/28/2016 | Joseph McShane <jmcshane@fordham.edu> | Stephen Freedman <Stephen Freedman <sfreedman@fordham.edu> | Elaine Crosson <Elaine Crosson <ecrosson@fordham.edu>> |
| Re: ATTORNEY CLIENT COMMUNICATION | 3/1/2016 | Joseph McShane <jmcshane@fordham.edu> | ecrosson@fordham.edu <ecrosson@fordham.edu> | Stephen Freedman <Stephen Freedman <sfreedman@fordham.edu>> |
| Response to Esther's letter | 3/1/2016 | Joseph McShane <jmcshane@fordham.edu> | Elaine Crosson <Elaine Crosson <ecrosson@fordham.edu> | Dorothy Marinucci <Dorothy Marinucci <marinucci@fordham.edu>>; Stephen Freedman <Stephen Freedman |

| | | | |
|---|---|---|---|
| Re: Gabelli School of Business | ecrosson@fordham.edu 3/1/2016 <ecrosson@fordham.edu> | <ecrosson@fordham.edu>; Stephen Freedman <Stephen Freedman <sfreedman@fordham.edu>; Jonathan Crystal | <sfreedman@fordham.edu>> |
| Re: Proposed Area Split and More | Joseph McShane 7/22/2016 <jmcshane@fordham.edu> | Stephen Freedman <Stephen Freedman <sfreedman@fordham.edu>> | Dorothy Marinucci (Staff) < Dorothy Marinucci (Staff) <marinucci@fordham.edu>>; Martha Hirst <Martha Hirst |
| Fwd: EEOC Complaint | Anastasia Coleman 12/19/2017 <acoleman01.1@fordham.edu> | Elaine Crosson <Elaine Crosson <ecrosson@fordham.edu> | Thomas Dunne (Staff) |
| Re: ATTORNEY CLIENT COMMUNICATION. PRIVILEGED. | Jonathan Crystal 12/16/2018 <crystal@fordham.edu> | Joseph McShane <Joseph McShane <jmcshane@fordham.edu> | Dorothy Marinucci (Staff); DONNA RAPACCIOLI <DONNA RAPACCIOLI <rapaccioli@fordham.edu>>; ecrosson |
| Re: Spring 2019 Unpaid Issues | Jonathan Crystal 12/16/2018 <crystal@fordham.edu> | <Jonathan Crystal <crystal@fordham.edu>> | <ecrosson <ecrosson@fordham.edu>> |
| Solomon | "ecrosson@fordham.edu" 5/24/2019 <ecrosson@fordham.edu> | Donna Rapaccioli <rapaccioli@fordham.edu> | Dunne <tdunne@fordham.edu>>; Elaine Crosson <Elaine Crosson <ecrosson@fordham.edu>> |
| Fwd: May 3, 2019 Dr. Solomon Response | Donna Rapaccioli 5/24/2019 <rapaccioli@fordham.edu> | Beth Fagin <bfagin@fordham.edu> | |
| Re: May 3, 2019 Dr. Solomon Response-- ATTORNEY/CLIENT PRIVILEGED | Ray Turner 6/19/2019 <sturner27@fordham.edu> | Elaine Crosson <ecrosson@fordham.edu>, Martha Hirst <mhirst1@fordham.edu>, Donna Rapaccioli <rapaccioli@fordham.edu>, "Thomas A. Dunne" <tdunne@fordham.edu> | |

Re:Solomon health insurance--ATTORNEY/CLIENT
PRIVILEGED--TIME SENSITIVE

Elaine Crosson
6/25/2019 <ecrosson@fordham.edu>

Kay Turner
<kturner27@fordham.edu>

Martha Hirst <mhirst1@fordham.edu>, Donna
Rapaccioli <rapaccioli@fordham.edu>,
"Thomas A. Dunne" <tdunne@fordham.edu>

Re: Response to Esther Solomon - Attorney Client
Confidential Communication

12/23/2019 Beth Fagin <bfagin@fordham.edu>

Joseph McShane S.J. <jmcshane@fordham.edu>;
Dennis Jacobs <dcjacobs@fordham.edu>;
JONATHAN Crystal [Staff-Faculty]
<crystal@fordham.edu>; DONNA
Margaret Ball <mball@fordham.edu>   RAPACCIOLI/FACULTY/FIRE <rapaccioli@fordham.edu>

Fwd: Spring 2020 Semester

Jonathan Crystal
1/2/2020 <crystal@fordham.edu>

Beth Fagin <bfagin@fordham.edu>

Fwd: Spring 2020 Semester

Donna Rapaccioli
1/2/2020 <rapaccioli@fordham.edu>

Beth Fagin <bfagin@fordham.edu>;
MARGARET Ball [Staff]
<mball@fordham.edu>

CONFIDENTIAL: attorney-client privilege

Dennis Jacobs
1/2/2020 <dcjacobs@fordham.edu>

Beth Fagin <bfagin@fordham.edu>;
MARGARET Ball [Staff]
<mball@fordham.edu>

Jonathan Crystal <crystal@fordham.edu>, Donna
Rapaccioli <rapaccioli@fordham.edu>

Re: Attorney-Client Privileged Communication/Response
to Dr. Solomon

Jonathan Crystal
1/8/2020 <crystal@fordham.edu>

Beth Fagin <bfagin@fordham.edu>   Margaret Ball <mball@fordham.edu>

Re: Attorney-Client Privileged Communication/Re: Fall,
2020

Benjamin Crooker
4/14/2020 <crooker@fordham.edu>

Beth Fagin <bfagin@fordham.edu>

Dennis Jacobs <dcjacobs@fordham.edu>, Margie Ball
<mball@fordham.edu>, Donna
Rapaccioli <rapaccioli@fordham.edu>

Fwd: Leave request

Donna Rapaccioli
4/14/2020 <rapaccioli@fordham.edu>

Beth Fagin <bfagin@fordham.edu>

Re: CONFIDENTIAL: attorney-client privilege

12/1/2021 Beth Fagin <bfagin@fordham.edu>

Dennis Jacobs
<dcjacobs@fordham.edu>

Margie Ball <mball@fordham.edu>, Jonathan Crystal
<crystal@fordham.edu>, Bee Crooker
<crooker@fordham.edu>, Donna Rapaccioli
<rapaccioli@fordham.edu>

# EXHIBIT 3

## Table 1

Examples from Plaintiff's Second Set of Document Requests to which
No Responsive or Minimally Responsive Documents were Produced

**Request Number:       Privilege Asserted:**

**1**—Litigation Hold- attorney client privilege, work product       No responsive documents

**2**—Search Protocols- attorney client privilege, work product       No responsive documents

**3. Salary Equity**

**3(a)** All Docs & Data provided to task force on salary Equity       No responsive documents
**3(b)** All Docs & Data -Equivalent data from 2008-present with
disaggregation for gender, age, religion       No responsive documents
 **3(c)** All Docs & Data from any investigations, policies
recommendations, or change in practice resulting from task force
findings, including "compression" in salaries.       Minimally responsive


**4**—**Financial**
**4(1)** All docs incl electronic records, broken down by…gender,
religion, age, Dept. tenure status, rank       No responsive documents
**4(2)** Statistical analysis of wage disparities       No responsive documents
**4(3)** Methodologies for setting salaries and increases       No responsive documents
**4(4)** Communications regarding wage setting policies       No responsive documents
**4(5)** Job classifications and evaluation       No responsive documents
**4(6)** Documentation of efforts to correct wage disparities-studies,
reports, action plans, outcomes Previous policies       Minimally responsive

**5**—**Protected class Professors** Pattern and Practice -11 Profs       No responsive documents

**10**—**Plaintiff's Tenure Status**
**10(a)** Unrelated to allegations of complaint       Minimally responsive
**10(b)** attorney client privilege, work product       No responsive documents
**10(c)** attorney client privilege, work product 31904-32024       No responsive documents
**10(d)** attorney client privilege Fordham appellee brief 2d c       No responsive documents
**10(e)** IRS -outside time period       Minimally responsive
**10(f)** Fordham Statute ¶4-03-01       Minimally responsive

**7**—COBRA as Customary       No responsive documents

**14**—Claims, complaints, charges Settlements for Protected
Class Professors **attorney client privilege**, work product       No responsive documents

# EXHIBIT 4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------X

ESTHER SOLOMON,

                           Plaintiff,

    - against -

FORDHAM UNIVERSITY,

                           Defendant.

-----------------------------------------------------------------------X

Case No.:
1:18-cv-04615-ER

**DEFENDANT'S
AMENDED RESPONSE
TO PLAINTIFF'S
SECOND SET OF
DOCUMENT REQUESTS**

Defendant Fordham University ("Fordham" or "Defendant") by and through its attorneys Cullen and Dykman LLP, pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby serve the following amended responses and objections to Plaintiff Esther Solomon's ("Plaintiff") First Set of Document Requests ("Plaintiff's Demands") dated February 16, 2024.

## OBJECTIONS

1.     The following responses are based on information currently available to Defendant. The responses will be supplemented as necessary on a rolling basis until completion. These responses are given without prejudice to Defendant's right to produce or rely on subsequently discovered information.

2.     Defendant objects to the definition of "Comparator Professors" on the grounds that the employees listed in Plaintiff's Demands: are not of comparable seniority, attended substantially different educational institutions, teach different courses, have different employment experience, provide wholly different levels of service to Defendant, have different supervisory responsibilities, and have published varying degrees of scholarly works in peer and non-peer reviewed publications. As such, the referenced employees are not "comparable" to Plaintiff.

1

3.    Unless otherwise indicated, Defendant is producing information dated on or after January 1, 2008 to the extent same is reasonably available.

4.    As discussed with Plaintiff's counsel, Defendant conditions the production of documents that contain confidential or proprietary information or trade secrets on the execution of the Stipulation and Proposed Protective Order governing the disclosure of any such information.

5.    The production of any documents or information by Defendant is made without waiver and with preservation of any privilege or protection afforded to documents containing confidential, privileged or proprietary information or trade secrets.

6.    Defendant objects to the document requests that seek information concerning the "Comparator Professors" as defined in the Plaintiff's Demands to the extent that they require Defendant to produce information which violates the privacy interests of those employees. Notwithstanding the objection, the foregoing items regarding personal financial information, personal identifying information such as addresses, social security numbers, Fordham employee identification numbers, personal family issues, health conditions, and other private information will be redacted accordingly.

7.    Defendant objects to Plaintiff's Demands to the extent they seek the production of emails and other electronically stored information that are not proportional to the needs of the case given the issues in the action, the amount in controversy, the importance of the discovery in resolving the issues and whether the burden or the expense of the proposed discovery outweighs the likely benefit.

8.    Defendant objects to Plaintiff's Demands to the extent they seek the production of documents protected from disclosure under the attorney-client privilege and/or work product doctrine.

2

9.      Defendant objects to Plaintiff's Demands to the extent they seek the production of

documents and information that are neither relevant nor reasonably calculated to lead to the

discovery of admissible evidence.

10.     Defendant objects to Plaintiff's Demands to the extent they are overbroad, unduly

burdensome and oppressive.

11.     Defendant objects to Plaintiff's Demands to the extent that terms or phrases

contained therein are vague, ambiguous or undefined.

12.     Defendant objects to Plaintiff's Demands to the extent they are not properly limited

in time/or scope and refer to a time period outside of or unrelated to the allegations contained in

the pleadings.

## RESPONSE TO SPECIFIC DEMANDS

1. **Litigation Hold Notices**
   **Provide all documents relating to data preservation, including copies of the
   Litigation-Hold Notices that Fordham sent. Indicate to whom they were sent, and the
   responses notice recipients returned to the university.**

### RESPONSE TO REQUEST NO. 1

Defendant objects to this request to as it seeks documents and information protected from

disclosure under the attorney-client privilege and/or work product doctrine.

2. **Search Protocols**
   **Provide search protocols used to search the Fordham employees' Fordham.edu and
   personal email accounts regarding this litigation and provide responsive documents. These
   include Vice Provost Crystal, Dean Rapaccioli, President Father McShane, Provost
   Freedman Dr. Hollwitz, Dr. Sen, Dr. Wharton, Dr. Pirson, Dr. Chatterjee, Human
   Resources, Ms. Crosson, Ms. Coleman, Ms. Fagin, other faculty, administrators, and Board
   of Trustee members, and Business School faculty regarding the issues in this litigation.**

### RESPONSE TO REQUEST NO. 2

Defendant objects to this request to as it seeks documents and information protected from

disclosure under the attorney-client privilege and/or work product doctrine. Defendant further

3

objects to this request as it seeks information outside the scope permitted by Rule 34 of the Federal

Rules of Civil Procedure.

3. **Salary and Equity**
   **All documents and data: a) provided to the Salary and Benefits Task Force on Indicators of Gender Salary Equity Among Faculty in connection with the 2008 Report of the Salary and Benefits Task Force on Indicators of Gender Salary Equity Among Faculty**
   **b) provide equivalent data for faculty from 2008 to present, along with disaggregation by age, gender, religion**
   **c) from any investigations, policies, recommendations, or change in practices resulting from those Task Force findings, including the "Compression" scheme to raise certain salaries.**

## RESPONSE TO REQUEST NO. 3(a)

Defendant objects to this request insofar as Plaintiff's request assumes that the requested

documents are official documents created by Defendant University. Defendant further refers

Plaintiff to the report from the Faculty Task Force previously produced in this action (Bates

number FORDHAM0000177 through FORDHAM0000185. Subject to and without waiver of the

Objections and the specific objection herein, see documents Bates stamped FORDHAM0015302

through FORDHAM0015318. Defendant reserves the right to supplement or otherwise modify

Defendant's response as necessary up to and through the time of trial.

## RESPONSE TO REQUEST NO.3(b)

Defendant objects to this request to the extent it is overbroad, unduly burdensome and

oppressive as Plaintiff requests data for all "faculty from 2008 to present." Defendant further

objects to this request to the extent Plaintiff asks Defendant to create or generate documents that

are not already in Defendant's custody or control.

## RESPONSE TO REQUEST NO.3(c)

Defendant objects to this request as the term "Task Force findings" is not properly defined.

Subject to and without waiver of the Objections and the specific objection herein, Defendant will

4

produce reasonably available, relevant, non-privileged, responsive documents to the extent that

any exist, that are in the possession, custody or control of Defendant which can be obtained by a

reasonable search to the extent not already provided. Defendant reserves the right to supplement

or otherwise modify Defendant's response as necessary up to and through the time of trial.

4.    **Financial**
      **All Documents Related to Faculty Salaries: Provide all documents, including
      electronic records, that reflect salary information for faculty members from 2000,
      broken down by gender, religion, age, department, tenure status, and rank. This
      includes base salaries, bonuses, overtime pay, and other forms of compensation,
      including those for special programs, administrative assignments, etc.**
      **Statistical Analyses of Wage Disparities: Provide any statistical analyses conducted
      by or for Fordham that relate to wage disparities among faculty members, including
      but not limited to analyses by gender, religion, and age.**
      **Methodologies for Setting Salaries and Increases: Provide all documents describing
      the methodologies, criteria, or policies used for determining initial faculty salaries,
      salary increases, merit pay, bonuses, and other forms of compensation.**
      **Communications Regarding Wage-Setting Policies: Provide any communications,
      including emails and memos, regarding the policies or criteria for setting salaries,
      bonuses, or raises for faculty members. This includes discussions on adjustments,
      salary reviews, or changes to salary structures.**
      **Job Classifications and Evaluations: Provide documents that outline job
      classifications, responsibilities, performance evaluation criteria, and the process for
      evaluating faculty members.**
      **Documentation of Efforts to Correct Wage Disparities: Provide all documents
      showing efforts by Fordham to correct or address wage disparities among faculty
      members. This includes studies, reports, action plans, and outcomes of such efforts.**

**<u>RESPONSE TO REQUEST NO. 4</u>**

        Defendant objects to this request to the extent it is overbroad, unduly burdensome and

oppressive as it seeks "all documents . . . that reflect salary information for faculty members."

Defendant further objects to this request as it is not properly limited in time/or scope as it seeks

documents "from 2000." Defendant further objects to this request to the extent Plaintiff asks

Defendant to create or generate documents that are not already in Defendant's custody or control.

Defendant further refers Plaintiff to the policies previously produced in this action for information

regarding how faculty salaries are set. (Bates number FORDHAM0000001   through

FORDHAM0000133). Defendant further refers Plaintiff to the W2 files previously produced in this action which include salary information for Plaintiff and comparator professors (Bates number FORDHAM0000202 through FORDHAM0000324, FORDHAM0013624 through FORDHAM0013656). To the extent that Plaintiff expanded the scope of Alleged "Comparator Professors" in Plaintiff's Second Request for Documents, Defendant objects. Subject to those objections, see documents Bates stamped FORDHAM0013624-FORDHAM14576, FORDHAM0015319 through FORDHAM0017139, FORDHAM0031904 through FORDHAM0033312. Defendant reserves the right to supplement or otherwise modify Defendant's response as necessary up to and through the time of trial.

5.    **Protected Class Professor Pattern and Practice**
      **Provide communications, documents, and personnel records for professors in protected classes who allegedly suffered discriminatory practices using methods similar to those used against Plaintiff. These include Profs. Wright, Zelany, Hessel, Gorgantzis, Marks, Yoon, Orsini, Dubrow, Welch, Weiss, and Gautschi. This should include their hiring documents, performance evaluations, disciplinary records, complaints of discrimination by the professors, communications related to employment status changes, and any retirement or termination paperwork.**

## RESPONSE TO REQUEST NO. 5

Defendant objects to this request as it is not properly limited in time/or scope as not time period is provided. Defendant further objects to this request as it requests "hiring documents, performance evaluations, disciplinary records, complaints of discrimination, communications related to employment status changes, and any retirement or termination paperwork" of eight professors unrelated to the claims at issue in this lawsuit who "allegedly" suffered "discriminatory practices." Defendant further objects to this request as the term "discriminatory practices" is not defined. Defendant further objects to this request as it assumes facts not in evidence.

6

6.    **Faculty Senate 2016**
       **All documents and communications between and amongst a) members of the
       Administration, including but not limited to President Father McShane, Provost
       Freedman Dean Rapaccioli, VP Crystal/ b) members of the faculty, including but not
       limited to Profs. Solomon, Klotz, Wharton, Chatterjee, Sen, Saharia, Cole, Hollwitz,
       Wright, c) Fordham attorney Ms. Crosson, and other individuals identified regarding
       the actions and false charges against the two female business school senators, Profs.
       Klotz and Solomon in 2016, including the Faculty Senate Ant i-Retaliation Resolution
       to protect the female senators.**
       **Provide communications and documents between Mr. Ed Stroz, member of Fordham
       Board of Trustees, Fordham President Father McShane, Provost Freedman, other
       administrators and Board of Trustee members, and Business School faculty
       regarding the planning, agenda, and postponement of the March 2, 2016 Joint
       Council of the Gabelli School of Business. Include communications after that March
       2 Meeting regarding the postponement and resolutions exchanged.**

## RESPONSE TO REQUEST NO. 6

Defendant objects to this request to the extent it seeks documents outside Defendant's

custody or control, including but not limited to, the personal communications of non-parties.

Defendant objects to this request on the grounds that it seeks documents that are equally available

to Plaintiff including, but not limited to, the documents attached as Exhibits 11, 12, 14 and 20 to

the Third Amended Complaint. Defendant further objects to this request to the extent it seeks

documents and information neither relevant nor reasonably calculated to lead to the discovery of

admissible evidence.  Subject to those objections, see documents Bates stamped

FORDHAM0027432 through FORDHAM0028188.  Defendant reserves the right to supplement

or otherwise modify Defendant's response as necessary up to and through the time of trial.

7.    **COBRA as Customary**
       **In her June 19, 2019 email to Dr. Solomon, with copies to Dean Boron, Provost
       Crystal, Dean Crooker, Ms. Elaine Crosson, Esq., James Ryan, Esq, and the Fordham
       President, Dean Rapaccioli, stated:**
              **"It is customary that faculty on unpaid leave continue on the University health
              insurance plan through participation in COBRA..." (Dkt. 95-2, Exhibit 31, pp.
              69-70)**
       **Produce records of all Business school tenured faculty on unpaid or other leave
       removed from Fordham Health Care and sent to COBRA for health care coverage
       since 2000. Produce corresponding correspondence with Discovery Benefits, the IRS,**

7

and other entities regarding the "customary" use of COBRA for tenured professors
on leave. Produce Fordham policies and procedures on the use of COBRA for tenured
Fordham Business School professors on leave.

## RESPONSE TO REQUEST NO. 7

Defendant objects to this request as it is not properly limited in time/or scope and it seeks

privileged and confidential employment and health care records of "all" business school tenured

faculty members in the form of correspondence reflecting "unpaid or other leave removed from

Fordham Health Care and sent to COBRA . . . since 2000." Subject to those objections, see

documents Bates stamped FORDHAM0031904 through FORDHAM0032024. Defendant

reserves the right to supplement or otherwise modify Defendant's response as necessary up to and

through the time of trial.

8.   **Investigations**
     **Provide documents and communications within Fordham concerning any
     investigation(s) of the Complaint of Prof. Solomon and the factual allegations or
     claims at issue in this lawsuit. All documents and communications between and
     amongst members of the Administration, including but not limited to President
     Father McShane, Provost Freedman, Dean Rapaccioli, VP Crystal, Dr. Hollwitz,
     Gabelli Business School faculty members, Fordham undergraduate administrators
     and faculty, and others so identified in:**
     **a. Appointment as Management Area Chair for 2013-16 and improper removal in
     violation of the Fordham Statutes to replace with Dr. Hollwitz and refusal to honor
     her contract for compensation**
     **b. internal reviews or investigations into the Plaintiff's allegations of discrimination,
     including Dr. Solomon's email to VP Crystal, Provost Freedman, and Dean
     Rapaccioli in October 2017**
     **c. the Code of Conduct charges brought against Dr. Solomon by Dean Rapaccioli and
     abetted by Provost Crystal with Drs. Hollwitz and Pirson**
     **d. the investigations into the Senate incidents in 2016 and the false charges by Drs.
     Wharton and Chatterjee**
     **e. the student's allegations of sexual harassment by other students against Dr.
     Solomon and another black female professor in 2018.**
     **f. Communications and documents involving Prof. Thomas Wright's email to Provost
     Freedman**
     **g. Investigations by the EEOC Title IX Department and Ms. Coleman following Dr.
     Solomon's Complaint in December 2017 and after Ms. Coleman was directly
     informed about the false Code of Conduct charges of December 2017**
     **h. Any other investigations carried out concerning the claims in this litigation**

8

**RESPONSE TO REQUEST NO. 8**

Defendant objects to this request as it assumes certain "investigations," that Plaintiff was subject to an "improper removal," certain "Code of Conduct charges" and certain "false charges." Subject to and without waiver of the Objections and the specific objection herein, see documents Bates stamped FORDHAM0017140 through FORDHAM0017181, FORDHAM0029430 through FORDHAM0029458. Defendant reserves the right to supplement or otherwise modify Defendant's response as necessary up to and through the time of trial.

9.    **Requests for Investigation and Due Process**
      **Indicate all actions taken to investigate the complaints of discrimination and ongoing retaliation Plaintiff raised to senior administrators, with the Fordham President and Board of Trustees. They include requests for Formal Hearings and due process required by the University Statutes. For each request below, indicate what processes and rules were followed and what actions and corrective measures were taken to respond adequately.**

      **Provide all documents, communications, and emails from Fordham President Fr. McShane, VP Crystal, and others in denying Dr. Solomon any hearings in her multiple requests for due process, including removing her healthcare and all her tenured faculty benefits upon report of termination. See her letters to the University President below.**

**RESPONSE TO REQUEST NO. 9**

Defendant objects to this request as it assumes certain "investigations," that Plaintiff was subject to an "removal of healthcare benefits" and "tenure." Defendant further objects to this request as it seeks information outside the scope permitted by Rule 34 of the Federal Rules of Civil Procedure. Defendant objects to this request on the grounds that it seeks documents that are equally available to Plaintiff including, but not limited to, the documents attached as Exhibits 22 and 32 to the Third Amended Complaint. Subject to and without waiver of the Objections and the specific objection herein, see documents Bates stamped FORDHAM0029430 through FORDHAM0029458, FORDHAM0031630 through FORDHAM31644. Defendant reserves the

9

right to supplement or otherwise modify Defendant's response as necessary up to and through the

time of trial.

10.    **Plaintiff's Tenure Status**
**Provide all documents and communications identifying any and all changes in Plaintiff's employment status as a tenured professor at Fordham. For each item below, please indicate all reports, the sources, outputs generated, entries into Plaintiff's personnel and other relevant records, relevant policies or procedures, investigations or reviews, and indicate consequences on Prof. Solomon's current status.**
**All documents relating to or reflecting the involvement of any individuals in authorizing, preparing, or submitting official reports to federal authorities concerning the Plaintiff's employment status.**
**All annual reports submitted to federal authorities that pertain to the Plaintiff's status, including but not limited to the "Employer provided health insurance offer and coverage Form 1095-C Report," along with a detailed explanation of the meaning of each filing and the type of coverage offered to the Plaintiff.**
**Examples include:**
**a) Fordham's Agent - Discovery Benefits,;**
**b) Defendant's Reply Memo in Further Support of Its Motion to Dismiss the Third Amended Complaint (Dkt. 116);**
**c) Declaration of James Ryan, Esq. (Dkt. 117);**
**d) Fordham Appellee Brief to the Second Circuit Court of Appeals (Dkt. 72);**
**e) Fordham submission to the IRS 2023 to generate IRS Form 1095-C for Prof. Solomon;**
**f) Fordham statutes §4-03.01 – Responsibilities.**

## RESPONSE TO REQUEST NO. 10(a)

Defendant objects to this request to the extent the request is vague and ambiguous.

Defendant further objects to this request to the extent the term "Fordham's Agent – Discovery

Benefits" is not defined. Defendant further objects to this request to the extent it is not limited in

time/or scope and refers to a time period outside of or unrelated to the allegations contained in the

Third Amended Complaint.

## RESPONSE TO REQUEST NO. 10(b)

Defendant objects to this request to as it seeks documents and information protected from

disclosure under the attorney-client privilege and/or work product doctrine. Defendant further

10

objects to this request to the extent it seeks production of documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

## RESPONSE TO REQUEST NO. 10(c)

Defendant objects to this request to as it seeks documents and information protected from disclosure under the attorney-client privilege and/or work product doctrine. Defendant further objects to this request to the extent it seeks production of documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

## RESPONSE TO REQUEST NO. 10(d)

Defendant objects to this request to as it seeks documents and information protected from disclosure under the attorney-client privilege and/or work product doctrine. Defendant further objects to this request to the extent it seeks production of documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

## RESPONSE TO REQUEST NO. 10(e)

Defendant objects to this request to the extent the request is vague and ambiguous. Defendant further objects to this request to the extent it is not limited in time/or scope and refers to a time period outside of or unrelated to the allegations contained in the Third Amended Complaint. Subject to and without waiver of the Objections and the specific objection herein, see documents Bates stamped FORDHAM0031904 through FORDHAM0032024. Defendant reserves the right to supplement or otherwise modify Defendant's response as necessary up to and through the time of trial.

## RESPONSE TO REQUEST NO. 10(f)

Defendant objects to this request to the extent the request is vague and ambiguous. Defendant further objects to this request to the extent it is not limited in time/or scope and refers

11

to a time period outside of or unrelated to the allegations contained in the Third Amended

Complaint. Defendant refers Plaintiff to the language contained in Fordham statutes §4-03.01 for

its content and meaning.

**11.    Provide all documents and communications concerning Fordham's defenses.**

**RESPONSE TO REQUEST NO. 11**

Subject to and without waiver of the Objections, Defendant will produce reasonably

available, relevant, non-privileged, non-work product, responsive documents to the extent that any

exist, that are in the possession, custody or control of Defendant which can be obtained by a

reasonable search to the extent not already provided.

**12.    Provide all Comparators' federal and state income tax returns for the tax years 2013
through and including the present, including all supporting documentation and
schedules. Include all documents sufficient to show any income or other compensation
received by or owed to all comparators, including but not limited to paychecks,
paystubs, invoices, settlement payments, statements of work, Form W-2s, Form
1099s, social security benefits, social security disability benefits, unemployment
insurance benefits, workers' compensation benefits, and long-term or short-term
disability benefits from 2013 through and including the present.**

**RESPONSE TO REQUEST NO. 12**

Defendant objects to this request as Defendant objects to Plaintiff's definition of the term

"Comparators." Defendant further objects to this request to the extent it seeks documents to the

extent Plaintiff seeks documents outside Defendant's custody or control. Defendant further objects

to this request to the extent it seeks the production of documents and information that are neither

relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant

further refers Plaintiff to the W2 files previously produced in this action which include salary

information for Plaintiff and comparator professors and refers Plaintiff to Defendant's response to

Request No. 4 above.

12

13.    **Provide all documents and communications concerning any alleged injuries, including physical, mental, and emotional injuries, all comparators allegedly sustained as a result of Defendant's allegedly discriminatory conduct, from 2013 through and including the present, including but not limited to all medical records and psychotherapy notes.**

## RESPONSE TO REQUEST NO. 13

Defendant objects to this request to the extent it seeks documents to the extent Plaintiff seeks documents outside Defendant's custody or control. Further, to the extent this request seeks documents pertaining to Plaintiff, Defendant objects to this request on the grounds that it seeks documents that are equally available to Plaintiff.

14.    **Provide all claims, complaints, charges, affidavits, settlement agreements, or other documents settling any other claims signed between Fordham and departing Professors, including but not limited to Professors Thomas Wright, Milan Zeleny, Joyce Orsini, Nikko Georgantzas, Rachael Welch, David Gautschi.**

## RESPONSE TO REQUEST NO. 14

Defendant objects to this request to as it seeks documents and information protected from disclosure under the attorney-client privilege and/or work product doctrine. Defendant further objects to this request to the extent it is not limited in time/or scope and refers to a time period outside of or unrelated to the allegations contained in the Third Amended Complaint. Defendant further objects to this request to the extent it seeks production of documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

15.    **Provide all audio and visual recordings in Fordham's possession concerning Plaintiff's employment with Defendant.**

## RESPONSE TO REQUEST NO. 15

Defendant objects to this request to the extent it is not limited in time/or scope and refers to a time period outside of or unrelated to the allegations contained in the Third Amended

13

Complaint. Subject to and without waiver of the Objections and the specific objection herein,

Defendant is not in possession of any documents responsive to this request.

**16.    Provide all copies of all instant messaging or text messaging logs or transcripts by Dean Rapaccioli, VP Crystal, Drs Hollwitz, Wharton, Sen, Pirson, Saharia, Chatterjee associated with any of their cellular or telephonic devices concerning Plaintiff's litigation and any of her claims in her Third Amended Complaint and the Fordham defenses.**

**RESPONSE TO REQUEST NO. 16**

Defendant objects to this request to the extent it seeks documents outside Defendant's

custody or control, including but not limited to, the personal instant messages or text messages

contained on the cellular or telephonic devices of non-parties. Subject to and without waiver of the

Objections and the specific objection herein, see documents Bates stamped FORDHAM0019529

through FORDHAM0031903. Defendant reserves the right to supplement or otherwise modify

Defendant's response as necessary up to and through the time of trial.


**17.    Provide all emails, produced in their native format, contained in any of the comparators' email accounts, and those of Dean Rapaccioli and P Crystal, including but not limited to their private email accounts and their @fordham.edu account(s), concerning any of Fordham's defenses or Plaintiff's claims in her Third Amended Complaint.**

**RESPONSE TO REQUEST NO. 17**

Defendant objects to this request as Defendant objects to Plaintiff's definition of the term

"Comparators." Defendant further objects to this request to the extent it is overbroad, unduly

burdensome and oppressive as it seeks "all emails." Defendant objects to this request to the extent

it seeks documents outside Defendant's custody or control, including but not limited to, the

personal email addresses of non-parties. Defendant further objects to this request to the extent the

term "P Crystal" is not sufficiently defined. Defendant further objects to the request to the extent

it seeks documents and communications already produced by Defendant. Subject to and without

14

waiver of the Objections, see documents Bates stamped FORDHAM0019529 through FORDHAM0031903. Defendant reserves the right to supplement or otherwise modify Defendant's response as necessary up to and through the time of trial.

**18.    Provide all documents not already produced in response to the above requests that relate to, bear upon or provide evidence concerning the matters and defenses to the Third Amended Complaint.**

<u>**RESPONSE TO REQUEST NO. 18**</u>

Subject to and without waiver of the Objections, Defendant will produce reasonably available, relevant, non-privileged, non-work product, responsive documents to the extent that any exist, that are in the possession, custody or control of Defendant which can be obtained by a reasonable search to the extent not already provided. Defendant reserves the right to supplement or otherwise modify Defendant's response as necessary up to and through the time of trial.

**19.    Provide all documents the Defendant intends to introduce into evidence during the depositions or the trial of this action.**

<u>**RESPONSE TO REQUEST NO. 19**</u>

Subject to and without waiver of the Objections, Defendant will produce reasonably available, relevant, non-privileged, non-work product, responsive documents to the extent that any exist, that are in the possession, custody or control of Defendant which can be obtained by a reasonable search to the extent not already provided. Defendant reserves the right to supplement or otherwise modify Defendant's response as necessary up to and through the time of trial.

15

**20.     Provide all documents and communications concerning each expert Defendant intends to call as a witness at trial, including but not limited to all documents and communications sent to or received from each expert, resumes, curriculum vitae, and reports.**

## RESPONSE TO REQUEST NO. 20

Defendant objects to this request to as it seeks documents and information protected from disclosure under the attorney-client privilege and/or work product doctrine. Defendant further objects to this request as premature. Defendant, however, reserves the right to supplement or otherwise modify Defendant's response as necessary up to and through the time of trial.

**21.     Provide all documents that contain or otherwise relate to facts that Defendant contends refute, in any way, any of Plaintiff's claims.**

## RESPONSE TO REQUEST NO. 21

Subject to and without waiver of the Objections, Defendant will produce reasonably available, relevant, non-privileged, non-work product, responsive documents to the extent that any exist, that are in the possession, custody or control of Defendant which can be obtained by a reasonable search to the extent not already provided. Defendant reserves the right to supplement or otherwise modify Defendant's response as necessary up to and through the time of trial.

Dated: Uniondale, New York
February 13, 2025

CULLEN AND DYKMAN LLP

By:  /s/ Ryan Soebke
     Ryan Soebke
     Jennifer A. McLaughlin
     *Attorneys for Fordham University*
     333 Earle Ovington Boulevard
     Uniondale, New York 11553
     516-357-3700

16

# EXHIBIT 5

Exhibit 13

## Examples Where No Responsive Document were Produced
## Responsive tp Plaintiff's January 7, 2019, First Set of Document Requests

Beyond the unauthorized redactions, Defendant has simply not produced a single document
responsive to multiple of Plaintiff's First Set of Document requests

| | |
|---|---|
| Document Request #3 | All documents regarding Plaintiff and Comparator Professors' job responsibilities, course assignments, course cancellations, course releases, administrative appointments, consulting assignments, research funding and professional activities for the relevant time period. **[Partial Production]** |
| | |
| Document Request # 5 | All documents regarding student evaluations of Plaintiff and Comparator Professors for courses taught at both the undergraduate and graduate level. |
| | *[No Documents]* |
| Document Request # 6 | All documents demonstrating the enrollment in any courses taught by Plaintiff and Comparator Professors in the relevant time period including enrollment for sections of these courses taught by other professors. |
| | *[No Documents]* |
| Document Request #7 | All documents demonstrating Core Principles of Management undergraduate business course assignments over the relevant time period. |
| | *[No Documents]* |
| Document Request # 9 | All minutes, transcripts or recordings of faculty Senate, Joint Council and Departmental Meetings discussing or relating to Plaintiff over the relevant time period. |
| | *[No Documents]* |
| Document Request # 11 | All documents concerning formal or informal claims or complaints made by Plaintiff against Defendant regarding discrimination and/or retaliation, including any documents reflecting Defendant's investigations of the same. |
| | *[No Documents]* |
| Document Request #12 | All documents concerning formal claims or complaints made in the relevant time period against Defendant by a current or former employee of Defendant (other than Plaintiff) regarding discrimination and/or retaliation and Defendant's investigations of the same. |
| | *[No Documents]* |
| Document Request # 16 | To the extent not otherwise produced, all documents regarding Plaintiffs claims and/or Defendant's defenses raised in the pleadings of this action. |
| | *[No Documents]* |
| Document Request #17 | All documents Defendant plans to rely on at trial. |
| | *[No Documents]* |