Esther Solomon
140 West 62nd Street
New York, New York 10023
212 636-6187

March 7, 2025

Hon. Edgardo Ramos
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 619
New York, NY 10007

> *Solomon v. Fordham University,* 18-cv-04615
> *In Re Solomon, Second Circuit Court of Appeals,* 24-3056

Dear Judge Ramos,

I am respectfully submitting this letter per the Court's March 3, 2025 Order to respond to Defendant's February 28, 2025 discovery status letter. This submission supplements my prior February 28, 2025 letter Dkt 175, filed on that date and, as occurs in *pro se* filings, entered later, on March 3. This letter also references my previous submissions outlining the Defendant's discovery deficiencies, which remain uncorrected.[1]

Defendant's February 28, 2025 letter is replete with untrue representations of their supposed compliance, while the opposite is true. The lack of discovery hampers me, as many document requests remain without responsive production. Fordham has not satisfied a single interrogatory. Defendant also impedes uncovering evidence on the pattern against other professors of protected classes, who are discriminated against by the same group with similar methods. Instead, despite all my writings as of 2019, they claim I do not notify them regarding what is missing. Yet, Defendant refuses to indicate the universe of documents, specify for each document request whether responsive documents exist or not, and whether any documents are withheld. Defendant fails to provide appropriate privilege logs despite court orders.

**Interrogatories**

While I provided answers to Defendant's March 25, 2019 Interrogatories, on August 2, 2019 as agreed, Defendant produced no content answers on August 1, 2019 to my March 25, 2019 Interrogatories prepared and served by the Cravath firm (Exhibit 1). In their response, Fordham asserted the interrogatories violated SDNY Local rule 33.3 (a), which is applicable "at the commencement of discovery." On February 16, 2024, six years into the case, I served again my 2019 Interrogatories, (Exhibit 2 ). Fordham produced no response to them.

Local SDNY Rule 33.3(b) states that certain interrogatories may only be served: "(1) if they are a more practical method of obtaining the information sought than a request for production or a

---

[1] Dkt. 132 Plaintiff's Motion to Compel, Dkt 146 Reply Motion to compel, Dkt 154 Surreply Request, Dkt 161 Reply Reconsideration, Dkt 168 on Pre-Motion conference, Dkt 176 on discovery status.

deposition." Plaintiff believes that answering the interrogatories (as Plaintiff did) would be practical and facilitate discovery, eliminating witness time at deposition and attorney time spent in witness preparation and at deposition among other benefits. Defendant did not object to any of the seven questions in the First Set of Interrogatories under Rule 33.3(b), which should be enforced.

On March 18, 2024, Defendant again produced no content answers to my Second Interrogatory (subsections a-f), which addresses my detenuring and termination without cause and due process, and Fordham's contradictory reports to different Federal authorities -which they refuse to answer. They claim these interrogatories violated Local rule 33.3 (b) (see Exhibit 3). According to Defendant's position, SDNY Local Rules 33 prohibits interrogatory responses.

**Defendant's Methods to Conceal the Lack of Responsive Production**
To conceal their lack of production of responsive documents, to both the First and Second Document requests, Defendant came up with a smokescreen. On August 2, 2024 Defendant created about 2,500 duplicates of their 2019 documents, produced them again, with fewer redactions, and gave them new Bates numbers.  See February 13, 2025 Fordham Table listing original 2019 Bates numbers corresponding to their duplicative ---"Fordham University Updated Redaction Production 8/2/24" (Exhibit 4). Although they label them "updated," this is misleading because they are not a supplemental production, but conceal the violation of FRCP 26(e). Defendant also uses that duplicative production as an excuse to substitute for their non-production of the privilege log listing the redactions that the Court ordered on July 2, 2024.

To further conceal their deficiencies, the Defendant created on February 13, 2025, "Amended Responses" to both the First and Second Document Requests, padding the different requests with groups of documents that are often non-responsive to the requests they are attached to.  As previously indicated, Defendant added batches of unlabeled groups of documents often unrelated to their assigned requests, and repeated in several requests.

**Depositions and Asymmetric Discovery**
Defendant insists that they are entitled to take my deposition, contrary to the rules and protocols and despite their failure to abide by their minimal discovery obligations. However, they overlook that their effort is inconsistent with the rule that paper discovery should precede depositions, as expressed in 7a in the Court's January 16, 2024 Civil Discovery plan and Scheduling Order. Dkt 130, and per the previous protocols in this case, Defendant's depositions should go first, as outlined in my January 28, 2025 letter to the Court, Dkt 168.

The asymmetric discovery here due to Fordham's extreme violations of Fed. R. Civ. P. 26(b) on proportionality, is expressed in their recent actions.  On October 25, 2024, three days before Defendant's unilateral decision to notice my deposition, they produced hundreds of documents. That includes introducing many pages on the three unknown to me new "comparators", they called Professors #16, #17, #18. Fordham provided selective redacted documents on them, including <u>five</u> W-2 forms for these <u>three</u> Professors who are unknown to me, and intended to use to disadvantage me in my upcoming deposition. This is an example of what is described in *Lipian v. Univ. of Mich*. 2020 U.S. Dist. LEXIS 85631: "Such asymmetric discovery would put

Plaintiff at a trial disadvantage, however, for Defendant would have access to a pool of potential witnesses, who were already questioned by the OIE, that Plaintiff would not be able to reach". Such is the case here.

**Conclusion**
Plaintiff respectfully requests that Defendant should be required to fulfill their obligations to produce documents responsive to my Document Requests, Interrogatories, and Privilege logs.

Respectfully submitted,


/s/ Esther Solomon
Esther Solomon
Plaintiff *pro se*

---

## Exhibits

1. Defendant's August 1, 2019 Response to Plaintiff's First set of Interrogatories

2. Plaintiff's February 16, 2024 email that included the unanswered First Set of Interrogatories

3. Defendant's March 18, 2024 Response to Plaintiff's Second Set of Interrogatories

4. February 13, 2025 Corresponding original Bates numbers to the duplicative August 2, 2024 Fordham University "Updated" Redaction Production 8/2/24

# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
ESTHER SOLOMON,

                            Plaintiff,

    - against -

FORDHAM UNIVERSITY,
                         Defendant.
-----------------------------------------------------------------------X

Case No.:
1:18-cv-04615-ER

**DEFENDANT'S
RESPONSE TO
PLAINTIFF'S FIRST SET
OF INTERROGATORIES**

Defendant Fordham University ("Defendant" or "Fordham"), by and through its counsel, Cullen and Dykman, LLP, responds to the First Set of Interrogatories propounded by Plaintiff Esther Solomon ("Plaintiff") as follows:

## OBJECTIONS

1.    Defendant objects to Plaintiff's Definitions, Instructions and Interrogatories because and to the extent that they seek discovery protected from disclosure under the attorney-client privilege and/or work-product doctrine.

2.    Defendant objects to Plaintiff's Definitions, Instructions and Interrogatories to the extent they seek information that is not proportional to the needs of the case given the issues in the action, the amount in controversy, the importance of the discovery in resolving the issues and whether the burden or the expense of the proposed discovery outweighs the likely benefit.

3.    Defendant objects to Plaintiff's Definitions, Instructions and Interrogatories to the extent that they are violative of Rule 33.3 of the Local Rules of the United States District Courts for the Southern and Eastern District (the "Local Rules").

4.    These Objections are continuing and are incorporated by reference in each and every response set forth below.

5.    By providing the information below, Defendant does not in any way waive or

1

intend to waive, but rather intends to preserve and is preserving all objections to competency, relevance, materiality and admissibility of the responses; all objections as to vagueness, ambiguity, or undue burden; all rights to object on any ground to the use of any of said responses, in any subsequent proceedings, including the trial of this or any other actions; and all rights to object on any ground to any request for further responses to these or any other discovery requests.

6.      Defendant's responses are based upon information and documents presently known to Defendant and Defendant reserves the right to present additional information at trial.

## INTERROGATORIES

### INTERROGATORY NO. 1

In regards to each Faculty member who has been promoted to Professor in the Gabelli School of Business since Plaintiff joined Fordham to the Present, provide the following information:

a.  the employee's name, age, gender, and religion;

b.  the date of hire;

c.  the criteria and/or qualifications used in the decision to promote the employee with specific references to the faculty vitae and promotion application materials; and

d.  the individual's salary in the year prior to and after promotion.

**RESPONSE**: Defendant objects to this Interrogatory on the grounds that it is beyond the scope of permissible inquiry set forth in Local Rule 33.3 and Plaintiff's service of this Interrogatory at this point in discovery violates Local Rule 33.3(a). Defendant further objects to this Interrogatory on the grounds that the terms "Professor" and "promoted" are undefined, overbroad and ambiguous in the context of this Interrogatory and are subject to multiple interpretations. Defendant further objects to this Interrogatory on the grounds that Plaintiff does not define when she "joined Fordham" and to the extent it is unlimited in time and is otherwise not limited to a time frame

2

relevant to this litigation. Defendant reserves the right to lodge any and all objections should Plaintiff re-serve this Interrogatory at a later point in discovery.

## INTERROGATORY NO. 2

Describe the compensation schedule in use by the Gabelli School of Business for all possible additional administrative or teaching responsibilities, appointments, assignments or functions beyond a Faculty member or Instructor's required teaching responsibilities that carry additional compensation, including but not limited to chairmanships, directorships, advising or consulting projects, directing Ph.D. programs, Executive MBA courses, MS courses, MBA launch courses, immersion courses, capstone courses, weekend courses, special projects, student trips as courses, or any other responsibilities, appointments, assignments or functions that add to the total compensation beyond base salary, providing:

a. the date when the compensation schedule became effective;

b. a list of all possible additional administrative or teaching responsibilities, appointments, assignments or functions beyond a Faculty member or Instructor's required teaching responsibilities;

c. The compensation level for each type of administrative or teaching additional appointment/assignment; and

d. the process used for assigning these additionally compensated tasks.

**RESPONSE**: Defendant objects to this Interrogatory on the grounds that it is beyond the scope of permissible inquiry set forth in Local Rule 33.3 and Plaintiff's service of this Interrogatory at this point in discovery violates Local Rule 33.3(a). Defendant further objects to this Interrogatory on the grounds that "compensation schedule" is undefined in the context of this Interrogatory and is subject to multiple interpretations. Defendant further objects to this Interrogatory on the grounds that "all possible additional administrative or teaching responsibilities, appointments,

3

assignments" is overbroad and ambiguous. Defendant further objects to this Interrogatory on the

grounds that the phrase "required teaching responsibilities" is undefined and also subject to

multiple interpretations. Defendant further objects to this Interrogatory to the extent it is unlimited

in time and is otherwise not limited to a time frame relevant to this litigation. Defendant reserves

the right to lodge any and all objections should Plaintiff re-serve this Interrogatory at a later point

in discovery.

## INTERROGATORY NO. 3

Identify for each Faculty member or Instructor who received any compensation pursuant

to any of the additional responsibilities, appointments, assignments or functions identified in

response to Interrogatory No. 2:

a.  the compensation received for any additional responsibility by each Faculty member or

Instructor in the Management Systems Area during the tenure of Dr. Solomon's

employment; and

b.  the date of each additional assignment for each Faculty Member or Instructor.

**RESPONSE**: *See Response to Interrogatory No. 2.*

## INTERROGATORY NO. 4

For any complaint, formal or informal, made by Plaintiff to Defendant (regarding, for

example, the 2003 promotion and hearing denial, the 2013 Management Systems Area Chair

appointment, the 2016 Senate curriculum issues complaints raised by Plaintiff or Dr. Dorothy

Klotz, the 2017 code of conduct allegations against Plaintiff and the 2017 through 2018 claims of

retaliatory and discriminatory class schedule and cancellations):

a.  state the date when Defendant learned that Plaintiff made a complaint;

b.  state the manner in which Defendant learned of the complaint;

4

c.  describe the steps taken (if any) by Defendant to investigate the complaint, as well as the remedial action taken (if any);

d.  identify the individuals involved in any investigation;

e.  identify the location of any records maintained and the custodians who maintain those records; and

f.  state the results and present status of any investigations performed with respect to the complaint.

**RESPONSE**: Defendant objects to this Interrogatory on the grounds that it is beyond the scope of permissible inquiry set forth in Local Rule 33.3 and Plaintiff's service of this Interrogatory at this point in discovery violates Local Rule 33.3(a). Defendant further objects to this Interrogatory as it lacks specificity concerning the query of "any complaint" in violation of the Federal Rules. Defendant further objects to this Interrogatory as the "examples" set forth in the Interrogatory are not defined and are vague. Defendant further objects to this Interrogatory to the extent it is unlimited in scope, time and is otherwise not limited to a time frame relevant to this litigation. Defendant further objects to this Interrogatory as it could call for the production of potentially privileged documents.  Defendant reserves the right to lodge any and all objections should Plaintiff re-serve this Interrogatory at a later point in discovery.

## **INTERROGATORY NO. 5**

Identify and describe in detail any charge, lawsuit or complaint, formal or informal, that has been filed or raised against Defendant during the tenure of Dr. Solomon's employment, by any Faculty member or Instructor for discrimination on the basis of sex, religion, age or hostile work environment.

**RESPONSE**: Defendant objects to this Interrogatory on the grounds that it is beyond the scope of permissible inquiry set forth in Local Rule 33.3 and Plaintiff's service of this Interrogatory at this

point in discovery violates Local Rule 33.3(a). Defendant further objects to this Interrogatory on the grounds that "charge" and "complaint" are undefined in the context of this Interrogatory and are capable of numerous interpretations. Defendant further objects to this Interrogatory as it lacks specificity concerning the time period for "any charge, lawsuit or complaint, formal or informal, that has been filed or raised against Defendant" and is otherwise not limited to a time frame relevant to this litigation. Defendant further objects to this Interrogatory as it is unlimited in scope and not limited, for example, to the Gabelli School of Business. Defendant further objects to this Interrogatory as it could call for the production of potentially privileged documents. Defendant reserves the right to lodge any and all objections should Plaintiff re-serve this Interrogatory at a later point in discovery.

## INTERROGATORY NO. 6

Identify and provide any documents compiled by Defendant provided to the AAUP or AACSB or any other agency or body which contain statistics, charts or reports relative to the age, gender or religion of Faculty members and Instructors during the tenure of Dr. Solomon's employment regarding the Gabelli Business School.

**RESPONSE**: Defendant objects to this Interrogatory on the grounds that it is beyond the scope of permissible inquiry set forth in Local Rule 33.3 and Plaintiff's service of this Interrogatory at this point in discovery violates Local Rule 33.3(a). Defendant further objects to this Interrogatory as the terms "AAUP" and "AACSB" are undefined. Defendant further objects to this Interrogatory on the grounds that "compiled" is undefined, vague and ambiguous in the context of this Interrogatory and "statistics, charts or reports" is overbroad. Defendant further objects to this Interrogatory to the extent it is unlimited in time and is otherwise not limited to a time frame relevant to this litigation. Defendant reserves the right to lodge any and all objections should Plaintiff re-serve this Interrogatory at a later point in discovery.

6

## INTERROGATORY NO. 7

Identify every graduate course in the Management Systems Area that has been canceled during the tenure of Dr. Solomon's employment, the Faculty member or Instructor assigned to teach the course and how the Faculty member or Instructor fulfilled his or her required teaching load.

**RESPONSE**: Defendant objects to this Interrogatory on the grounds that it is beyond the scope of permissible inquiry set forth in Local Rule 33.3 and Plaintiff's service of this Interrogatory at this point in discovery violates Local Rule 33.3(a). Defendant further objects to this Interrogatory to the extent it is unlimited in time and is otherwise not limited to a time frame relevant to this litigation. Defendant further objects to this Interrogatory to the extent it is overbroad and unduly burdensome. Defendant reserves the right to lodge any and all objections should Plaintiff re-serve this Interrogatory at a later point in discovery.

## INTERROGATORY NO. 8

Identify each person who assisted in the preparation of the answers to these Interrogatories and for each, identify which Interrogatory number(s) that person provided assistance in relation to.

**RESPONSE**: Hayley B. Dryer, Esq., assisted with the preparation of each Interrogatory.

Dated: Garden City, New York
August 1, 2019

CULLEN AND DYKMAN LLP

By: _____

Hayley B. Dryer (HD-5682)
Attorneys for Defendant
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
Phone: (516) 357-3745
Fax: (516) 357-3792
Email: hdryer@cullenanddykman.com

7

TO:   Esther Solomon
       *Pro Se Plaintiff*
       140 West 62nd Street
       New York, NY 10023

STATE OF NEW YORK    )
                         ) ss.:
COUNTY OF NASSAU    )

        Elizabeth A. Liotta, being duly sworn, deposes and says:

        That she is over the age of 21 years, resides in Seaford, New York and is not a party to this action.

        That on August 1, 2019, she served the within Defendant's Response to Plaintiff's First Set of Interrogatories by overnight delivery by depositing a true copy thereof in a properly sealed wrapper in a depository maintained by Federal Express located on the premises at Garden City Center, 100 Quentin Roosevelt Boulevard, Garden City, New York 11530, addressed as follows:

                Esther Solomon
                Plaintiff Pro Se
                140 West 62nd Street
                New York, NY 10023

        That being the address designated on the latest papers served in this action.

                                                      Elizabeth A. Liotta

Sworn to before me on
August 1, 2019

Notary Public

ARIEL E. RONNEBURGER
NOTARY PUBLIC-STATE OF NEW YORK
No. 02RO6275409
Qualified In Nassau County
My Commission Expires 01-28-2021

# Exhibit 2

 Gmail                                                                Etaki Etaki <etaki33@gmail.com>

---

## Second Doc Requests & Interrogatories
1 message

---

**Etaki Etaki <etaki33@gmail.com>**                                          Fri, Feb 16, 2024 at 11:22 PM
To: "McLaughlin, Jennifer" <jmclaughlin@cullenllp.com>, "Soebke, Ryan" <rsoebke@cullenllp.com>

Hi Ms McLaughlin and Mr Soebke,

Please find attached below my Second set of document requests, the Second set of Interrogatories, as well as the First
Interrogatories.

Sincerely,

Esther Solomon
Plaintiff pro se

---

**3 attachments**

 **Plaintiff Second Document Request 2024-02-16.pdf**
253K

 **Plaintiff Second Set of Interrogatories 2024-02-16.pdf**
168K

**2019.03.25 - Solomon v. Fordham - Plaintiff's First Set of Interrogatories .pdf**
331K

# Exhibit 3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------X

ESTHER SOLOMON,

                              Plaintiff,

    - against -

FORDHAM UNIVERSITY,

                            Defendant.

-----------------------------------------------------------------------X

Case No.:
1:18-cv-04615-ER

**DEFENDANT'S**
**RESPONSE TO**
**PLAINTIFF'S SECOND**
**SET OF**
**INTERROGATORIES**

Defendant Fordham University ("Defendant" or "Fordham"), by and through its counsel,

Cullen and Dykman, LLP, respond to the Second Set of Interrogatories propounded by Plaintiff

Esther Solomon ("Plaintiff") as follows:

## GENERAL OBJECTIONS

1.      Defendant objects to Plaintiff's Definitions, Instructions and Interrogatories

because and to the extent that they seek discovery protected from disclosure under the attorney-

client privilege and/or work-product doctrine.

2.      Defendant objects to Plaintiff's Definitions, Instructions and Interrogatories

because and to the extent that they seek discovery that is neither relevant nor reasonably calculated

to lead to the discovery of admissible evidence.

3.      Defendant objects to Plaintiff's Definitions, Instructions and Interrogatories

because and to the extent that they are overbroad, unduly burdensome and oppressive.

4.      Defendant objects to Plaintiff's Definitions, Instructions and Interrogatories

because and to the extent that terms or phrases contained therein are vague, ambiguous or

undefined.

5.      Defendant objects to Plaintiff's Definitions, Instructions and Interrogatories

1

because and to the extent that they fail to identify the information or category of information that is sought with reasonable particularity.

6.      Defendant objects to Plaintiff's Definitions, Instructions and Interrogatories because and to the extent that they call for defendant to engage in legal analysis or call for legal conclusions.

7.      Defendant objects to these Interrogatories to the extent they seek information that is not proportional to the needs of the case given the issues in the action, the amount in controversy, the importance of the discovery in resolving the issues and whether the burden or the expense of the proposed discovery outweighs the likely benefit.

8.      Defendant objects to these Interrogatories to the extent that they are violative of Rule 33. 3 of the Local Rules of the United States District Courts for the Southern and Eastern District (the "Local Rules").

9.      These General Objections are continuing and are incorporated by reference in each and every response set forth below.

10.     By providing the information below, Defendant does not in any way waive or intend to waive, but rather intend to preserve and are preserving all objections to competency, relevance, materiality and admissibility of the responses or the subject matter thereof; all objections as to vagueness, ambiguity, or undue burden; all rights to objects on any ground to the use of any of said responses or the subject matter thereof, in any subsequent proceedings, including the trial of this or any other actions; and  all rights to objects on any ground to any request for further responses to these or any other discovery requests involving or relating to the subject matter of these requests.

11.     Defendant's responses are based upon information and documents presently

2

known to Defendant and the Defendant reserves the right to present additional information at trial.

## **INTERROGATORIES**

### **INTERROGATORY NO. 1**

The following reports and official statements pertain to Fordham characterization of tenured Prof. Solomon's status at the University. For each of the items below, identify all individuals who generated the report or statement, their basis, sources, communications processes, documents, policies and procedures they relied on, and status relevant to indicate consequences and Prof. Solomon's current status. These include:

a) Fordham's Agent - Discovery Benefits,;

b) Defendant's Reply Memo in Further Support of Its Motion to Dismiss the Third

Amended Complaint (Dkt. 116);

c) Declaration of James Ryan, Esq. (Dkt. 117);

d) Fordham Appellee Brief to the Second Circuit Court of Appeals (Dkt. 72);

e) Fordham submission to the IRS 2023 to generate IRS Form 1095-C for Prof. Solomon;

f) Fordham statutes §4-03.01 – Responsibilities.

Specifics are below:

a) Fordham Reports Through Discovery Benefits on COBRA-ERISA to US Department

of

Labor and IRS: ((TAC Ex 23 Dkt 95-2, p 2,3,4)

i. Final Termination Report:

3

COBRA CONTINUATION COVERAGE FORM: Fordham University

Qualified Beneficiary (QB): Esther Solomon

Event Date: 2/1/2020 Event Type: Termination

Earlier Termination Report and Post Termination Report As Seasonal Part Time Worker:

i. COBRA CONTINUATION COVERAGE FORM

Qualified1d Beneficiary (QB): Esther Solomon

Event Date: 4/12/2019- Event Type: Termination

ii. COBRA CONTINUATION COVERAGE FORM: Fordham University

Qualified1d Beneficiary (QB): Esther Solomon

Event Date: 8/31/2020 -Event Type: Reduction in Hours - Status

Change

b) Defendant's Reply Memo in Further Support of Its Motion to Dismiss the TAC." (Dkt.

116, 10-11-2021 regarding Termination Notices to COBRA-ERISA:

"Such designation in no way was an indication that Plaintiff's employment with Fordham was terminated entirely. Thus, Fordham did not in any way "falsify" Plaintiff's COBRA documentation as she suggests. Even if Fordham "falsified" such documents – a point which it does not concede - such allegations of falsification does not demonstrate retaliation under Title VII and the ADEA." Dkt. 116 p. 8

c) Declaration by James G. Ryan, executed 10/11/ 2021, Dkt 117, in support of Fordham's Motion to Dismiss TAC:

"Despite her assertions to the contrary, Plaintiff remains a tenured faculty member at

4

Fordham."

d) Fordham Appellee Brief to the Second Circuit Court of Appeals, Case 22-887,

Dkt 72, 01/06/2023:

Plaintiff-Appellant is currently a tenured associate professor at Fordham's Gabelli School of Business. p. 13. Plaintiff-Appellant Was Never Terminated, p. 35 Plaintiff- Appellant claims that she suffered a "secret termination" as Fordham allegedly made "contradictory reports" when it mischaracterized her employment status while she was on unpaid leave as "termination" for COBRA benefit purposes, despite later correcting it to "reduction in hours." P 35, Second, Plaintiff-Appellant continues to be a tenured member of Fordham's faculty Page37 Here, Plaintiff-Appellant clearly never received a notice of termination of her employment from Fordham. Plaintiff-Appellant merely relies on the notifications she received regarding her COBRA healthcare benefits.

e) Fordham submission to the IRS in 2023:

Form 1095-C IRS -Employer -provided Health Insurance Offer and Coverage For Calendar year 2022 Part III- Employees offer of coverage: All 12 months. 1G. You were NOT a full-time employee for any month of the calendar year but were enrolled in self-insured employer-sponsored coverage for one or more months of the calendar year. Covered Individual -Esther Solomon Covered all 12 months.

f) Fordham statutes §4-03.01 – Responsibilities (Dkt. 95-1, p. 101)

1. Appointment as a faculty member is a contract for full-time engagement in faculty responsibilities during the academic year.

5

**RESPONSE TO INTERROGATORY 1(a)**:

Defendant objects to this Interrogatory to the extent the request is vague and ambiguous. Defendant further objects to this Interrogatory to the extent the term "Fordham's Agent – Discovery benefits is not defined. Defendant further objects to this Interrogatory on the grounds that it is beyond the scope of permissible inquiry set forth in Local Rule 33.3 and Plaintiff's service of this Interrogatory at this point in discovery violates Local Rule 33.3(b). Defendant further objects to this Interrogatory as it is duplicative of the information sought in Plaintiff's Second Request for the Production of Documents. Defendant reserves the right to lodge any and all objections should Plaintiff re-serve this Interrogatory at a later point in discovery.

**RESPONSE TO INTERROGATORY 1(b):**

Defendant objects to this Interrogatory on the grounds that it is beyond the scope of permissible inquiry set forth in Local Rule 33.3 and Plaintiff's service of this Interrogatory at this point in discovery violates Local Rule 33.3(b). Defendant further objects to this Interrogatory to the extent it seeks information protected from disclosure under the attorney-client privilege and/or work-product doctrine. Defendant further objects to this Interrogatory as it is duplicative of the information sought in Plaintiff's Second Request for the Production of Documents. Defendant reserves the right to lodge any and all objections should Plaintiff re-serve this Interrogatory at a later point in discovery.

**RESPONSE TO INTERROGATORY 1(c):**

Defendant objects to this Interrogatory on the grounds that it is beyond the scope of permissible inquiry set forth in Local Rule 33.3 and Plaintiff's service of this Interrogatory at this point in discovery violates Local Rule 33.3(b). Defendant further objects to this Interrogatory to the extent it seeks information protected from disclosure under the attorney-client privilege and/or

work-product doctrine. Defendant further objects to this Interrogatory as it is duplicative of the information sought in Plaintiff's Second Request for the Production of Documents. Defendant reserves the right to lodge any and all objections should Plaintiff re-serve this Interrogatory at a later point in discovery.

## RESPONSE TO INTERROGATORY NO. 1(d):

Defendant objects to this Interrogatory on the grounds that it is beyond the scope of permissible inquiry set forth in Local Rule 33.3 and Plaintiff's service of this Interrogatory at this point in discovery violates Local Rule 33.3(b). Defendant further objects to this Interrogatory to the extent it seeks information protected from disclosure under the attorney-client privilege and/or work-product doctrine. Defendant further objects to this Interrogatory as it is duplicative of the information sought in Plaintiff's Second Request for the Production of Documents. Defendant reserves the right to lodge any and all objections should Plaintiff re-serve this Interrogatory at a later point in discovery.

## RESPONSE TO INTERROGATORY 1(e):

Defendant objects to this Interrogatory on the grounds that it is beyond the scope of permissible inquiry set forth in Local Rule 33.3 and Plaintiff's service of this Interrogatory at this point in discovery violates Local Rule 33.3(b). Defendant further objects to this Interrogatory as it is duplicative of the information sought in Plaintiff's Second Request for the Production of Documents. Defendant reserves the right to lodge any and all objections should Plaintiff re-serve this Interrogatory at a later point in discovery.

## RESPONSE TO INTERROGATORY 1(f):

Defendant objects to this Interrogatory on the grounds that it is beyond the scope of permissible inquiry set forth in Local Rule 33.3 and Plaintiff's service of this Interrogatory at this

point in discovery violates Local Rule 33.3(b). Defendant further objects to this Interrogatory as it is duplicative of the information sought in Plaintiff's Second Request for the Production of Documents. Defendant reserves the right to lodge any and all objections should Plaintiff re-serve this Interrogatory at a later point in discovery.

Dated: Uniondale, New York
       March 18, 2024

                                        CULLEN AND DYKMAN LLP

                                        By: /s/ Ryan Soebke
                                            Ryan Soebke
                                            Jennifer A. McLaughlin
                                            *Attorneys for Defendant Fordham University*
                                            333 Earle Ovington Blvd., 2nd Floor
                                            Uniondale, New York 11553
                                            Phone: (516) 357-3700
                                            Email: rsoebke@cullenllp.com

# Exhibit 4

**FOR MEET AND CONFER PURPOSES ONLY**

## FORDHAM UNIVERSITY UPDATED REDACTION PRODUCTION (8/2/24)

**Updated Bates Number**

**Original Bates Number**

| Updated Bates Number | Original Bates Number |
| --- | --- |
| FORDHAM0017202- FORDHAM0017226 | FORDHAM0013539- FORDHAM0013555 |
| FORDHAM0017227 | FORDHAM0013556 |
| FORDHAM0017228- FORDHAM0017245 | FORDHAM0013582- FORDHAM0013599 |
| FORDHAM0017246- FORDHAM0017305 | FORDHAM0013600- FORDHAM0013623 |
| FORDHAM0017306- FORDHAM0017328 | FORDHAM0013516- FORDHAM0013538 |
| FORDHAM0017329- FORDHAM0017374 | FORDHAM0013436- FORDHAM0013451 |
| FORDHAM0017375- FORDHAM0017387 | FORDHAM0013452- FORDHAM0013458 |
| FORDHAM0017388- FORDHAM0017396 | FORDHAM0013473- FORDHAM0013481 |
| FORDHAM0017397- FORDHAM0017419 | FORDHAM0012569- FORDHAM0012591 |
| FORDHAM0017420- FORDHAM0017440 | FORDHAM0012592- FORDHAM0012612 |
| FORDHAM0017441- FORDHAM0017461 | FORDHAM0012613- FORDHAM0012633 |
| FORDHAM0017462- FORDHAM0017479 | FORDHAM0012634- FORDHAM0012651 |
| FORDHAM0017480- FORDHAM0017665 | FORDHAM0016223- FORDHAM0016408 |
| FORDHAM0017666- FORDHAM0017821 | FORDHAM0011234- FORDHAM0011388 |
| FORDHAM0017822- FORDHAM0017910 | FORDHAM0011389- FORDHAM0011477 |
| FORDHAM0017911- FORDHAM0018145 | FORDHAM0017911- FORDHAM0012160 |
| FORDHAM0018146- FORDHAM0018194 | FORDHAM0008540- FORDHAM0008588 |
| FORDHAM0018195- FORDHAM0018367 | FORDHAM00325- FORDHAM00497 |
| FORDHAM0018368- FORDHAM0018426 | FORDHAM0008589- FORDHAM0008647 |
| FORDHAM0018427- FORDHAM0018525 | FORDHAM0008648- FORDHAM0008746 |
| FORDHAM0018526- FORDHAM0018618 | FORDHAM0008747- FORDHAM0008839 |
| FORDHAM0018619- FORDHAM0018669 | FORDHAM0008840- FORDHAM0008890 |
| FORDHAM0018670- FORDHAM0018687 | FORDHAM0008891- FORDHAM0008908 |
| FORDHAM0018688- FORDHAM0018756 | FORDHAM0008909- FORDHAM0008977 |
| FORDHAM0018763- FORDHAM0018830 | FORDHAM0008978- FORDHAM0009045 |
| FORDHAM0018831- FORDHAM0018975 | FORDHAM0009046- FORDHAM0009190 |
| FORDHAM0018976- FORDHAM0019069 | FORDHAM0009191- FORDHAM0009284 |
| FORDHAM0019070- FORDHAM0019211 | FORDHAM0009285- FORDHAM0009426 |
| FORDHAM0019212- FORDHAM0019324 | FORDHAM0009427- FORDHAM0009539 |

**FOR MEET AND CONFER PURPOSES ONLY**

| | |
|---|---|
| FORDHAM0019325- FORDHAM0019399 | FORDHAM009540- FORDHAM009614 |
| FORDHAM0019400- FORDHAM0010455 | FORDHAM009615- FORDHAM009670 |
| FORDHAM0019456- FORDHAM0019528 | FORDHAM009671- FORDHAM009743 |