UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ESTHER SOLOMON,

                              Case No.: 18-cv-04615 (ER)

              Plaintiff,

   - against -                        REVISED PROTECTIVE
                                          ORDER

FORDHAM UNIVERSITY,

              Defendant.
------------------------------------------------------------X

WHEREAS, the instant Proposed Revised Protective Order is submitted pursuant to the Court's orders dated July 2, 2024 and March 30, 2026 in which the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the Parties in connection with the pre-trial phase of this action ("Discovery Material"):

1. The producing party (either in the party's own capacity or through the party's undersigned counsel) may designate any Discovery Material, in whole or in part, as "confidential" if the producing party determines, in good faith, that such designation is necessary to protect its interests in information that is sensitive and non-public. Such confidential information may include, but is not limited to:

    a.    financial, benefit and/or payroll information concerning the Parties or their current or former employees;

    b.    personnel files, evaluations and employment history of the Parties or their current or former employees;

    c.    sensitive personal information including medical information and/or information concerning physical, psychological, psychiatric and/or emotional history of the Parties or any of their current or former employees;

    d.    documents reflecting social security numbers, tax returns and/or tax documents of the Parties or any of their current or former employees; and

    e.    such other documents that the parties may in good faith designate.

1

2.  Discovery Material designated by a party as confidential will be stamped "CONFIDENTIAL" by the producing party ("Confidential Information").

3.  The following information shall not be stamped "CONFIDENTIAL" or otherwise be deemed to constitute Confidential Information under this Order:

   a.  information in the public domain;

   b.  information already known by the receiving party through proper means; and

   c.  information that is or becomes available to a party from a source other than the party asserting confidentiality and rightfully in possession of such information on a non-confidential basis.

4.  Confidential Information will be held and used by the person receiving such Confidential Information and/or solely for use in connection with the above-referenced action.

5.  Confidential Information shall not be disclosed to any person, except:

   a.  The Plaintiff and counsel retained for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

   b.  As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy of the document;

   c.  Any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided that such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

   d.  Any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

   e.  Stenographers engaged to transcribe depositions conducted in this action;

   f.  Independent photocopying, graphic production services, or litigation support services employed by the parties or their counsel to assist in this action and computer service personnel performing duties in relation to a computerized litigation system;

   g.  The Court, its support personnel and the mediator (or other person having access to any Confidential Information by virtue of his or her position with the Court); and

h.   Any person on such terms or conditions as the parties may mutually agree, or as the Court may hereafter direct by further order.

6.   Prior to disclosing or displaying Confidential Information to any person set forth in Paragraphs 5(c) or 5(d) above, the disclosing party must:

a.   Inform the person of the confidential nature of the Discovery Material;

b.   Inform the person that this Court has enjoined the use of the Discovery Material by him/her for any purpose other than this litigation and has enjoined the disclosure of the Discovery Material to any other person; and

c.   Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A hereto.

7.   In the event a party challenges another party's designation of confidentiality, the Parties shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court.  Nothing in this Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible.  Each party reserves the right to object to the use or admissibility of the Confidential Information.

8.   The disclosure of Discovery Material without designating it as "confidential" shall not constitute a waiver of the right to designate such Discovery Material as Confidential Information.  If so designated, the Discovery Material shall thenceforth be treated as CONFIDENTIAL subject to all the terms of this Stipulation and Order.

9.   Each person who has access to Discovery Material that has been designated as "confidential" shall take all reasonable precautions to prevent the unauthorized or inadvertent disclosure of such material.

10.   Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

11.   Notwithstanding the designation of Discovery Material as "confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal.

12.   Nothing in this Order shall (a) restrict either party's rights with respect to a party's own

documents or information; (b) restrict either party's rights with regard to Discovery Material that has not been designated as "confidential"; (c) prejudice either party's rights to object to the production or disclosure of documents or other information that it considers not subject to discovery; or (d) prejudice either party's right to seek, either by agreement or by application to the Court, greater protection than that provided herein.

13.  Pursuant to the Court's orders dated July 2, 2024 and March 30, 2026, Fordham University shall be permitted to redact the names and personally identifying biographical information of comparator and/or peer review professors in documents it produces in this matter.

14.  At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

It is SO ORDERED.

Dated:        May 11, 2026
              New York, New York

_____
        Hon. Edgardo Ramos,  U.S District Judge

4

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

ESTHER SOLOMON,

                          Plaintiff,

        -against-

FORDHAM UNIVERSITY,

                      Defendant.

-----------------------------------------------------------------

Case No.: 18-cv-04615 (ER)

NON-DISCLOSURE
AGREEMENT

     I, _____ have been informed by counsel that certain documents or information to be disclosed to me in connection with this action have been designated as confidential.  I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

     I hereby agree that I will not disclose any information contained in such documents to any other person.  I further agree not to use any such information for any purpose other than this litigation.

DATED:

_____